**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO. 17-cv-23033-SCOLA-TORRES**

LILA WILSON, MATTHEW MARTINO,
THOMAS WILSON, TERESA GARELLA,
MARY BLUE, RYAN BROWN, BRIAN
MAYTUM, LEIGH GLASBAND, NICK
PANOPOULOS, CARISSA MACCHIONE,
SYDNEE JOHNSON, JORGE CRUZ, DEBBIE
GRAY, LORNE SPELREM and ISMAEL
ORRANTIA on behalf of themselves and all
others similarly situated,

    Plaintiffs,

v.

VOLKSWAGEN GROUP OF AMERICA, INC.
and Volkswagen AG,

    Defendants.

_____

**VOLKSWAGEN GROUP OF AMERICA, INC.'S MOTION TO DISMISS AMENDED
CLASS ACTION COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

# TABLES OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ...................................................................................................... 1

ARGUMENT ...................................................................................................................... 3

I.   PLAINTIFFS' CLAIMS ARE GOVERNED BY THE LAWS OF THEIR HOME
STATES. ................................................................................................................. 3

II.  THE EXPRESS WARRANTY CLAIMS MUST BE DISMISSED (Count 4)................... 3

    A.   The New Vehicle Limited Warranties Do Not Cover Design Defects ...................3

    B.   Failure to Provide Pre-Suit Notice Bars the Claims of Certain Plaintiffs...............4

    C.   The Express Warranty Claim Under Louisiana Law Fails ...................................5

    D.   Certain Plaintiffs' Breach of Express Warranty Claims are Time-Barred .............5

III. THE BREACH OF CERTAIN IMPLIED WARRANTY CLAIMS MUST BE
DISMISSED (Counts 1, 3, 13, 15, 16, 25, 29) ............................................................ 7

    A.   The Implied Warranties Expired as to Various Plaintiffs .....................................7

    B.   Certain Plaintiffs' Implied Warranty Claims Are Barred By Lack of
Privity........................................................................................................9

    C.   Failure to Provide Pre-Suit Notice Bars the Claims of Certain Plaintiffs...............9

    D.   The Breach of Implied Warranty Claims of Certain Plaintiffs are Barred
by the Statute of Limitations........................................................................10

IV.  Plaintiffs' Magnuson-Moss Warranty Act Claim Must Be Dismissed (Count 1) ........... 10

V.   PLAINTIFFS' COMMON LAW AND STATUTORY CONSUMER FRAUD
CLAIMS SHOULD BE DISMISSED (Counts 2, 5, 6, 7, 9, 11, 12, 14, 17, 18, 19,
20, 21, 22, 24, 26 and 28) .................................................................................... 11

    A.   The Common Law and Statutory Claims Premised Upon Alleged
Misrepresentations Are Deficient Because Plaintiffs Have Not Plead Pre-
Purchase Exposure to the Purportedly Misleading Statements............................12

    B.   All Common Law Fraudulent Concealment and Certain Statutory
Consumer Fraud Claims Fail Because Plaintiffs Have Not Adequately

Pled that VWGoA Knew of the Alleged Defect at the Time of Plaintiffs' Purchase/Lease..................................................................................................13

C.    Plaintiff Gray's Class Claims Under LUTPA Fails Entirely and Amendment is Futile (Count 12) ...........................................................15

D.    Certain Plaintiffs' Claims Are Barred by the Economic Loss Rule (Counts 2) ..............................................................................................16

E.    The California Consumer Protection Claims (UCL & FAL) and Common Law Fraud Claim Fail to State a Claim (Counts 2, 6, 7) ......................17

F.    The Georgia Statutory and Common law Fraud Claim Must Be Dismissed (Counts 2, 11)............................................................................18

G.    Plaintiffs Panopoulos' and Orrantia's Class Claims Under Ohio's and Utah's Consumer Sales Practices Act Must Be Dismissed (Count 21, 26) ...........18

H.    The North Carolina Statutory Consumer Fraud Claim ("UDTPA") Must Be Dismissed (Count 20) ........................................................19

I.    The Florida and Ohio Statutory Consumer Protection Claims are Time-Barred (Counts 9, 21).................................................................20

CONCLUSION.................................................................................... 20

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Achee v. Port Drum Co.*,
  197 F. Supp. 2d 723 (E.D. Tex. 2002) ...................................................................7

*Allen v. Andersen Windows, Inc.*,
  913 F. Supp. 2d 490 (S.D. Ohio Dec. 20, 2012) ..................................................10

*Aprigliano v. Am. Honda Motor Co.*,
  979 F. Supp. 2d 1331 (S.D. Fla. 2013) .................................................................3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................11

*Berenblat v. Apple, Inc.*,
  No. 08-4969JF(PVT), 2010 WL 1460297 (N.D. Cal. Apr. 9, 2010) .....................14

*Berry v. Budget Rent a Car Systems, Inc.*,
  497 F. Supp. 2d 1361 (S.D. Fla. 2007) .................................................................3

*Bladen v. C.B. Fleet Holding Co.*,
  487 F. Supp. 2d 759 (W.D. La. 2007) ..................................................................16

*BMW of N. Am. v. Gore*,
  517 U.S. 559 (1966) ...............................................................................................3

*Brisson v. Ford Motor Co.*,
  602 F. Supp. 2d 1227 (M.D. Fla. 2009), *aff'd in relevant part and revved on
  other grounds*, 349 F. Appx. 433 (11th Cir. 2009) ...............................................7

*Brooks v. Blue Cross & Blue Shield*,
  116 F.3d 1364 (11th Cir. 1997) .............................................................................7

*Bruce Martin Constr. v. CTB, Inc.*,
  735 F.3d 750 (8th Cir. 2013) .................................................................................4

*Budach v. NIBCO, Inc.*,
  No. 2:14-cv-04324-NKL, 2015 WL 6870145 (W.D. Mo. Nov. 6, 2015) ...........4, 13

*Burns v. Winnebago Indus.*,
  2012 WL 171088 (M.D. Fla. 2012) ......................................................................10

*Buske v. Owens Corning Corp.*,
  No. 1:16-CV-709-TWT, 2017 WL 1062371 (N.D. Ga Mar. 20, 2017) .................................18

*Cali v. Chrysler Grp. LLC*,
  2011 WL 383952 (S.D.N.Y. Jan. 18, 2011) .............................................................................4

*Cargill, Inc. v. Degesch Am., Inc.*,
  875 F. Supp. 2d 667 (E.D. La. 2012) .....................................................................................13

*Casey v. Florida Coastal Sch. of Law, Inc.*,
  No. 3:14-CV-01229, 2015 WL 10818746 (M.D. Fla. Sept. 29, 2015)...................................11

*Colgate v. Disthene Group, Inc.*,
  86 Va. Cir. 218 (2013) .............................................................................................................6

*Cox v. Sears Roebuck & Co.*,
  647 A.2d 454 (N.J. 1994)........................................................................................................13

*Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*,
  748 F.3d 249 (5th Cir. 2014) ................................................................................................8, 9

*Curl v. Volkswagen of Am., Inc.*,
  114 Ohio St. 3d 266 (Ohio 2007)............................................................................................9

*Daigle v. Ford Motor Co.*,
  No. 09-3214, 2012 WL 3113854 (D. Minn. July 31, 2012) .....................................................8

*Dewey v. Volkswagen AG*,
  558 F. Supp. 2d 505 (D.N.J. 2008) ........................................................................................12

*Doe v. Boys Clubs of Greater Dallas, Inc.*,
  907 S.W.2d 472 (Tex. 1995)..................................................................................................13

*Durkee v. Ford Motor Co.*,
  No. C 14-0617 PJH, 2014 WL 4352184 (N.D. Cal. Sept. 2, 2014)........................................17

*Ehrlich v. BMW of N. Am., LLC*,
  801 F. Supp. 2d 908 (C.D. Cal. Aug. 11, 2010) .............................................................17, 18

*Ellis v. La.-Pac. Corp.*,
  699 F.3d 778 (4th Cir. 2012) .................................................................................................19

*Estate of Nelson v. Rice*,
  198 Ariz. 563 (Ariz. App. 2000).............................................................................................8

*Feheley v. Lai Games Sales, Inc.*,
  No. 08-23060-CIV, 2009 WL 2474061 (S.D. Fla. Aug. 11, 2009) ..........................................2

iv

*Fisher v. Honda N. Am., Inc.*,
  No. LA CV13-09285 JAK, 2014 WL 2808188 (C.D. Cal. June 12, 2014)............................15

*Flick v. Wyeth LLC*,
  2012 WL 4458181 (W.D. Va., 2012) ........................................................................................6

*Flynn v. CTB, Inc.*,
  No. 1:12CV68 ..........................................................................................................................16

*Fonseca v. Goya Foods, Inc.*,
  No. 16-CV-02559-LHK, 2016 WL 4698942 (N.D. Cal. Sept. 8, 2016)...............................17

*Frugoli v. Fougnies*,
  2003 U.S. Dist. LEXIS 26551 (D. Ariz. July 24, 2003) ..........................................................6

*Gale v Int'l. Bus. Mach. Corp.*,
  781 N.Y.S.2d 45 (2004).........................................................................................................12

*Garcia v. Chrysler Grp. LLC*,
  127 F. Supp. 3d 212 (S.D.N.Y. 2015).......................................................................................4

*Gerstle v. Am. Honda Motor Co.*,
  2017 WL 1477141 (N.D. Cal. Apr. 25, 2017) ..........................................................................5

*Gertz v. Toyota Motor Corp.*,
  2011 WL 3681647 (C.D. Cal. Aug. 22, 2011)...........................................................................4

*Gould v. M & I Marshall v. Isley Bank*,
  860 F. Supp. 2d 985 (D. Ariz. 2012) ......................................................................................13

*Granillo v. FCA US LLC*,
  2016 WL 9405772 (D.N.J. Aug. 29, 2016) ...............................................................................4

*Grasso v. Electrolux Home Prods.*,
  2016 WL 2625746 (S.D. Fla. 2015) ..........................................................................................4

*Green v. Broker Sols., Inc.*,
  2017 U.S. Dist. LEXIS 92911 (E.D. Mo. June 16, 2017)........................................................8

*Hall v. Sea World Entm't, Inc.*,
  2015 WL 9659911 (S.D. Cal. Dec. 23, 2015)...................................................................17, 18

*Helpling v. Rheem Mfg. Co.*,
  No. 1:15-cv-2247-WSD, 2016 WL 1222264 (N.D. Ga. Mar. 23, 2016)................................18

*Henry v. Jones*,
  484 F. App'x 290 (11th Cir. 2012) .........................................................................................11

v

*Heuer v. Nissan N. Am., Inc.*,
  2017 WL 3475063 (S.D. Fla. 2017) .......................................................................6, 20

*In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*,
  2015 WL 3886261 (N.D. Ga. June 24, 2015) ..................................................................20

*In Re Porsche Cars N. Am., Inc. Plastic Coolant Tubes Prods. Liab. Litig.*,
  880 F. Supp. 2d 801 (S.D. Ohio 2012) ...............................................................18, 19

*In re Takata Airbag Prods. Liab. Litig.*,
  193 F. Supp. 3d 1324 (S.D. Fla. June 14, 2016) .............................................................16

*In re Takata Airbag Prods. Liab. Litig.*,
  2016 U.S. Dist. LEXIS 138976 (S.D. Fla. Sep. 29, 2016)............................................8

*Johnson v. Microsoft Corp.*,
  802 N.E.2d 712 (Ohio Ct. App. 2003) ...........................................................................19

*Karhu v. Vital Pharms., Inc.*,
  No. 13-60768-CIV, 2014 WL 815253 (S.D. Fla. Mar. 3, 2014), *aff'd* 621 Fed.
  Appx. 945 (11th Cir. 2015)..............................................................................................3

*Kee v. R–G Crown Bank*,
  656 F.Supp.2d 1348 (D. Utah 2009) ..............................................................................13

*Kelly v. Ga.-Pac. LLC*,
  671 F. Supp. 2d 785 (E.D.N.C. 2009)...............................................................................9

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
  313 U.S. 487 (1941)..........................................................................................................3

*Kline v. Mortg. Elec. Sec. Sys.*,
  No. 3:08cv408, 2010 WL 6298271 (S.D. Ohio Dec. 30, 2010) .............................19

*Kondash v. Kia Motors Am.*,
  No. 1:15-cv-506, 2016 U.S. Dist. LEXIS 185184 (S.D. Ohio June 24, 2016).......................20

*Lambert v. Downtown Garage, Inc.*,
  553 S.E.2d 714 (Va. 2001)..............................................................................................13

*Lane v. Capital Acquisitions & Mgmt. Co.*,
  2006 WL 4590705 (S.D. Fla. Apr. 13, 2006) ........................................................7

*Leija v. Ford Motor Co.*,
  161 So. 3d 1020 (La. App. 2015).....................................................................................10

*Luft v. Perry County Lumber & Supply Co.*,
  2003-Ohio-2305 (Ohio App. 2003) ............................................................................5, 7

*Mack Trucks, Inc. v. Borg-Warner Turbo Sys.*,
   508 F. App'x. 180 (3d Cir. 2012) ...........................................................4

*Malone v. Tamko Roofing Prods.*,
   2013 WL 5561628 (W.D.N.C. Oct. 8, 2013) ...........................................20

*Marrone v. Philip Morris USA, Inc.*,
   850 N.E. 2d 31 (Ohio 2006)...................................................................19

*Matthews v. Am. Honda Mot. Co.*,
   2012 WL 2520675 (S.D. Fla. June 6, 2012) ...........................................13

*McCabe v. Daimler AG*,
   160 F. Supp. 3d 1337 (N.D. Ga. 2015) ...................................................18

*McCabe v. Daimler AG*,
   948 F. Supp. 2d 1347 (N.D. Ga. June 7, 2013)..........................................9

*McCall v. Monro Muffler Brake Inc.*,
   2013 WL 3418089 (E.D. Mo. July 8, 2013) ...........................................12

*McKay v. Novartis Pharms. Corp.*,
   934 F. Supp. 2d 898 (W.D. Tex. 2013)......................................................4

*McKinney v. Bayer Corp.*,
   744 F. Supp. 2d 733 (N.D. Ohio 2010).....................................................9

*McKinney v. Google, Inc.*,
   2011 WL 3862120 (N.D. Cal., 2011) ......................................................17

*MDVIP, Inc. v. Beber*,
   222 So. 3d 555 (Fla. Dist. Ct. App. 2017) ..............................................13

*Medeiros v. Lenovo (United States), Inc.*,
   No. 15-CV-10261-LTS, 2016 WL 500503 (D. Mass Jan. 27, 2016) .....................20

*Mercedes-Benz of N. Am., Inc.*,
   734 S.W.2d 155 (Tex. App. 1987)..............................................................5

*Miles v. Raymond Corp.*,
   612 F. Supp. 2d 913 (N.D. Ohio 2009).......................................................5

*Miller v. Basic Research, LLC*,
   285 F.R.D. 647 (D. Utah 2010) ...............................................................19

*Monticello v. Winnebago Indus.*,
   369 F. Supp. 2d 1350 (N.D. Ga. 2005) ......................................................9

*Morris v. Sears, Roebuck & Co.*,
   765 So.2d 419 (2000) .................................................................................16

*Moss v. Infinity Ins. Co.*,
   197 F. Supp.3d 1191 (N.D. Cal. 2016) ......................................................17

*Myers v. BMW of N. Am., LLC*,
   2016 WL 5897740 (N.D. Cal. Oct. 11, 2016) ......................................17, 18

*Nelson v. Nissan N. Am., Inc.*,
   2014 WL 7331075 .....................................................................................13

*Newcal Indus., Inc. v. Ikon Office Solution*,
   513 F.3d 1038 (9th Cir. 2008) ..................................................................13

*Nolde v. Frankie*,
   192 Ariz. 276 (Ariz. 1998) ..........................................................................6

*Pickard v. City of Tucson*,
   2017 WL 83679 (Ariz App. Jan. 10, 2017) ..................................................7

*Pitre v. Yamaha Motor Co.*,
   51 F. Supp. 3d 644 (E.D. La. 2014) ..........................................................16

*Raines v. Lappin*,
   2013 WL 3283930 (D.N.J. June 25, 2013) ................................................10

*Ramsey v. Keever's Used Cars*,
   374 S.E.2d 135 (N.C. Ct. App. 1988) ........................................................13

*Resnick v. Hyundai Motor Am., Inc.*,
   No. CV1600593BROPJWX, 2016 WL 9455016 (C.D. Cal. Nov. 14, 2016) .........................16

*Resnick v. Hyundai Motor Am., Inc.*,
   No. CV1600593BROPJWX, 2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ........12, 13, 14, 15

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
   34 Cal. 4th 979 (2004) ..............................................................................17

*Rollolazo v. BMW of N. Am. LLC*,
   2017 WL 1536456 (C.D. Cal., 2017) ...........................................................4

*Seibert v. Gen. Motors Corp.*,
   853 S.W.2d 773 (Tex. App. 1993) ...............................................................5

*Sloan v. Gen. Motors LLC*,
   No. 16-CV-07244-EMC, 2017 WL 3283998 (N.D. Cal. Aug. 1, 2017) ..........13, 15

*Speier-Roche v. Volkswagen Grp. of Am., Inc.,*
   No. 14-20107-CIV, 2014 WL 1745050 (S.D. Fla. Apr. 30, 2014)...................................6, 7, 9

*State Farm Mut. Auto Ins. Co. v. Roach,*
   945 So. 2d 1160 (Fla. 2006)........................................................................................3

*Stevenson v. Great Am. Dream, Inc.,*
   No. 1:12-CV-3359-TWT, 2014 WL 3519184 (N.D. Ga., 2014) .............................................8

*Stevenson v. Mazda Motor of Am., Inc.,*
   No. 14-5250 FLW DEA, 2015 WL 3487756 (D.N.J. June 2, 2015) ......................................12

*Stockroom, Inc. v. Dydacomp. Dev. Corp.,*
   941 F. Supp. 2d 537 (D.N.J. 2013) ...............................................................................10

*Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.,*
   992 F. Supp. 2d 962 (C.D. Cal. 2014) ...........................................................................12

*Thornton v. State Farm Mut. Auto Ins. Co.,*
   No. 1:06-cv-00018, 2006 WL 3359448 (N.D. Ohio Nov. 17, 2006).........................................5

*Touro Infirmary v. Sizeler Architects,*
   947 So. 2d 740 (La. App. 2006)....................................................................................5

*Traxler v. PPG Indus.,*
   158 F. Supp. 3d 607 (N.D. Ohio Jan. 27, 2016) ................................................................9

*Trigo v. Dir. Tex. Dep't of Crim. Justice-Corr. Insts. Div. Officials,*
   No. H-05-2012, 2010 WL 3359481 (S.D. Tex. Aug. 24, 2010) ..............................................5

*Troup v. Toyota Motor Corp.,*
   545 F. App'x. 668 (9th Cir. 2013) ................................................................................4

*U.S. Tire-Tech, Inc. v. Boeran, B.V.,*
   110 S.W.3d 194 (Tex. 2003).........................................................................................4

*Volbers-Klarich v. Middletown Mgmt.,*
   929 N.E.2d 434 (Ohio 2010)......................................................................................19

*White v. Volkswagen Grp. of Am., Inc.,*
   No. 2:11-CV-02243, 2013 WL 685298 (W.D. Ark. Feb. 25, 2013).........................................8

*Wilkerson v. Nelson,*
   395 F. Supp. 2d 281 (M.D.N.C. 2005) .........................................................................8, 9

*Williams v. Yamaha Motor Co.,*
   851 F.3d 1015 (9th Cir. 2017) ....................................................................................14

*Williams v. Yamaha Motor Corp., U.S.A.*,
   106 F. Supp. 3d 1101 (C.D. Cal. 2015) ........................................................................11

*Wilson v. Hewlett–Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) .....................................................................................13

*Woods v. Maytag Co.*,
   2010 WL 4314313 (E.D.N.Y. Nov. 2, 2010) .............................................................13

*Yancey v. Remington Arms Co., LLC*,
   No. 1:12CV477, 2013 WL 5462205 (M.D.N.C. Sept. 30, 2013) ...........................19, 20

**Statutes**

A.R.S. § 47-2725 ...............................................................................................................5, 10

N.J. Stat. Ann. § 12A:2-725 ...................................................................................................10

Ohio Rev. Code §1302.98 ................................................................................................5, 10

Ohio Rev. Code § 1345.09(B) .........................................................................................18, 19

Tex. Bus & Com. Code Ann. §2.725 ...............................................................................5, 10

U.C.C. § 2-316 ...........................................................................................................................7

UCC § 2-607 ..............................................................................................................................4

Utah Code Ann. § 13-11-19 ....................................................................................................19

Va. Code Ann. § 8.2-725 ...................................................................................................5, 10

**Other Authorities**

Fed. R. Civ. P. 9(b) ........................................................................................................ *passim*

Rule 8 ...............................................................................................................................6, 7, 11

Rule 9 .........................................................................................................................................11

Rule 12 ........................................................................................................................................3

## PRELIMINARY STATEMENT

Defendant Volkswagen Group of America, Inc. ("VWGoA") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiffs' Amended Class Action Complaint [D.E. 26] pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). For the reasons demonstrated below, many of the causes of action[1] asserted against VWGoA fail to state claims upon which relief can be granted, and, accordingly, should be dismissed.

## STATEMENT OF FACTS

Plaintiffs' Amended Complaint ("AC") asserts claims of fifteen named Plaintiffs—only one of whom allegedly resides in Florida. Plaintiffs claim to own or lease 2010-2015 Volkswagen CC model vehicles, and assert claims individually and on behalf of a putative nationwide class and multiple State Subclasses of owners and lessees who, from 2009 to the present, leased or purchased Volkswagen CC model vehicles. AC ¶5-6. Plaintiffs allege that their vehicles contain a suspension system design defect, preventing adjustment to the front and rear camber, which purportedly results in premature tire wear and "cupping." *Id.*, ¶14, 22.

The timing and extent of wear on a vehicle's tires can be a function of myriad individualized factors and circumstances unique to each vehicle and user. The many differing factors include but are not limited to the manner, style and frequency of driving, overall types of driving such as highway, city, etc., the user's driving habits, the manner and frequency of braking, slowing down and/or stopping the vehicle, the types, surfaces and conditions of the roads upon which the vehicle is driven at any given time, the maintenance and condition of each tire, and the weather and environmental conditions under which the vehicle is driven at any given time. Plaintiffs in this action could have experienced alleged tire wear from any one or combination of these and other potential individualized factors and circumstances. In fact, Plaintiffs do not allege that they experienced tire wear with the same frequency or even experienced identical symptoms. *See e.g., Id.* ¶ 63, 98, 148 (for example, only five vehicles are alleged to have emitted noise). Instead the AC generally asserts that Plaintiffs, who include consumers who purchased their vehicles used after expiration of the warranty period, experienced premature tire wear and simply alleges, across-the-board and in vague and conclusory fashion, that all putative class vehicles

---

[1] VWGoA moves to dismiss all claims except for implied warranty claims counts 8, 10, 23, 27, and the claim on behalf of New York Plaintiff Macchione.

contain the same "design defect" of which VWGoA purportedly had prior knowledge of and actively concealed prior to the sale or lease by each Plaintiff. *Id*., ¶86.  Plaintiffs, who reside and purchased/leased their vehicles in 14 different states, assert claims for violation of the Magnuson-Moss Warranty Act, breach of express warranty and implied warranty of merchantability, common law fraud and statutory consumer fraud under the laws of those 14 states.

The AC, while substantial in size, is conclusory in nature and lacks pleaded facts establishing essential elements of the claims.  As to the claims of common law and statutory fraud, the conclusory allegations of the AC do not meet the heightened specificity pleading requirements of Fed. R. Civ. P. 9(b).  The only affirmative misrepresentations Plaintiffs allege are statements from the owner's manuals and warranty booklets given to purchasers of CC vehicles.  AC ¶¶ 227-237.  However, ***none*** of the 15 Plaintiffs alleges at what point—if ever—he or she was exposed to one or more of these statements prior to purchasing/leasing the vehicle, much less misled by such statements.  As shown below, the utter failure to plead pre-purchase, personal exposure to and reliance upon the purportedly misleading statements from the owner's manuals and warranty booklets is fatal to all fraud claims that are based on affirmative misrepresentations.  With regard to the fraud claims based on omissions, the AC does not sufficiently allege facts establishing any pre-sale knowledge on the part of VWGoA of the purported defect.  Plaintiffs premise their knowledge allegations on various online consumer complaints and information purportedly relayed to VWGoA by dealerships.  *Id.* ¶¶ 196-224.  However, as shown below, these allegations do not satisfy Plaintiffs' burden of pleading facts establishing that VWGoA was aware of a specific, widespread tire defect prior to the time each Plaintiff purchased or leased his/her vehicle.

In addition, many of the Plaintiffs assert a breach of implied warranty of merchantability claim for alleged tire failures that did not occur until after the implied warranty had expired.  Other Plaintiffs fail to meet applicable privity requirements and/or their claims are otherwise time-barred by applicable statutes of limitation.  As shown, *infra*, those claims must be dismissed as well.

Finally, the fact that Plaintiffs plead their claims as representative "class claims" has no bearing on this Motion to Dismiss.  Each individual Plaintiff's claim must stand on its own.  In the absence of valid claims of their own, Plaintiffs cannot represent a class.  *Feheley v. Lai Games Sales, Inc.,* 2009 WL 2474061, at *6 (S.D. Fla. Aug. 11, 2009).

## ARGUMENT

### I.  PLAINTIFFS' CLAIMS ARE GOVERNED BY THE LAWS OF THEIR HOME STATES

Plaintiffs incorrectly assert that "many states – and for some claims all states – share the same legal standards and elements of proof." AC ¶257.  In fact, there are variations in the laws of each of the Plaintiffs' home states, including common law fraud and consumer fraud statutes.  In addition, MMWA claims are derivative of each state's warranty laws, which differ throughout the country.  *Karhu v. Vital Pharms., Inc.*, No. 13-60768-CIV, 2014 WL 815253 at * 7 (S.D. Fla. Mar. 3, 2014), *aff'd* 621 Fed. App'x 945 (11th Cir. 2015).

Courts routinely undertake a choice of law analysis on Rule 12 motions.  *See, Berry v. Budget Rent a Car Sys., Inc*., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007). A federal court with diversity jurisdiction must apply the choice of law principles of the forum state.  *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496-97 (1941).  Florida choice of law rules utilize *lex loci contractus* for contract-based claims (such as breach of implied and express warranty), and the Restatement's "most significant relationship" test in other conflicts circumstances.  *See State Farm Mut. Auto Ins. Co. v. Roach*, 945 So. 2d 1160 (Fla. 2006).  Accordingly, each of the Plaintiffs' claims is governed by the law of the state in which each vehicle was purchased/leased.[2]

### II.  THE EXPRESS WARRANTY CLAIMS MUST BE DISMISSED (COUNT 4)[3]

#### A.  The New Vehicle Limited Warranties Do Not Cover Design Defects

The written New Vehicle Limited Warranties (NVLWs) applicable to Plaintiffs' vehicles cover only repairs to correct "*a manufacturer's defect in material and workmanship*." *See*, *e.g.*, Blake Decl., Ex. A at 3; *see also* Exs. B-F.[4]  Courts throughout the country have recognized that

---

[2] To hold otherwise would violate the Due Process Clause of the U.S. Constitution, which limits a state's ability to apply its laws nationwide.  *See BMW of N. Am. v. Gore,* 517 U.S. 559, 571-72 (1966).

[3] The AC asserts this claim "only on behalf of those Plaintiffs" who returned their vehicles for service at an authorized dealership within the warranty period. AC ¶ 328.  Because Plaintiffs Blue (Missouri), Brown (North Carolina), Spelrem (Arizona), and Glasband (Georgia) do not allege they sought tire repairs or a replacement within the applicable 3 year/36,000 mile warranty period, they do not state a claim for breach of express warranty.

[4] Although the NVLWs are not attached to the Complaint, the Court should consider them in ruling on this motion to dismiss since Plaintiffs premise their express warranty claim on these written warranties and their contents are not in dispute.  *See* AC ¶¶ 284, 334; *Aprigliano v. Am. Honda Motor Co.,* 979 F. Supp. 2d 1331, 1334 n.2 (S.D. Fla. 2013).

such language does not cover purported design defects. *See Troup v. Toyota Motor Corp.*, 545 F. App'x 668, 668 (9th Cir. 2013) ("The Toyota Prius's alleged design defect does not fall within the scope of Toyota's Basic Warranty against 'defects in materials or workmanship,'" as "express warranties covering defects in materials and workmanship exclude defects in design."); *Bruce Martin Constr. v. CTB, Inc.*, 735 F.3d 750, 754 (8th Cir. 2013) ("a design defect cannot also be a defect in material and workmanship"); *Mack Trucks, Inc. v. Borg-Warner Turbo Sys.*, 508 F. App'x 180, 184 (3d Cir. 2012); *Cali v. Chrysler Grp. LLC*, No. 10 Civ. 7606 (JSR), 2011 WL 383952, at *2 (S.D.N.Y. Jan. 18, 2011). Here, Plaintiffs allege a design defect (not a defect in manufacture or workmanship) which is common to all putative class vehicles. AC ¶¶ 18, 287, 304. As such, Plaintiffs' claim is not covered under the express terms of the applicable NVLWs. *Garcia v. Chrysler Grp. LLC,* 127 F. Supp. 3d 212, 227 (S.D.N.Y. 2015); *Gertz v. Toyota Motor Corp.*, No. CV 10-1089 (PSG), 2011 WL 3681647, at *3 (C.D. Cal. Aug. 22, 2011), and the claim for breach of express warranty must be dismissed.[5]

**B.      Failure to Provide Pre-Suit Notice Bars the Claims of Certain Plaintiffs**

Certain Plaintiffs' failure to provide pre-suit notice bars their express warranty claims under Georgia, Missouri and Texas law. *See, e.g.,* UCC § 2-607.[6] Plaintiffs Glasband (Georgia) and Blue (Missouri) do not allege they provided the pre-suit notice to VWGoA, or even to their authorized dealer seller, as required by the applicable statutes. AC ¶ 336. Their express warranty claims must be dismissed.

In addition, Texas law requires that notice of an alleged breach of warranty be given to a remote manufacturer. *See U.S. Tire-Tech, Inc. v. Boeran, B.V.,* 110 S.W.3d 194 (Tex. 2003); *McKay v. Novartis Pharms. Corp.,* 934 F. Supp. 2d 898 (W.D. Tex. 2013) (also noting that generic

---

[5] While this Court in *Grasso v. Electrolux Home Prods.,* No. 15-20774-Civ-Scola, 2015 U.S. Dist. LEXIS 119015 (S.D. Fla. Aug. 25, 2015) declined to determine at the pleading stage that the alleged defect involved a design defect, VWGoA respectfully requests that this Court follow the numerous decisions that have dismissed express warranty claims where, as here, the Complaint explicitly or in essence alleged a defect in design. *See, e.g., Rollolazo v. BMW of N. Am. LLC,* 2017 WL 1536456, *11 (C.D. Cal. Feb. 3, 2017); *Garcia v. Chrysler Grp. LLC,* 127 F. Supp. 3d 212, 227 (S.D.N.Y. 2015). Alternatively, even if the Court declines to dismiss this claim in its entirety, the claim should at least be dismissed "insofar as it is based on a design defect." *See Granillo v. FCA US LLC,* 2016 WL 9405772, at *14 (D.N.J. Aug. 29, 2016).

[6] *Garcia v. Chrysler Corp.*, 127 F. Supp. 3d 212, 225 (S.D.N.Y. 2015) (applying Georgia law); *Budach v. NIBCO, Inc.*, 2015 WL 6870145, at *5 (W.D. Mo. Nov. 6, 2015).

notice to a manufacturer by an intermediary is insufficient; the notice must have alerted manufacturer to a particular buyer who was having problem with its products).  As Texas Plaintiffs Wilson and Cruz fail to allege that they provided pre-suit notice to VWGoA, their warranty claims should be dismissed.

### C.     The Express Warranty Claim Under Louisiana Law Fails

Under Louisiana law, a claim for breach of express warranty is subsumed within the Louisiana Product Liability Act and is not viable as an independent theory of recovery against a manufacturer. *Touro Infirmary v. Sizeler Architects*, 947 So. 2d 740, 744 (La. App. 2006) ("Courts have consistently held the LPLA subsumes all possible causes of action, with the exception of a claim in redhibition.  Hence, the breach of express warranty is encompassed by the LPLA and is no longer viable as an independent theory of recovery against a manufacturer.").  Accordingly, the express warranty claim brought on behalf of Louisiana Plaintiff Debbie Gray must be dismissed.

### D.     Certain Plaintiffs' Breach of Express Warranty Claims are Time-Barred

Ohio, Texas, Arizona, and Virginia impose a four-year statute of limitations on breach of warranty claims, running from the date of delivery, with no discovery rule, except where a warranty explicitly extends to future performance.  *See* Ohio Rev. Code §1302.98; Tex. Bus & Com. Code Ann. §2.725; Va. Code Ann. § 8.2-725; A.R.S. § 47-2725.  In these jurisdictions, a repair and replace warranty, as in this case, is not deemed to be a warranty explicitly extending to future performance.  *Gerstle v. Am. Honda Motor Co.,* 2017 WL 1477141, at *12 (N.D. Cal. Apr. 25, 2017); *Mercedes-Benz of N. Am., Inc.*, 734 S.W.2d 155 (Tex. App. 1987); *Miles v. Raymond Corp.,* 612 F. Supp. 2d 913, 927 (N.D. Ohio 2009).

As the subject vehicles were purchased by Plaintiffs Panopoulos in 2011 (Ohio), Thomas Wilson in 2012 (Texas), Spelrem in February 2013 (Arizona), and Johnson in 2011 (Virginia) (AC ¶¶ 87, 118, 157, 181), their claims, brought more than four years later, are time-barred.

Plaintiffs' allegations of a fraudulent concealment and estoppel toll do not revive the time-barred claims.  Only affirmative and active concealment—not mere omission or nondisclosure—can toll the statute of limitations based on fraudulent concealment or estoppel.[7]  Plaintiffs'

---

[7] *See Thornton v. State Farm Mut. Auto Ins. Co*., No. 1:06-cv-00018, 2006 WL 3359448, at *6 (N.D. Ohio Nov. 17, 2006); *Luft v. Perry County Lumber & Supply Co.,* 2003-Ohio-2305 (Ohio App. 2003) (estoppel); *Trigo v. Dir. Tex. Dep't of Crim. Justice-Corr. Insts. Div. Officials*, No. H-05-2012, 2010 WL 3359481, at *12 (S.D. Tex. Aug. 24, 2010); *Seibert v. Gen. Motors Corp.*, 853

fraudulent concealment and estoppel allegations must also be pled with Rule 9(b) specificity. *Speier-Roche v. Volkswagen Grp. of Am.,* No. 14-20107-Civ, 2014 WL 1745050, at *7 (S.D. Fla. Apr. 30, 2014). The AC's conclusory, boilerplate assertions that Defendant "actively concealed," "downplayed the widespread prevalence of the problem," and "knowingly made misrepresentations about the quality, reliability, characteristics, and performance of the Class Vehicles" (AC ¶¶ 253, 256), without factual detail, fall far short of pleading affirmative and active concealment required for tolling the statute of limitations. *Id.*

Nor can Plaintiffs toll the statutes of limitations by alleging, on information and belief, that dealerships reported Plaintiffs' complaints to "Volkswagen, but Volkswagen actively concealed the Defect by advising the dealership that there was no defect and by prompting the dealership" to inform Plaintiff that there was no defect. *See, e.g.,* AC ¶ 127. First, this speculative allegation fails to plead the necessary facts for tolling with the particularity required by Rule 9(b). *See Heuer v. Nissan N. Am., Inc.,* No. 17-60018-Civ-Scola, 2017 WL 3475063, at *4 (S.D. Fla. Aug. 11, 2017) ("Under rule 9(b), the circumstances of the fraud must be alleged with specificity, i.e. the 'who, what, when, where, and how' of the alleged fraud."). The AC fails to allege the specific content of any such statement by VWGoA, or when and to whom at any dealership any such statement was allegedly made. In addition, the AC fails to allege who at any dealership informed any Plaintiff that there was no such defect based on the alleged unspecified statement by VWGoA. *See id.* (dismissing fraudulent concealment toll because while "Plaintiff Heuer alleges what was said by Nissan's representatives in response to the news segment, [he] does not specifically allege who in particular made the statement, when the statement was made, or where the statement was made.").

Furthermore, these allegations of active concealment are deficient even under Rule 8 pleading standards. The AC fails to allege which Defendant—VWGoA or Volkswagen AG—is alleged to have prompted the numerous dealerships, in different states and at different times, to conceal the alleged defect. Instead, the AC impermissibly lumps the individual Defendants together and asserts its active concealment allegations against "Volkswagen" or "defendants",

---

S.W.2d 773, 778 (Tex. App. 1993); *Nolde v. Frankie*, 192 Ariz. 276, 281 (Ariz. 1998) (estoppel); *Frugoli v. Fougnies,* 2003 U.S. Dist. LEXIS 26551 n. 17 (D. Ariz. July 24, 2003) (fraudulent concealment); *Colgate v. Disthene Group, Inc.,* 86 Va. Cir. 218, 226 (2013) (estoppel); *Flick v. Wyeth LLC*, 2012 WL 4458181, at *3 (W.D. Va. June 6, 2012) (fraudulent concealment).

which it defines as encompassing both Volkswagen AG and VWGoA.  *See* AC ¶ 8.  By lumping the two Defendants together, the AC fails to satisfy even the minimum requirements of Rule 8.  *Lane v. Capital Acquisitions & Mgmt. Co.,* No. 04-60602 Civ,  2006 WL 4590705 (S.D. Fla. Apr. 13, 2006); *see Brooks v. Blue Cross & Blue Shield,* 116 F.3d 1364, 1381 (11th Cir. 1997).

In addition, to invoke estoppel under Ohio law, "a plaintiff must show either an affirmative statement that the statutory period to bring an action was larger than it actually was or promises to make a better settlement" if plaintiff refrained from filing suit.  *Luft v. Perry Cty. Lumber & Supply Co.,* 2003-Ohio-2305 (Ohio App. 2003).  Similarly, under Arizona law, estoppel is applicable only when defendant made specific promises or inducements that were intended to prevent plaintiff from filing an action. *See Pickard v. City of Tucson,* 2017 WL 83679 (Ariz. App. Jan. 10, 2017). No such facts have been alleged here with respect to Plaintiffs Spelrem (Arizona) and Panopoulos (Ohio), and their express warranty claims must be dismissed.

Finally, tolling under fraudulent concealment, as with any fraud claim, presupposes knowledge by the defendant of the alleged defect or wrong.  *See e.g., Achee v. Port Drum Co*., 197 F. Supp. 2d 723, 737 (E.D. Tex. 2002).  Because Plaintiffs have failed to plead the requisite facts showing pre-sale knowledge by VWGoA, they cannot resurrect their time-barred claims.

### III.    THE BREACH OF CERTAIN IMPLIED WARRANTY CLAIMS MUST BE DISMISSED (Counts 1, 3, 13, 15, 16, 25, 29)

#### A.    The Implied Warranties Expired as to Various Plaintiffs

Under U.C.C. § 2-316, which has been adopted by each of the states at issue, the implied warranty of merchantability may be modified or limited.   Here, the NVLWs applicable to Plaintiffs' vehicles expressly and conspicuously limits the duration of any implied warranty, including merchantability, to the 3-year/36,000 mile duration of the NVLW.  *See* Blake Decl., Exs. A-F at 3 (The NVLWs expressly state: "Any implied warranty…is limited in duration to the stated period of this written warranty.").  Because Plaintiffs Blue, Brown, Glasband, and Spelrem do not allege that they sought vehicle repairs or a tire replacement, or even that their tires wore out, within the applicable warranty period, their breach of implied warranty claims should be dismissed.  *See e.g.*, *Speier-Roche,* 2014 WL 1745050, at *3; *Brisson v. Ford Motor Co.*, 602 F. Supp. 2d 1227, 1232-33 (M.D. Fla. 2009), *aff'd in relevant part and rev'd on other grounds*, 349 F. Appx. 433 (11th Cir. 2009).

Moreover, the AC asserts that Plaintiff Brown purchased a used, five year old vehicle with 78,000 miles on it, and Plaintiff Glasband purchased her vehicle with approximately 55,000 miles on it. AC ¶¶ 112, 137.  Because the implied warranties applicable to their vehicles expired long before their respective purchases, their implied warranty claims must fail.  *See e.g., White v. Volkswagen Grp. of Am.*, *Inc*., No. 2:11-CV-02243, 2013 WL 685298, at *5 (W.D. Ark. Feb. 25, 2013); *Daigle v. Ford Motor Co*., No. 09-3214, 2012 WL 3113854, at *7 (D. Minn. July 31, 2012).

Plaintiffs cannot evade the warranty's time and mileage limitations by labeling them "unconscionable." AC ¶ 247.  In Missouri, Georgia and North Carolina, a contract or clause is unconscionable only if it is both procedurally and substantively unconscionable.[8]  In Arizona, unconscionability can be either procedural or substantive.  *Estate of Nelson v. Rice*, 198 Ariz. 563, 567 (Ariz. App. 2000).  Here, Plaintiffs fail to allege facts establishing either procedural or substantive unconscionability.

To determine procedural unconscionability, courts look to the circumstances surrounding the transaction, such as plaintiffs' ability to understand the terms of the contract and the existence of a meaningful choice at the time of contracting.  Plaintiffs do not and cannot allege that they lacked meaningful choices as to brand, year, make, model, and warranties of vehicles available on the market for purchase, or that they were deprived of the opportunity to understand the warranty terms for the vehicles they purchased. *See Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.,* 748 F.3d 249, 264 (5th Cir. 2014) (applying Arizona law and dismissing unconscionability argument because "plaintiffs have failed to present any evidence that they were prevented from contracting with another . . . or could not have abstained from contracting with the Defendants at all"); *In re Takata Airbag Prods. Liab. Litig*., 2016 U.S. Dist. LEXIS 138976, *171 (S.D. Fla. Sep. 29, 2016) (wherever Lexis cite is used Westlaw is unavailable).

Moreover, Plaintiffs Brown, Glasband and Blue purchased used vehicles from third parties, and cannot hypothesize about the circumstances surrounding the negotiation and execution of the original contract or the parties' relative bargaining positions.

---

[8] *Stevenson v. Great Am. Dream, Inc.*, No. 1:12-CV-3359-TWT, 2014 WL 3519184, at *1 (N.D. Ga. July 15, 2014); *Green v. Broker Sols., Inc.,* 2017 U.S. Dist. LEXIS 92911, *10 (E.D. Mo. June 16, 2017); *Wilkerson v. Nelson*, 395 F. Supp. 2d 281, 289 (M.D.N.C. 2005).

A contract is substantively unconscionable only if its terms are so unfair "as to be overly oppressive or unduly harsh to one of the parties." *Crawford Prof'l Drugs, Inc.,* 748 F.3d at 263; *Wilkerson,* 395 F. Supp. 2d at 289. The warranty durations for Plaintiffs' vehicles meet or exceed similar warranties enforced by courts throughout the country, including this Court, and thus are not unconscionable. *See Speier-Roche*, 2014 WL 1745050, at *1 (12 month/12,000 mile); *Alban v. BMW of N. Am.,* 2011 WL 900114, at *2 (D.N.J. Mar. 15, 2011); *Licul v. Volkswagen Grp. of Am.*, 2013 WL 6328734, at *1 (S.D. Fla. Dec. 5, 2013) (2- year/24,000 mile). Finally, the allegations regarding VWGoA's knowledge of the alleged defect are unavailing. *See McCabe v. Daimler AG,* 948 F. Supp. 2d 1347, 1359 (N.D. Ga. June 7, 2013) (holding that unconscionability requires more than a defendant's mere knowledge of a defect at the time of sale).

### B.   Certain Plaintiffs' Implied Warranty Claims Are Barred By Lack of Privity

The implied warranty claims under the laws of Georgia, North Carolina, and Ohio fail for lack of privity. Under the laws of these states, vertical privity is a prerequisite to sustain an implied warranty claim for economic damages.[9] Plaintiffs Glasband (Georgia), Panopoulous (Ohio) and Brown (North Carolina) did not purchase their vehicles from — and therefore were not in privity with —VWGoA. Their implied warranty claims must be dismissed.

Plaintiffs cannot circumvent the lack of privity by alleging that they are "intended beneficiaries of contracts" between VWGoA and its dealers or that VWGoA acts through authorized dealers who "represent themselves to the public as exclusive . . . agents." AC ¶¶ 239, 290. Plaintiffs Glasband and Brown do not allege they purchased their used vehicles from a Volkswagen dealership, AC ¶¶ 111, 136, so their attempt to circumvent privity, while legally invalid, is factually unsupported. In addition, under Ohio law, no such exceptions to the privity rule exist under the facts alleged here. *See Traxler v. PPG Indus.,* 158 F. Supp. 3d 607, 622, 624 (N.D. Ohio Jan. 27, 2016); *McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733, 757-58 (N.D. Ohio 2010).

### C.   Failure to Provide Pre-Suit Notice Bars the Claims of Certain Plaintiffs

As with their claims for breach of express warranty, Plaintiffs Glasband, Blue, Thomas Wilson and Cruz have failed to allege that they provided Defendants with notice of the alleged

---

[9] *Monticello v. Winnebago Indus.*, 369 F. Supp. 2d 1350, 1361 (N.D. Ga. 2005); *Kelly v. Ga.-Pac. LLC*, 671 F. Supp. 2d 785 (E.D.N.C. 2009); *Curl v. Volkswagen of Am.*, *Inc.*, 114 Ohio St. 3d 266, 271 (Ohio 2007).

breach of the implied warranty of merchantability.  For this reason, their implied warranty claims should also be dismissed.

> **D.** **The Breach of Implied Warranty Claims of Certain Plaintiffs are Barred by the Statute of Limitations**

New Jersey, Ohio, Texas, Arizona and Virginia impose a four-year statute of limitations on implied warranty claims, accruing at the time of sale "regardless of the aggrieved party's lack of knowledge of the breach." N.J. Stat. Ann. § 12A:2-725; Ohio Rev. Code Ann. § 1302.98; Tex. Bus. & Com. Code Ann. § 2.725; Va. Code Ann. § 8.2-725; A.R.S. § 47-2725.   Courts have consistently held that an implied warranty, which arises by operation of law, is not subject to delayed accrual under the discovery rule.  *See e.g., Allen v. Andersen Windows, Inc*., 913 F. Supp. 2d 490, 505 (S.D. Ohio Dec. 20, 2012).   As the subject vehicles were purchased by Plaintiffs Martino in 2012 (New Jersey), Panopoulos in 2011 (Ohio), Thomas Wilson in 2012 (Texas), Spelrem in February 2013 (Arizona), and Johnson in 2011 (Virginia) (AC ¶¶ 71, 87, 118, 157, 181) their claims, brought more than four years later, are time-barred. Plaintiffs' tolling allegations do not save these time barred claims. *See supra* § I.D.[10]

Plaintiff Gray's claim for breach of implied warranty/redhibition under Louisiana law must likewise be dismissed. The time limit for filing an action in redhibition against a seller who was not aware of the existence of a defect is "four years from the day [of] delivery" or one year from the buyer's discovery of the defect, "whichever occurs first."  La. C.C. art. 2534; *Leija v. Ford Motor Co.,* 161 So. 3d 1020, 1024 (La. App. 2015).  As Plaintiff Gray purchased her CC in 2012, her claim, filed in November 2017, is time barred.

## IV.    Plaintiffs' Magnuson-Moss Warranty Act Claim Must Be Dismissed (Count 1)

An MMWA claim is dependent upon a sustainable state law claim for breach of warranty. *Burns v. Winnebago Indus.,* 8:11-cv-354, 2012 WL 171088, at *4 (M.D. Fla. Jan. 20, 2012).  Since Plaintiffs have failed to state a breach of express warranty claim under state law, and Plaintiffs Blue, Brown, Glasband, Spelrem, Panopoulos, Thomas Wilson, Cruz, Martino, Johnson, and Gray failed to state an implied warranty claim, their derivative MMWA claims must be dismissed.

---

[10] These tolling arguments are equally applicable to Plaintiff Wilson's claim under New Jersey law.  *See Stockroom, Inc. v. Dydacomp. Dev. Corp.,* 941 F. Supp. 2d 537, 541 (D.N.J. 2013); *Raines v. Lappin*, 2013 WL 3283930, at *4 (D.N.J. June 26, 2013) (estoppel).

## V.   PLAINTIFFS' COMMON LAW AND STATUTORY CONSUMER FRAUD CLAIMS SHOULD BE DISMISSED (Counts 2, 5, 6, 7, 9, 11, 12, 14, 17, 18, 19, 20, 21, 22, 24, 26 and 28)

The Eleventh Circuit has made clear that "[t]he mere possibility that the defendant may have acted unlawfully is not sufficient to allow a claim to survive a motion to dismiss." *Henry v. Jones*, 484 F. App'x 290, 291 (11th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Instead, "[s]tating a plausible claim for relief requires pleading 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* When fraud is alleged, as is the case here, the sufficiency of the pleading is governed by the heightened particularity standard of Fed. R. Civ. P. 9(b), which commands that plaintiffs "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see also, e.g.*, *Casey v. Coastal Sch. of Law, Inc.*, No. 3:14-CV-01229, 2015 WL 10818746, at *2 (M.D. Fla. Sept. 29, 2015).

A defendant's knowledge of a defect at the time of sale, and plaintiffs' pre-sale exposure to and reliance on allegedly false representations, are key elements of each Plaintiff's statutory consumer protection and common law fraud claims. Here, Plaintiffs rely on inadequate conclusory allegations of pre-sale knowledge and exposure that do not plead the requisite factual detail. Missing from their allegations are facts establishing when, how, and from which/what particular source it is claimed that VWGoA had knowledge of the alleged effect before each Plaintiff acquired his/her vehicle, and each Plaintiff's exposure to and reliance upon any alleged representation prior to his/her purchase/lease of the vehicle. Plaintiffs' claims sounding in fraud fail to state a claim under the pleading standards of Rule 8, and certainly fail to meet the heightened particularity standards of Rule 9(b) governing the common-law and statutory fraud-based claims.[11]

---

[11] As an initial matter, the AC falls short of basic Rule 8 and Rule 9 pleading requirements by lumping the Volkswagen Defendants into omnibus allegations without distinguishing between them. Thus, the AC does not allege fraud with specificity as to *either* Volkswagen Defendant. *See* AC ¶ 8 ("The Defendants, Volkswagen Group of America, Inc. and Volkswagen AG ('the Defendants' or 'Volkswagen'), designed, manufactured, tested, warranted, distributed, and sold the defective Volkswagen CC model vehicles from 2010 to the present."); *see also, e.g.*, *Williams v. Yamaha Motor Corp., U.S.A.*, 106 F. Supp. 3d 1101, 1113 (C.D. Cal. 2015) ("tests that a ***manufacturer*** must perform that may reveal a defect cannot establish presale knowledge on behalf of a distributor . . . .") (original emphasis), *aff'd on other grounds*, 851 F.3d 1015.

A. **The Common Law and Statutory Claims Premised Upon Alleged Misrepresentations Are Deficient Because Plaintiffs Have Not Plead Pre-Purchase Exposure to the Purportedly Misleading Statements**

Plaintiffs' *only* allegations asserting affirmative misrepresentations by VWGoA involve statements printed in the owner's manuals and warranty booklets given to purchasers of CC vehicles. *See* AC ¶¶ 227-228 (owners' manuals); ¶¶ 230-237 (warranty booklets). Although the AC lists the purportedly misleading statements found in these materials, it is utterly devoid of factual allegations regarding Plaintiffs' pre-sale exposure to and reliance on these statements. Thus, Plaintiffs' fraud claims that are based on affirmative misrepresentations must be dismissed. *See, e.g.*, *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 526-27 (D.N.J. 2008) ("With regard to the statements . . . in the 2002 Passat owner's manual, the Dewey Plaintiffs do not allege . . . at what point—if ever—each Plaintiff was exposed to one or more of the statements. Without this information, Plaintiffs have not properly pled a "causal nexus" with the particularity required by Rule 9(b).").

All jurisdictions require allegations of causation or reliance to make out a consumer protection claim premised on affirmative misrepresentation.[12]  Each of the 15 named Plaintiffs here was required, and failed, to plead *that* he/she actually viewed the statements in the owner's manual and warranty booklet prior to the purchase/lease of the vehicle, *when* it was viewed, and *how* (if at all) it affected his/her decision to buy/lease the vehicle. *See, e.g.*, *Stevenson v. Mazda Motor of Am., Inc.*, No. 14-5250 FLW DEA, 2015 WL 3487756, at *8 (D.N.J. June 2, 2015) ("[W]hile Plaintiff cites to his own warranty booklet, he does not state whether he viewed this booklet prior to purchasing the vehicle. Plaintiff has therefore not alleged specific facts to show that Mazda's misrepresentations . . . in the warranty booklet were a cause of his loss."); *Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 974 (C.D. Cal. 2014) ("[E]ven

---

[12] *See, e.g.*, *McCall v. Monro Muffler Brake Inc.*, 2013 WL 3418089, at *3 (E.D. Mo. July 8, 2013) ("Because Plaintiffs did not see the alleged misrepresentation, there can be no causal connection and any loss cannot provide the basis of a claim."); *Gale v Int'l. Bus. Mach. Corp.*, 781 N.Y.S.2d 45, 47 (2004) ("[I]f plaintiff did not see any of these statements, they could not have been the cause of his injury"); *see also Resnick v. Hyundai Motor Am., Inc.*, No. CV1600593BROPJWX, 2017 WL 1531192, at *20 (C.D. Cal. Apr. 13, 2017) (explaining that, as to affirmative misrepresentation claims at common law and under the UCL, the CLRA and the FAL, "Plaintiffs are required to plead specific reliance for each Plaintiff at the pleading stage").

assuming those statements [in the owner's manual] were somehow false, Plaintiffs have not alleged that they relied on these statements in deciding to purchase their vehicles.").

Because none of the 15 Plaintiffs allege pre-purchase, personal exposure to or reliance on the purportedly misleading statements from the owner's manuals and warranty booklets, all common law and statutory fraud claims based on affirmative misrepresentations must fail.[13]

**B.    All Common Law Fraudulent Concealment and Certain Statutory Consumer Fraud Claims Fail Because Plaintiffs Have Not Adequately Pled that VWGoA Knew of the Alleged Defect at the Time of Each Plaintiff's Purchase/Lease.**

Knowledge of the alleged defect at the time of sale/lease is a necessary element of all Plaintiffs' common law fraudulent concealment claims[14] and the statutory consumer fraud claims of California, Missouri, North Carolina, New Jersey, Florida, Pennsylvania, Texas, New York, Arizona, Virginia, Utah and Louisiana.[15]   Plaintiffs allege in conclusory fashion that VWGoA learned of the purported defect (1) through its supervision of VW dealerships; (2) from direct customer complaints; (3) from customer complaints to NHTSA; and (4) from complaints on online message boards.   AC ¶¶ 196-224.   However, these allegations do not plead *facts* sufficient to

---

[13] Even if these Plaintiffs had alleged facts as to whether, when and how they saw and relied on the statements from the owner's manual and warranty booklet—which they do not— their claims would still not be viable.  The purported "misstatements" these Plaintiffs allege merely indicate that authorized Volkswagen dealerships are in the "best position to quickly resolve any concerns." *See* AC ¶ 231.  These statements are quintessential examples of non-actionable puffery. *See, e.g.*, *MDVIP, Inc. v. Beber*, 222 So. 3d 555, 561 (Fla. Dist. Ct. App. 2017); *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1052 (9th Cir. 2008).

[14] *See, e.g.*, *Sloan v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2017 WL 3283998, at *5 (N.D. Cal. Aug. 1, 2017) (referring to 32 states, including Florida, Georgia, Louisiana, Missouri, North Carolina, Ohio, Pennsylvania, Texas and Virginia).

[15] *See Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012) (UCL and CLRA); *Resnick*, 2017 WL 1531192, at *19 (FAL); *Woods v. Maytag Co.*, 2010 WL 4314313, at *16 (E.D.N.Y. Nov. 2, 2010) (GBL § 349); *Matthews v. Am. Honda Mot. Co.*, 2012 WL 2520675, at *3 (S.D. Fla. June 6, 2012) (FDUTPA); *Ramsey v. Keever's Used Cars*, 374 S.E.2d 135, 138 (N.C. Ct. App. 1988) (UDTPA);*Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994) (NJCFA— omissions); *Lambert v. Downtown Garage, Inc.*, 553 S.E.2d 714, 717-18 (Va. 2001) (Virginia CPA); *Nelson v. Nissan N. Am., Inc.*, 2014 WL 7331075 at *4 (UTPCPL); *Budach v. NIBCO, Inc.*, No. 2:14-cv-04324-NKL, 2015 WL 6870145, at *5 (W.D. Mo. Nov 6, 2015) (MMPA); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 479 (Tex. 1995) (DTPA); *Gould v. M & I Marshall v. Isley Bank*, 860 F. Supp. 2d 985, 989-90 (D. Ariz. 2012) (Arizona CFA); *Cargill, Inc. v. Degesch Am., Inc.*, 875 F. Supp. 2d 667, 676 (E.D. La. 2012) (LUTPA); *Kee v. R–G Crown Bank*, 656 F.Supp.2d 1348, 1356 (D. Utah 2009) (UCSPA).

13

establish that VWGoA was aware of the claimed specific, widespread design defect ***prior to the time each Named Plaintiff purchased or leased his/her vehicle***.

First, the earliest consumer complaint quoted in the AC is an anonymous post on NHTSA's website from August 15, 2013.  *See* AC ¶ 220(a).  This postdates the purchases of Plaintiffs Lila Wilson (2011; Florida), Thomas Wilson (2012; Texas), Martino (2012; New Jersey), Panopoulos (2011; Ohio), Johnson (2011; Virginia), Gray (2012; Louisiana) and Spelrem (2013; Arizona), and therefore does not establish prior knowledge by VWGoA.

In addition, of the various consumer complaints that are cut-and-pasted into the AC, all but one are anonymous; many do not identify the model-year of the vehicle at issue; and others are undated.  *See* AC ¶¶220-224.  None of them establish prior knowledge of an alleged defect on the part of VWGoA.  Plaintiffs have also not plausibly alleged that the various consumer complaints identify the same alleged defect that they experienced.  For example, some of the entries only complain about wearing on the front tires, as opposed to all four tires.  *Compare* AC ¶ 223(r) ("The tires are cupping on the inner front tires.") *with* AC ¶ 223(z) ("The rears were twice as bad as the front.").  Moreover, at most, these consumer complaints merely show the presence of potential individual issues and factors, such as road, driving and other environmental conditions, that could affect a complainer's tire wear, but do not constitute prior "notice" to VWGoA of the specific widespread design defect alleged by Plaintiffs in this action.  *See, e.g.*, *Resnick*, 2017 WL 1531192, at *14 ("The fact that Defendants had quality control programs in place on the one hand, and that several consumers [made complaints] on the other hand, fails to establish knowledge of a widespread ***defect*.") (original emphasis); *Berenblat v. Apple, Inc.*, No. 08-4969JF(PVT), 2010 WL 1460297, at *8–9 (N.D. Cal. Apr. 9, 2010) (allegations of 350 complaints on defendant's website do not sufficiently plead knowledge of defect; they "merely establish that some consumers were complaining").[16]

---

[16] Plaintiffs also fail to allege any facts showing that VWGoA ***itself*** considered the volume of consumer complaints to be "significant and beyond the norm."  *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1027 & n.8 (9th Cir. 2017) (finding that allegations of 40-50 consumer complaints "made directly with [the defendant]" were sufficient to infer knowledge—but not based on the number alone, but rather on the allegation "that [the defendant] ***itself*** saw this number as significant and beyond the norm," given that it "responded . . . by instituting a dedicated customer care center" devoted exclusively to "handling [the] unusually high volume of complaints specific to" the alleged defect) (original emphasis).  Unlike in *Williams*, Plaintiffs here do not allege any

Plaintiffs also conclusorily assert that, "[u]pon information and belief, from 2010 to the present, thousands of CC drivers have taken their cars to Volkswagen dealerships because they were suffering improper and accelerated tire wear." AC ¶ 201. But allegations "upon information and belief" that a manufacturer or distributor should have known of an alleged defect due to the number of repair requests received by dealerships are impermissibly speculative. *See*, *e.g.*, *Fisher v. Honda N. Am., Inc.*, No. LA CV13-09285 JAK, 2014 WL 2808188, at *5 (C.D. Cal. June 12, 2014) ("[T]he allegations that Honda should have known of the defect due to the number of repair requests and replacement mechanisms 'likely' made or ordered are speculative."); *see also*, *e.g.*, *Block*, 2017 WL 902860, at *7 n.3 (dismissing allegations of knowledge premised on "aggregate data that was provided to Defendant from its dealers" as "purely conclusory"); *Resnick*, 2017 WL 1531192, at *15 ("various complaints to dealerships all over the country are insufficient to establish Defendants' knowledge").

To the extent Plaintiffs allege that their own visits to dealerships are sufficient to impute presale knowledge on VWGoA, the dates of these visits or repairs post-date those Plaintiffs' purchase/lease, and are nevertheless not supported by facts that would establish pre-sale notice of the alleged defect for any other Plaintiff. For example, Plaintiff Wilson alleges that, "[o]n numerous occasions within her first three years of owning the car, [she] drove 30-40 miles to the Volkswagen dealership in Melbourne, Florida, and specifically complained about the road noise." AC ¶ 64. Such vague allegations are not sufficient to plead VWGoA's knowledge, in 2010,[17] of a specific defect affecting the tires of all CC vehicles. Because none of Plaintiffs' allegations establish pre-sale knowledge of the purported defect on the part of VWGoA, the Court should dismiss their knowledge-based claims in full. *See Sloan*, 2017 WL 3283998, at *7.

### C.    Plaintiff Gray's Class Claim Under LUTPA Fails Entirely and Amendment is Futile (Count 12)

For two reasons, Count 12—alleging violation of the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA")—must be dismissed with prejudice.

---

facts showing VWGoA affirmatively responded to these complaints by creating a separate call center or other program specifically designated to handle complaints about the particular defect at issue.

[17] *See* AC ¶ 224 ("At least by 2010, . . . Volkswagen learned . . . about the improper and accelerated tire wear on the CC and knew that this wear was caused by the Defect.").

First, product defect claims under LUTPA are precluded by the Louisiana Products Liability Act ("LPLA").  The Louisiana legislature made the LPLA the sole vehicle for product defect suits against a manufacturer and therefore intended to bar LUTPA claims against manufacturers.  *See Pitre v. Yamaha Motor Co.*, 51 F. Supp. 3d 644, 663 (E.D. La. 2014).  The LPLA "clearly and explicitly" declares that a manufacturer cannot be liable for damages caused by its product under any other theory of liability.  *Bladen v. C.B. Fleet Holding Co.*, 487 F. Supp. 2d 759, 766-67 (W.D. La. 2007) (dismissing LUTPA claim pursuant to LPLA's exclusive theory of liability); *see also*, *e.g.*, *Pitre*, 51 F. Supp. 3d at 663 ("[I]n light of the LPLA's exclusivity provision, Plaintiffs' LUTPA claims are barred.").

Second, a claim under LUTPA is subject to an "absolute" limitation period of one year from the time of the allegedly deceptive transaction or act, which "cannot be renounced, interrupted or suspended," "even if the plaintiff was unaware of the act."  *Morris v. Sears, Roebuck & Co.*, 765 So.2d 419, 422 (2000).  Because Plaintiff Gray purchased her 2012 CC vehicle in March 2012, any claims she might have had under LUTPA "ceased" in 2013.  *See id.* (LUTPA claims "ceased one year after they came into existence without regard to plaintiffs' knowledge of or ability to act on any alleged cause of action.").  Accordingly, amendment would be futile, and the Court should dismiss Count 12 with prejudice.  *See Resnick v. Hyundai Motor Am., Inc.*, 2016 WL 9455016, at *16 (C.D. Cal. Nov. 14, 2016) ("[I]t is the date of purchase that triggers the statute of limitations. . . .Therefore, Ms. Cramer's claim arising under the LUTPA fails and, because any amendment would be futile, is DISMISSED with prejudice.").

### D.      Certain Plaintiffs' Claims Are Barred by the Economic Loss Rule (Count 2)

Under Pennsylvania, Florida, and Missouri law, claims for common-law fraud asserting only economic harm are barred by the economic loss rule.  *See In re Takata Airbag Prods. Liab. Litig.*, 193 F. Supp. 3d 1324, 1339-40 (S.D. Fla. June 14, 2016) (dismissing Pennsylvania and Florida fraudulent concealment claims); *Flynn v. CTB, Inc.*, No. 1:12CV68 SNLJ, 2015 WL 5692299, at *12 (E.D. Mo. Sept. 28, 2015) (dismissing Missouri fraud claim and stating that where the fraud "concerns the quality, character, or safety of the goods sold, the economic loss doctrine bars the fraud claim because it is substantially redundant with warranty claims").  Since Plaintiffs Garella (Pennsylvania), Blue (Missouri), and Lila Wilson (Florida) seek pure economic damages premised upon an alleged product defect, the economic loss rule bars their claims.

**E.    The California Consumer Protection Claims (UCL & FAL) and Common Law Fraud Claim Fail to State a Claim (Counts 2, 6, 7)**

The UCL and FAL provide only for equitable relief, *i.e.*, restitution and injunctive relief. *See Fonseca v. Goya Foods, Inc.*, No. 16-CV-02559-LHK, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016).  "A plaintiff seeking equitable relief must establish that there is no adequate remedy at law available." *Durkee v. Ford Motor Co.,* No. C 14-0617 PJH, 2014 WL 4352184, at *2 (N.D. Cal. Sept. 2, 2014).  Since Plaintiff Maytum (California) also asserts claims for breach of warranty and fraud (adequate legal remedies), the claims under the UCL and FAL must be dismissed.  *See Fonseca,* 2016 WL 4698942, at *8 (dismissing UCL, FAL, and CLRA claim seeking equitable relief because plaintiff has an adequate remedy at law in her other claims); *Moss v. Infinity Ins. Co.*, 197 F. Supp.3d 1191, 1203 (N.D. Cal. 2016) (dismissing UCL claim and noting this is the correct result "even if all of plaintiff's non-UCL claims ultimately fail").

Furthermore, Plaintiff Maytum's UCL, FAL and common-law fraud claims must be dismissed because the AC fails to plead any facts, much less particularized facts, establishing the essential element of reliance.  As to the UCL claim, that deficiency applies with equal force regardless of whether the UCL claims are predicated upon "unfairness," "fraud" or "unlawfulness."  *See Myers v. BMW of N. Am., LLC*, 2016 WL 5897740, at *5 (N.D. Cal. Oct. 11, 2016) (CLRA and UCL claims require "actual reliance"); *Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 919 (C.D. Cal. Aug. 11, 2010); *Robinson Helicopter Co., Inc. v. Dana Corp*., 34 Cal. 4th 979, 990 (2004) (holding that the elements of fraud include "intent to defraud, i.e., to induce reliance" and "justifiable reliance").

As discussed, the AC fails to identify any specific non-puffery misrepresentation relating to any Plaintiff's vehicle in any publication or advertisement issued by VWGoA, let alone a misrepresentation that Maytum saw and relied upon prior to purchase.  *See McKinney v. Google, Inc.,* No. 5:10-CV-01177, 2011 WL 3862120, at *5-6 (N.D. Cal. Aug. 30, 2011) (holding "that the mere assertion of 'reliance' is insufficient" and that "plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance").

Similarly, to prove reliance on an omission, Plaintiff must show that "had the omitted information been disclosed, one would have been aware of it and behaved differently." *Myers*, 2016 WL 5897740, at *6; *Hall v. Sea World Entm't, Inc.,* 2015 WL 9659911, *5-6 (S.D. Cal. Dec. 23, 2015).  Because Plaintiff Maytum does not allege that he reviewed or was told anything in which the omitted information should have been disclosed, he cannot plausibly plead that he

17

"would have been aware of" the alleged defect if disclosed.  *See Myers,* 2016 WL 5897740, at *5 (dismissing CLRA and UCL claims, including "unfair" prong claim, for failure to plead reliance); *Hall,* 2015 WL 9659911, at *5-6; *Ehrlich*, 801 F. Supp. 2d at 919-20.  Accordingly, his California common law fraud and statutory consumer fraud claims must be dismissed.

### F.      The Georgia Statutory and Common law Fraud Claim Must Be Dismissed (Counts 2, 11)

The sole remedy under the Georgia Uniform Deceptive Trade Practices Act ("GUDTPA") is injunctive relief. *Helpling v. Rheem Mfg. Co*., No. 1:15-cv-2247-WSD, 2016 WL 1222264, at *15 (N.D. Ga. Mar. 23, 2016).  "To have standing to seek injunctive relief under the [G]UDTPA, a plaintiff must show . . . that she is likely to be damaged in the future by some deceptive trade practice of the defendant."  *Id.*  Because Plaintiff Glasband (Georgia) is already the owner of a class vehicle, he cannot demonstrate the likelihood of future harm by any alleged deceptive practice, necessitating the dismissal of his GUDTPA claim.  *Id.* at *16 (dismissing GUDTPA claim in the absence of any allegations as to how any deceptive practice "might cause damage in the future to consumers who have already purchased Rheem units," and "even if Plaintiffs alleged some future harm, Rheem's misrepresentations or omissions would not have caused those future harms."); *Buske v. Owens Corning Corp*., No. 1:16-CV-709-TWT, 2017 WL 1062371, at *3 (N.D. Ga Mar. 20, 2017).

In addition, Plaintiff Glasband purchased his vehicle used, after the expiration of the vehicle's warranty period. AC ¶ 136-37.  Under Georgia law, no duty to disclose is owed to a used-car purchaser who had no relationship with defendant.  *See McCabe v. Daimler AG,* 160 F. Supp. 3d 1337, 1352 (N.D. Ga. 2015).  Accordingly, he cannot state a claim for fraudulent concealment or under GUDTPA.

### G.      Plaintiffs Panopoulos' and Orrantia's Class Claims Under Ohio's and Utah's Consumer Sales Practices Act Must Be Dismissed (Count 21, 26)

In both federal and state court, consumers may not bring a class action claim under the Ohio Consumer Sales Practices Act (the "OCSPA") unless the "defendant was sufficiently on notice that its conduct was deceptive or unconscionable under the statute at the time it committed the alleged acts."  *In Re Porsche Cars N. Am., Inc. Plastic Coolant Tubes Prods. Liab. Litig.*, 880 F. Supp. 2d 801, 868 (S.D. Ohio 2012) (citing Ohio Rev. Code § 1345.09(B)). Under the OCSPA, "Plaintiffs bringing claims on behalf of a class must demonstrate that either (1) the alleged violation is an act or practice that was declared to be deceptive or unconscionable by a rule adopted

by the Attorney General before the consumer transaction on which the action is based, or (2) the alleged violation is an act or practice that was determined by a court to violate the OCSPA and the court's decision was available for inspection before the transaction took place." *Id.*

At a minimum, for there to be a class action, the defendant's alleged OCSPA violation must be "substantially similar to an act or practice previously declared to be deceptive" under the OCSPA. *Marrone v. Philip Morris USA, Inc.,* 850 N.E. 2d 31, 33 (Ohio 2006). A "general rule [that does not refer to any particular act or practice] is not sufficient to put a reasonable person on notice of the prohibition against a specific act or practice." *Volbers-Klarich v. Middletown Mgmt.,* 929 N.E.2d 434, 441 (Ohio 2010). Additionally, plaintiffs must identify the rule or case that satisfies section 1345.09(B)'s notice requirement in their complaint. *In Re Porsche Cars N. Am.,* 880 F. Supp. 2d at 868; *Johnson v. Microsoft Corp.,* 802 N.E.2d 712, 720 (Ohio Ct. App. 2003), and federal district court cases cannot provide the requisite notice, *Kline v. Mortg. Elec. Sec. Sys.,* No. 3:08cv408, 2010 WL 6298271, at *2 (S.D. Ohio Dec. 30, 2010).

Similarly, Utah's Consumer Sales Practices Act ("USCPA") only allows for a class action in three limited circumstances: (1) alleged act was specified as violating the UCSPA by a rule adopted before the consumer transaction on which the action is based; (2) alleged conduct was declared to violate the consumer fraud act by a final judgement of an appropriate court; or (3) defendant was specifically prohibited by a consent judgment, to which it agreed, which became final before the consumer transaction on which the action is based. Utah Code Ann. § 13-11-19; *Miller v. Basic Research, LLC,* 285 F.R.D. 647, 654 (D. Utah. 2010).

Plaintiffs Panopoulos (Ohio) and Orrantia (Utah) fail to plead facts establishing any of the required criteria for a class action under Ohio and Utah law. Their representative putative class claims must be dismissed.

### H.    The North Carolina Statutory Consumer Fraud Claim ("NCUDTPA") Must Be Dismissed (Count 20)

To state a claim under the North Carolina UDTPA, a plaintiff must show "(1) defendant committed an unfair or deceptive act or practice; (2) the action in question was in or affecting commerce; and (3) the act proximately caused injury to the plaintiff." *Ellis v. La.-Pac. Corp.*, 699 F.3d 778, 787 (4th Cir. 2012). "Egregious or aggravating circumstances" must be alleged for conduct to be actionable under the UDTPA. *Yancey v. Remington Arms Co., LLC,* No. 1:12CV477, 2013 WL 5462205, *9 (M.D.N.C. Sept. 30, 2013). Plaintiff Brown's UDTPA claim is premised on alleged misrepresentations regarding the vehicle's "safety" and reliability" and

failure to disclose the alleged alignment defect.  *See e.g.,* AC ¶ 588.  Such allegations do not amount to the "egregious or aggravating circumstances" necessary to state a claim.  *Yancey*, *supra* at *10 (allegations that defendant advertised its rifles as "'a superior, safe and valued product…free from defects' while misrepresenting its safety and value" fail to state a UDTPA claim); *see Medeiros v. Lenovo, Inc.,* No. 15-CV-10261-LTS, 2016 WL 500503, at *3 (D. Mass Jan. 27, 2016); *In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.,* 2015 WL 3886261, at *5 (N.D. Ga. June 24, 2015) (dismissing NCUDTPA claim premised on allegations that "Defendant knew the Shingles were defective and should have disclosed this prior to the sale").

Furthermore, Brown bought a used, five-year old vehicle with 78,000 miles on it from a non-Volkswagen dealership, and fails to even allege that he was exposed to any alleged misleading statements prior to his purchase.  His allegations do not establish the existence of "egregious or aggravating circumstances" by VWGoA—an entity with whom he had no relationship with respect to his purchase.  Finally, as Plaintiff Brown only alleges damage to the product itself, his NCUDTPA claim must fail under North Carolina's economic loss rule.  *Malone v. Tamko Roofing Prods.,* 2013 WL 5561628 (W.D.N.C. Oct. 8, 2013).

**I.      The Florida and Ohio Statutory Consumer Protection Claims are Time-Barred (Counts 9, 21)**

The statute of limitations on a Florida FDUTPA claim expires four years from the date of purchase, and there is no delayed discovery rule.  *Heuer v. Nissan N. Am., Inc*., No. 17-60018-Civ-Scola, 2017 WL 3475063, at *3 (S.D. Fla. Aug. 11, 2017).  Since Florida Plaintiff Lila Wilson purchased her vehicle in 2011, her claim, filed more than four years later, is time-barred.

Similarly, claims under the Ohio Consumer Sales Practices Act are subject to a two-year statute of limitations accruing at the time of sale, also with no discovery rule.  *Kondash v. Kia Motors Am.,* No. 1:15-cv-506, 2016 U.S. Dist. LEXIS 185184, *54 (S.D. Ohio June 24, 2016).  Since Ohio Plaintiff Panopoulos claims to have purchased his vehicle in 2011, his OCSPA claim, brought approximately six years later, is also time-barred.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant VWGoA's motion should be granted pursuant to Rule 12(b)(6) and 9(b), together with such other and further relief as the Court deems just and proper.

Dated:  January 12, 2018                    Respectfully submitted,


                                            By: /s/ Stanley H. Wakshlag
                                            Stanley H. Wakshlag
                                            E-mail: shw@knpa.com
                                            Kenny Nachwalter, P.A.
                                            1441 Brickell Avenue, Suite 1100
                                            Miami, FL 33131
                                            Telephone: (305) 373-1000
                                            Facsimile: (305) 372-1861

                                            Jeffrey L. Chase (admitted *pro hac vice*)
                                            E-mail: jchase@herzfeld-rubin.com
                                            Michael B. Gallub (admitted *pro hac vice*)
                                            E-mail: mgallub@herzfeld-rubin.com
                                            Homer B. Ramsey (admitted *pro hac vice*)
                                            E-mail: hramsey@herzfeld-rubin.com
                                            HERZFELD & RUBIN, P.C.
                                            125 Broad Street
                                            New York, NY 10004
                                            Tel.: (212) 471-8500

                                            *Attorneys for Volkswagen Group of America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this on January 12, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in the manner stated in the service list attached.

/s/ Stanley H. Wakshlag         
Stanley H. Wakshlag

**SERVICE LIST**
**US District Court, Southern District of Florida**
**Case No. 17-cv-23033-SCOLA-TORRES**
*Lila Wilson, et al. v. Volkswagen Group of America, Inc.*

**PODHURST ORSECK, P.A.**
Roy K. Altman
E-mail: raltman@podhurst.com
One SE 3rd Avenue, Suite 2700
Miami, Florida 33131
**VIA CM/ECF**

**KREHER & TRAPANI, LLP**
Francesco P. Trapani
E-mail: frank@krehertrapani.com
1325 Spruce St.
Philadelphia, PA 19107
**VIA CM/ECF**

**POGUST BRASLOW & MILLROOD, LLC**
Andrew J. Sciolla
E-mail: asciolla@pbmattorneys.com
Eight Tower Bridge, Suite 940
161 Washington Street
Conshohocken, PA 19428
**VIA CM/ECF**

**Attorneys for Plaintiffs**