# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

### CASE NO. 17-cv-23033-SCOLA-TORRES

LILA WILSON, MATTHEW MARTINO,
THOMAS WILSON, TERESA GARELLA,
MARY BLUE, RYAN BROWN, BRIAN
MAYTUM, LEIGH GLASBAND, NICK
PANOPOULOS, CARISSA MACCHIONE,
SYDNEE JOHNSON, JORGE CRUZ, DEBBIE
GRAY, LORNE SPELREM, and ISMAEL
ORRANTIA, on behalf of themselves and all
others similarly situated,

      Plaintiffs,

v.

VOLKSWAGEN GROUP OF AMERICA, INC.
and Volkswagen AG,

      Defendants.

_____

## VOLKSWAGEN GROUP OF AMERICA, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

## INTRODUCTION

Plaintiffs' opposition offers no legitimate basis for avoiding dismissal of the Amended Complaint ("AC"). Throughout their opposition, Plaintiffs ignore arguments and applicable precedents set forth in VWGoA's motion, while asserting arguments that are not supported by pleaded facts or applicable law.  For the reasons discussed below, Plaintiffs fail to overcome the fatal pleading deficiencies and legal prohibitions that mandate dismissal of their various claims.

## I.      THE EXPRESS WARRANTY CLAIMS MUST BE DISMISSED

Plaintiffs' express warranty claims fail because the NVLW, which covers only the repair of defects "in material or workmanship," does not cover the alleged defect in design. MTD at 3. Plaintiffs argue that under the canon of *expressio unius est exclusio alterius*, design defects are somehow implicitly covered because they are not explicitly mentioned as an excluded item in the section entitled "What is Not Covered."  Opp. at 3.  This argument is meritless, as there is no requirement to explicitly exclude that which is not covered in the first place.  *See, e.g., Coba v. Ford Motor Co.,* 2016 WL 5746361, at *9 (D.N.J. Sept. 30, 2016) (noting that the "vast weight of authority" nationwide holds that "materials or workmanship" warranties do not cover design defects).

*Sanchez-Knutson*, cited by Plaintiffs, is distinguishable because Ford's warranty there contained a section, which the court relied upon, that explicitly mentioned design defects in the warranty coverage section.  52 Supp. 3d at 1232 ("Defects may be unintentionally introduced into vehicles during the design . . . processes and such defects could result in the need for repairs"). The NVLWs at issue in this case do not contain such design language, and courts have distinguished *Sanchez-Knutson* for that reason.  *Daniel v. Ford Motor Co.,* 806 F.3d 1217, 1224 (9th Cir. 2015) (distinguishing Ford's warranty [also at issue in *Sanchez-Knutson*] from "materials and workmanship" warranties because "Ford's express warranty . . . references defects that are introduced during the 'design' process.").

Plaintiffs' arguments that the issue is premature, and that alternative theories can be pleaded, Opp. at 2 n. 4, are unavailing because the AC only describes a design defect which is alleged to exist in *all* putative class vehicles.  *Garcia v. Chrysler Grp. LLC,* 127 F. Supp. 3d 212, 227 (S.D.N.Y. 2015) ("a manufacturing defect claim pled in the alternative to a design defect claim is subject to dismissal at the motion to dismiss stage where the complaint makes only 'offhand references to manufacturing defects' and the purported class included 'all purchasers or lessees'

of the vehicles at issue"); *McCabe v. Am. Honda Motor Co.,* 100 Cal. App. 4th 1111, 1120-21 (2002) (manufacturing defects are "demonstrated by showing the product performed differently from other ostensibly identical units of the same product line").  The mere inclusion of conclusory buzzwords like "parts and workmanship" in the AC, Opp. at 2, is not entitled to a presumption of truth, and contravenes the gravamen of Plaintiffs' claim that a single common design defect exists in all of the putative class model vehicles.

Plaintiffs cannot premise an express warranty claim on the alleged statement in the warranty booklets that Volkswagen vehicles will provide "a dependable and safe driving experience." Opp. at 3-4.  The AC only bases the express warranty claim on the NVLW, not on any alleged extraneous statements.  AC ¶¶ 334-35.  In any event, it is well-settled that statements such as "safe" and "dependable" constitute non-actionable puffery and not an express warranty. *See Pfitzer v. Smith & Wesson Corp.,* 2014 WL 636381, at *3 (E.D. Mo. Feb. 18, 2014); *Smith v. LG Elecs. U.S.A., Inc.,* 2014 WL 989742, at *6 (N.D. Cal. Mar. 11, 2014). Moreover, because Plaintiffs do not plead that they read, relied upon, or were otherwise aware of this alleged statement in the warranty booklets, they cannot claim that it became part of the "basis of the bargain." *Park-Kim v. Daikin Indus.,* 2016 WL 5958251, at *16 (C.D. Cal. Aug. 3, 2016); *In re Bisphenol-A Plastic Prods. Liab. Litig.,* 687 F. Supp. 2d 897, 906 (W.D. Mo. 2009).[1]

In addition, Plaintiff Glasband does not allege that he provided the required pre-suit notice to VWGoA.  Thus, he cannot state an express warranty claim under Georgia law. *See Terrill v. Electrolux Home Prods.*, 753 F. Supp. 2d 1272, 1285 (S.D. Ga. 2010); *Cole v. NIBCO, Inc.,* 2016 WL 10536025, at *6 (D.N.J. Feb. 26, 2016) (applying Georgia law).[2]

Plaintiff Blue's failure to allege that she provided such pre-suit notice likewise bars her express and implied warranty claims under Missouri law. *See Budach v. NIBCO, Inc.*, 2015 WL

---

[1] Plaintiffs' section on the Louisiana breach of express warranty claim misconstrues VWGoA's argument.  Opp. at 4.  VWGoA's argument did not pertain to the redhibition claim in Count 13, but instead, that Count 4 of the AC cannot be asserted on behalf of Louisiana Plaintiff Gray.  MTD at 5.  Indeed the very case Plaintiffs cite, *In re Ford Motor Co.,* 1997 WL 1266317, states, "Louisiana law does not contemplate common law actions for breach of express warranty."

[2] The pre-suit notice argument under Georgia law is only asserted to the extent Plaintiff Glasband brings a claim for breach of express warranty. *See* MTD at n.3.  Although Plaintiffs cite to *Terrill,* as holding that service of the complaint satisfies the notice requirement, Opp. at 9, *Terrill* only found such notice adequate for the implied warranty claim, not the express warranty claim. *See also Lewis v. Mercedes-Benz,* 2004 WL 3756384, at *1 (N.D. Ga. Sept. 13, 2004).

6870145, at *5 (W.D. Mo. Nov. 6, 2015).  The opposition argues that *Budach* "ignored the plain text of the statute and inject[ed] its own view of the statute's purpose and legislative history."  Opp. at  9-10 n. 15.  This is not so, as recognized in *Dilly v. Pella Corp.*, 2016 WL 53828 (W.D.S.C. Jan. 4, 2016) and numerous other courts which similarly concluded that Missouri law requires pre-suit notice for express and implied warranty claims.  *See Barron v. Snyder's-Lance, Inc.*, 2015 WL 11182066, *18 (S.D. Fla. Mar. 20, 2015); *In re 5-Hour Energy Mktg. & Sales Practices Litig.*, 2014 WL 5311272, *20 (C.D. Cal. Sept. 4, 2014).

## II.    THE IMPLIED WARRANTY CLAIMS MUST BE DISMISSED

Plaintiffs' implied warranty claims under Ohio, Georgia, and North Carolina law fail for lack of privity. MTD at 9.  Plaintiffs try to bypass the privity rule in Ohio by alleging an agency and third-party beneficiary exception.  Opp. at 7.  However, under Ohio law, there is no agency exception unless plaintiffs allege that the agent/distributor is duty bound "to act primarily for the one delivering the goods to him," *i.e.,* the manufacturer, and not for its own benefit.  *Traxler v. PPG Indus.* 158 F. Supp. 3d 607, 622 (N.D. Ohio Jan. 27, 2016).  Plaintiffs do not allege such facts, nor can they, regarding the independent authorized dealership from which Ohio Plaintiff Panopoulos purchased his vehicle.  Likewise, Plaintiffs' attempt to carve out an exception for third-party beneficiaries runs afoul of the Ohio Supreme Court's "unequivocal" language in *Curl* affirming the privity requirement for implied warranty claims.  *Id.* at 624 (Ohio "has rejected the argument regarding third-party beneficiaries"); *McKinney v. Bayer Corp.,* 744 F. Supp. 2d 733, 757-58 (N.D. Ohio 2010) (rejecting third-party beneficiary argument in light of *Curl* decision).

Plaintiffs cannot circumvent Georgia law by arguing that privity exists "where the manufacturer extends an express warranty to the buyer." Opp. at 7 (citing *Terrill v. Electrolux*). Georgia law does not allow an express warranty to supplant the privity requirement.  *Whitehead v. John Bleakley RV. Ctr.,* 2010 WL 925091, at *7 (N.D. Ga. Mar. 8, 2010).  Moreover, even if a court were inclined to follow *Terrill*, its holding that a manufacturer's express warranty bridges the privity gap has been specifically limited to where the consumer purchased the vehicle from an authorized dealership.  *Helpling v. Rheem Mfg. Co.,* 2016 WL 1222264, at *5 (N.D. Ga. Mar. 23, 2016).  As Glasband failed to allege the person or entity from whom she purchased her vehicle, and purchased it after the expiration of the implied warranty, the argument must fail.[3]

---

[3] Privity also bars the claim under North Carolina law.  The Opposition does not, and cannot, adduce any support even remotely suggesting that Plaintiff Brown is a third-party beneficiary

Plaintiffs' argument that the 3-year/36,000 mile duration of the implied warranties is unconscionable does not save the Missouri, North Carolina, Georgia, or Arizona claims. MTD at 7. Contrary to Plaintiffs' contention, numerous federal courts *have* addressed this issue at the pleading stage, and determined that the warranty limitations were not unconscionable. *See, e.g.*, *In re Takata Airbag Prods. Liab. Litig.*, 2016 U.S. Dist. LEXIS 138976, *170-71 (S.D. Fla. Sep. 29, 2016); *Licul v. Volkswagen Grp. of Am.*, 2013 WL 6328734, *3 (S.D. Fla. Dec. 5, 2013).

Plaintiffs' unconscionability argument hinges on their claim that VWGoA knew of the alleged defect at the time of sale. Conceding that *McCabe* supports VWGoA's contention that such alleged knowledge does not establish unconscionability, Plaintiffs argue that two District of New Jersey cases, *Samsung*, and *Payne*, are in disagreement with *McCabe* on this point. Opp. at 5. However, a subsequent New Jersey case rejecting *Samsung* and *Payne* put it best: The "latter line of cases, rejecting conclusory allegations of unconscionability based on knowledge of a latent defect, represents the recent trend in this District and is consistent with the prevailing approach elsewhere." *In re Caterpillar, Inc., C13 & C15 Engine Prod. Liab. Litig.*, 2015 WL 4591236, at *21 (D.N.J. July 29, 2015); *see also Alban,* 2011 WL 900114, at *9 (rejecting *Payne* and *In re Samsung*).[4] Plaintiffs' additional allegations of unconscionability, including buyer's lack of notice, Opp. at 6, do not mandate a different result. *See, e.g.*, *Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*, 2012 WL 1574301, at *19-20 (D.N.J. May 3, 2012).[5]

Finally, Plaintiffs' contention that the alleged defect "existed at the time of sale" does nothing to save the claims of these Plaintiffs who sought replacement outside of the implied warranty periods. Opp. at 6; *Garcia v. Chrysler Grp. LLC,* 127 F. Supp. 3d 212, 230 (S.D.N.Y.

---

under North Carolina law when he purchased the vehicle from a *non*-Volkswagen dealership *after* expiration of the express and implied warranty periods. Opp. at 8. Plaintiffs' argument cannot get past the fact that VWGoA's express warranty could not have been *intended* to benefit any consumer who purchased the vehicle after the warranty period expired. *See Crews v. W.A. Brown & Son, Inc.* 416 S.E.2d 924, 931 (N.C. App. 1992).

[4] Plaintiffs have not alleged that VWGoA "knowingly manipulated the warranty terms to avoid coverage"; thus, they cannot void the durational limitations on this basis. *See In re Caterpillar, Inc., C13 & C15 Engine Prod. Liab. Litig.*, 2015 WL 4591236, at *20.

[5] Plaintiffs Brown's and Glasband's implied warranty claims must be dismissed for the additional reason that, because the implied warranty limitations applicable to their vehicles expired prior to their respective purchases, neither has standing to assert that the warranty limitations are unconscionable. *See White v. Volkswagen Grp. of Am., Inc*., 2013 WL 685298, *5 (W.D. Ark. Feb. 25, 2013); *Tomassini v. FCA*, 2015 WL 3868343 (N.D.N.Y. June 15, 2015).

4

2015) (dismissing Arizona and Georgia claims on this basis); *McCabe v. Daimler AG,* 948 F. Supp. 2d 1347, 1361 (N.D. Ga. June 7, 2013).[6]

### III.     CERTAIN EXPRESS AND IMPLIED WARRANTY CLAIMS ARE TIME-BARRED

Plaintiffs' tolling argument ignores the authorities cited by VWGoA demonstrating why certain Plaintiffs' expired claims are not tolled under fraudulent concealment or estoppel theories. MTD at 5-7.  Plaintiffs attempt to distinguish *Heuer,* 2017 WL 3475063, but in that case, this Court held that fraudulent concealment was not adequately pled because although the complaint referred "to a particular instance where Nissan" responded to an "ABC-affiliate news segment," the complaint failed to allege "who in particular made the statement, when the statement was made, or where the statement was made." *Id.* at *4.  The AC here suffers from similar infirmities.  It fails to allege that anyone at VWGoA ever spoke to these named Plaintiffs regarding the subject defect, or when and to whom at any dealership VWGoA directed concealment of the alleged defect.  In addition, the AC fails to allege who at any dealership actively concealed the subject defect based upon alleged prompting by Defendants.[7]

Further, Plaintiffs' conclusory tolling allegations are devoid of facts and wholly inadequate, as the AC does not identify which Defendant is alleged to have directed the numerous dealerships to purportedly conceal the alleged defect.  The AC likewise fails to allege facts showing when, where, how and by whom any such direction occurred.  Plaintiffs' reliance upon *Kyle K. v. Chapman,* Opp. at 13 n. 21, is misplaced because there, unlike the present case, several health services technicians were "collectively" accused of abuse and the "complaint [could] be fairly read to aver that all defendants are responsible for the alleged conduct."  208 F.3d 940, 944 (11th Cir. 2000).  The AC here cannot fairly be read in that fashion.  On the contrary, it merely lumps both Defendants together in a conclusory allegation containing no pleaded facts establishing

---

[6] *See also Glass v. BMW of North Am., LLC*, 2011 WL 6887721, *14-15 (D.N.J. Dec. 29, 2011).

[7] Plaintiffs claim that "misleading statements in the Owner's Manual and in the NVLW" constitute "active" concealment.  Opp. at 11. But those statements were allegedly "misleading" because of a failure to disclose and because they recommenced use of Volkswagen service facilities, AC ¶ 229, 233; there was no "active" concealment of any alleged suspension defect that induced Plaintiffs to delay filing their action.

what either Defendant is alleged to have done—a practice rejected in the Eleventh Circuit[8]--and fails to allege when, where and how it was done.

## IV.    PLAINTIFFS' FRAUD AND CONSUMER FRAUD CLAIMS FAIL

### A.    Plaintiffs Allege No Actionable Affirmative Misrepresentations

The opposition confirms that no Plaintiff has identified a single actionable misrepresentation attributable to VWGoA that he or she viewed or heard before purchasing his/her vehicle.  Plaintiffs ignore the authorities cited in VWGoA's opening brief (*Dewey*, *Stevenson* and *Tae Hee Lee*), each of which held that the failure to allege personal, pre-purchase exposure to the alleged misstatements in owner's manuals and warranty booklets was fatal to the plaintiffs' common law and statutory fraud claims.  *See* MTD at 12-13.  The facts underpinning this critical requirement are fully within Plaintiffs' knowledge and control, and there is no excuse for not pleading them.[9]  Plaintiffs try to escape this failure by arguing, in conclusory fashion, that the affirmative misrepresentations identified in the AC include "false statements" that VWGoA purportedly "communicated to the Plaintiffs via its authorized dealers."  *See* Opp. at 16.  However, none of the examples they cite, Opp. at 15 n.28, refers to a pre-purchase statement that could have affected any Plaintiff's purchase of his or her vehicle.  Nor do the conclusory examples come close to satisfying Rule 9(b)'s particularity requirements for affirmative misrepresentations.  *See* MTD at 11-13.[10]  "To properly allege causation or reliance, a plaintiff must state in his complaint that he has seen the misleading statements of which he complains before he came into possession of the products he purchased."  *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 610–11 (D.N.J. 2016) (citations omitted) (applying Arizona, New York and New Jersey law).  Plaintiffs have failed to do so here.

Plaintiffs argue that reliance is not an element of the consumer protection statutes of Florida, Missouri, New Jersey, New York, Ohio, and Arizona.  Opp. at 17 & n.33.  But this

---

[8] Plaintiffs seemingly claim that VWGoA conceded that estoppel tolled the limitations period for all but the Ohio and Arizona Plaintiffs.  Opp. at 12.  This is incorrect. *See* MTD at 5 n.7; n.10.

[9] *See, e.g.*, *Hughes v. Panasonic Consumer Elecs. Co.*, 2011 WL 2976839, at *13 (D.N.J. July 21, 2011); *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 526-27 (D.N.J. 2008).

[10] Plaintiffs maintain in their opposition brief that allegations of VWGoA's knowledge are not subject to Rule 9(b)'s particularity requirement, Opp. at 13, but they conveniently ignore the particularity requirement in their discussion of affirmative misrepresentations, Opp. at 15-17.  This is particularly striking because facts concerning misstatements to which Plaintiffs were allegedly exposed fall within each Plaintiff's personal experience.

argument misses the point, because "whether it be termed an issue of reliance or an issue of proximate cause, an appropriate rule is that where the defendant is alleged to have made material misrepresentations or misstatements, there must be a cause and effect relationship between the defendant's acts and the plaintiff's injuries." *Lilly, Jr. v. Hewlett-Packard Co.*, 2006 WL 1064063, at *5 (S.D. Ohio Apr. 21, 2006). In other words, each Plaintiff must allege personal, pre-purchase exposure to the alleged affirmative misrepresentations to satisfy the causation element of these six statutes. *See* MTD at 12.[11] Because none of the Plaintiffs has done so, all of the common law and statutory consumer fraud claims in the AC fail as a matter of law to the extent they are based on affirmative misrepresentations.

### B.   Plaintiffs Have Not Adequately Alleged VWGoA's Pre-Sale Knowledge

Plaintiffs argue that "three different sources of consumer complaints"—22 by the named Plaintiffs, 13 by other consumers to NHTSA and 37 by other consumers on "online fora"—suffice to establish VWGoA's knowledge of the alleged defect prior to each Plaintiff's purchase. *See* Opp. at 14-15. Not surprisingly, Plaintiffs disregard the dates of the purported consumer complaints, most of which *post-date* several of the named Plaintiffs' purchases and cannot establish pre-purchase knowledge of VWGoA as to those Plaintiffs. *See* MTD at 14-15; *see Granillo v. FCA US LLC*, 2016 WL 9405772, at *9 (D.N.J. Aug. 29, 2016) ("consumer complaints posted after the date of sale cannot support an inference of pre-sale knowledge").

The pre-sale knowledge requirement is also not satisfied by Plaintiffs' conclusory statement that, starting "at least in 2010, ___***thousands***___ of CC drivers have taken their vehicles into a Volkswagen dealership to complain about improper and accelerated tire wear." Opp. at 14. Such conclusory allegations cannot withstand a motion to dismiss. *See* MTD at 13; *see also Gold v. Lumber Liquidators, Inc.*, 2015 WL 7888906, at *8 (N.D. Cal. Nov. 30, 2015) (finding failure to plead knowledge that would trigger a duty to disclose under the UCL and CLRA where plaintiffs

---

[11] *See also*, *e.g.*, *Argabright v. Rheem Mfg. Co.*, 258 F. Supp. 3d 470, 492 (D.N.J. 2017) (dismissing Arizona, New Jersey, and New York consumer fraud claims because the "allegations do not allow for an inference that Plaintiffs saw 'the misleading statements' before" purchase "which they must do to properly allege causation or reliance under these statutes"); *Prohias v. AstraZeneca Pharms., L.P.*, 958 So. 2d 1054, 1056 (Fla. Dist. Ct. App. 2007); *Stein v. Marquis Yachts, LLC*, 2015 WL 1288146, at *6 (S.D. Fla. Mar. 20, 2015); *Resnick v. Hyundai Motor Am., Inc.*, 2016 WL 9455016, at *16–18 (C.D. Cal. Nov. 14, 2016).

referenced "thousands" of consumer complaints, but only specifically detailed four of them*); Gotthelf v. Toyota Motor Sales,* 525 F. App'x 94, 104 n.16 (3d Cir. 2013).

Plaintiffs also fail to address another fatal deficiency of their knowledge allegations—the missing factual link between individual, disparate consumer complaints on the one hand, and, on the other hand, an awareness by VWGoA, prior to each Plaintiff's purchase/lease, of the single, widespread defect that allegedly affects all subject CC vehicles. *See* MTD at 14-15; *see also, e.g.*, *McQueen v. BMW of North Am., LLC*, 2013 WL 4607353, at *7 (D.N.J. Aug. 29, 2013) ("These complaints amount to anecdotal reports of similar effects, not factual support that the entire line of 7-Series vehicles is defective."). Plaintiffs cite generic complaints about tire noise[12] without pleading facts showing how and why any such complaint would have any bearing on tire functionality or establish pre-sale knowledge of the specific "defect" being alleged in this case. *See Aguila v. Gen. Motors LLC*, 2013 WL 3872502, at *5–6 (E.D. Cal. July 25, 2013) (allegations that "only address[ed] sounds or noises rather than the functionality or safety of the steering system" did not adequately plead GM's presale knowledge of an alleged steering defect). Thus, while conclusorily alleging that "every single CC . . . suffers from precisely the same defect," Opp. at 14 (citing AC ¶¶ 9-23), Plaintiffs have not plausibly alleged facts establishing that the various consumer complaints identify that so-called "same defect" alleged in the AC. MTD at 14.

C.  The LUTPA Claim Must Be Dismissed With Prejudice

The cases relied upon by Plaintiffs do not save their LUTPA claim (Count 12). Plaintiffs cite *Benton* for the proposition that the one-year period set forth in La. R.S. 51:1409(E) does not run until a continuing violation ceases. *See* Opp. at 17. However, Plaintiffs ignore the more recent and better reasoned Louisiana appellate authority which explicitly held that the continuing violation doctrine does not apply to LUTPA claims. *See Glod v. Baker*, 899 So.2d 642, 646-49 (La. Ct. App. 2005). Similarly, Plaintiffs erroneously rely upon *Southwest* for the proposition that the LPLA is not "the exclusive remedy for the economic costs of fixing the defective product itself." Opp. at 18. But *Southwest* is not supportive because it did not involve a LUTPA claim; it merely provides that the LPLA does not necessarily bar a redhibition claim. 947 F. Supp. 2d at 686. In contrast, the cases from VWGoA's moving brief, MTD at 15-16, are directly on point and establish that Plaintiff Gray's LUTPA claim fails because (1) it expired in March 2013, one year

---

[12] *See* MTD at 15 (discussing Plaintiff Wilson's complaints "about the road noise").

after she purchased her vehicle, and (2) it is barred by the LPLA, which was intended to foreclose LUTPA claims against manufacturers. *See id*; *see also*, *e.g.*, *Bracey v. C.B. Fleet Holding Co.*, 2006 WL 3733808, at *2 (E.D. La. Dec. 15, 2006) (dismissing LUTPA claim because "the exclusivity of the LPLA is well-established. . . ."). Accordingly, Plaintiffs cannot bypass the "absolute" limitations period of one year from purchase and the Louisiana legislature's intent to bar LUTPA claims against manufacturers. *See* MTD at 15-16.

       D.  Plaintiffs' California Claims Fail

       There is no dispute that to successfully plead UCL, CLRA, FAL and common law fraud claims, the California Plaintiff was required to allege, with 9(b) specificity, actual reliance on VWGoA's alleged misrepresentations and omissions. *See* MTD at 17-18. Plaintiffs point to paragraphs 23-25, 32-33, 128-129 and 131-134 of the AC, Opp. at 18, but each of those allegations is either an omnibus, summary claim of reliance not personal to the California Plaintiff (¶¶ 23-25 & 32-33), or relates to post-purchase issues (¶¶ 128-129 & 131-134). None of these allegations establishes the essential element of reliance, and these claims therefore fail.[13]

       E.  Plaintiffs' Economic Loss Arguments are Unavailing

       Plaintiffs' attempt to avoid application of the economic loss rule to the Florida, Missouri, and Pennsylvania fraud claims is unavailing. Opp. at 18. Plaintiffs cannot benefit from a fraudulent inducement exception under Missouri law because that exception "is subject to a widely recognized limitation [applicable here] that where the" fraud "concerns the quality . . . of the goods sold, the economic loss doctrine bars the fraud claim because it is substantially redundant with warranty claims." *Flynn v. CTB, Inc.*, 2015 WL 5692299, at *12 (E.D. Mo. Sept. 28, 2015). Further, recent decisions in this District have dismissed fraud claims under Florida law where, as here, the alleged fraud relates to the quality or character of the product sold. *Vazquez v. GM, LLC*, 2018 WL 447644, at *5 (S.D. Fla. Jan. 16, 2018); *Leon v. Cont'l AG*, 2017 WL 8180721, at *15 (S.D. Fla. Mar. 20, 2017).[14] Finally, under Pennsylvania law, the economic loss rule applies to

---

[13] Plaintiffs cannot save the Georgia common-law fraud claim by conclusorily asserting that VWGoA "directed its dealers to make" false representations regarding the defect. Opp. at 19 (citing AC ¶¶ 24-25, 32). As Plaintiff Glasband merely alleged that he had his vehicle inspected prior to purchasing it from a third party—and not that he consulted with or complained to a dealership—the referenced paragraphs of the AC do not pertain to him. AC ¶ 139.

[14] *Global Quest*, cited by Plaintiffs, is distinguishable because there the Eleventh Circuit held that the allegedly fraudulent representations were not included in the contract. 849 F.3d at 1031. Here,

claims for common law fraud.  As a court recently noted, "no state appellate court has undermined" the Third Circuit's prediction "that the economic loss doctrine would operate to preclude claims for fraudulent misrepresentation." *Pansini v. Trane Co.,* 2018 WL 1172461, at *6 (E.D. Pa. Mar. 6, 2018); *see Davidson v. Apple, Inc.,* 2017 WL 3149305, at *11 (N.D. Cal. July 25, 2017) (Pa. law).

      F.   The Ohio Statutory Class Claims Must be Dismissed

      Plaintiffs argue that the Eleventh Circuit's decision in *Lisk* bars application of the Ohio statutory class requirements.  Opp. at 19-20.  This is incorrect.  In *Helpling v. Rheem Mfg. Co.,* 2016 WL 1222264 (N.D. Ga. Mar. 23, 2016), the court, analyzing the Ohio statute at issue here and the Alabama statute at issue in *Lisk*, determined that the Ohio statute "is quite different than both the New York statute at issue in *Shady Grove* and the ADTPA at issue in *Lisk*." *Id.* at *14 (explaining that the Ohio provision, unlike the other statutes, defines when "a consumer has a cause of action . . . in the first place").  Thus, as *Lisk* "does not help in analyzing" the Ohio statute, the court followed "every court to reach the question," and held that O.R.C. § 1345.09(B) is not displaced by Rule 23. *Id.* The Ohio class claims here fail for the same reasons.[15]

<h1 style="text-align:center;">CONCLUSION</h1>

      For the foregoing reasons, VWGoA's motion should be granted and Plaintiffs' Amended Complaint dismissed; together with such other and further relief as the Court deems just and proper.

Dated:  March 30, 2018                   Respectfully submitted,

                                   By: /s/ Stanley H. Wakshlag
                                   Stanley H. Wakshlag
                                   E-mail: shw@knpa.com
                                   Kenny Nachwalter, P.A.
                                   1441 Brickell Avenue, Suite 1100
                                   Miami, FL 33131
                                   Telephone: (305) 373-1000
                                   Facsimile: (305) 372-1861

---

by contrast, Plaintiffs allege that the warranty booklets contained false and misleading information. AC ¶¶ 233-237.

[15] Although *Lisk* seems to foreclose application of the Utah class action requirement, VWGoA notes that "*Lisk* has not been widely followed" and "most courts outside of [the Eleventh] circuit implicitly or explicitly disagree[] with its interpretation of *Shady Grove*." *Delgado v. Ocwen Loan Servicing, LLC*, 2017 WL 5201079, at *10 (E.D.N.Y. Nov. 9, 2017).

Jeffrey L. Chase (*pro hac vice*)
jchase@herzfeld-rubin.com
Michael B. Gallub (*pro hac vice*)
mgallub@herzfeld-rubin.com
Homer B. Ramsey (*pro hac vice*)
hramsey@herzfeld-rubin.com
HERZFELD & RUBIN, P.C.
125 Broad Street
New York, NY 10004
Tel.: (212) 471-8500

*Attorneys for Volkswagen Group of America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this on March 30, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in the manner stated in the service list attached.

/s/ Stanley H. Wakshlag
Stanley H. Wakshlag

**SERVICE LIST**
**US District Court, Southern District of Florida**
**Case No. 17-cv-23033-SCOLA-TORRES**
*Lila Wilson, et al. v. Volkswagen Group of America, Inc.*

**PODHURST ORSECK, P.A.**
Roy K. Altman
E-mail: raltman@podhurst.com
Dayron Silverio
E-mail: dsilverio@podhurst.com
One SE 3rd Avenue, Suite 2700
Miami, Florida 33131
**VIA CM/ECF**

**KREHER & TRAPANI, LLP**
Peter Kreher
E-mail: pete@krehertrapani.com
Francesco P. Trapani
E-mail: frank@krehertrapani.com
1325 Spruce St.
Philadelphia, PA 19107
**VIA CM/ECF**

**POGUST BRASLOW & MILLROOD, LLC**
Harris Pogust
E-mail: hpogust@pbmattorneys.com
Andrew J. Sciolla
E-mail: asciolla@pbmattorneys.com
Eight Tower Bridge, Suite 940
161 Washington Street
Conshohocken, PA 19428
**VIA CM/ECF**

**Attorneys for Plaintiffs**