EXHIBIT A

## SETTLEMENT AGREEMENT

Plaintiffs Lila Wilson, Matthew Martino, Thomas Wilson, Teresa Garella, Mary Blue, Brian Maytum, Leigh Glasband, Nick Panopoulos, Carissa Macchione, Sydnee Johnson, Debbie Gray, Lorne Spelrm and Ismael Orrantia ("Plaintiffs") and Volkswagen Group of America, Inc. and Volkswagen AG ("Defendants") (collectively, the "Parties"), by and through their counsel, enter into this Settlement Agreement ("Settlement Agreement" or "Agreement"), providing for the settlement ("Settlement") of all claims that were asserted or that could have been asserted in the Actions described below, pursuant to the terms and conditions set forth below, and subject to the approval of the Court in the Actions.

## RECITALS

WHEREAS, a putative class action was filed against Defendants on August 10, 2017 entitled *Lila Wilson, Matthew Martino, Thomas Wilson, Teresa Garella, Mary Blue, Ryan Brown, Brian Maytum, Leigh Glasband and Nick Panopoulos, on behalf of themselves and all others similarly situated v. Volkswagen Group of America, Inc. and Volkswagen AG*, Civil Action No. 1:17-cv-23033, in the United States District Court for the Southern District of Florida (hereinafter, the "Wilson Action"), claiming a defect in the suspension system of the Settlement Class Vehicles;

WHEREAS, an Amended Class Action Complaint was filed in the Wilson Action on November 20, 2017 adding *Carissa Macchione, Sydnee Johnson, Jorge Cruz, Debbie Gray, Lorne Spelrm and Ismael Orrantia* as plaintiffs;

WHEREAS, a putative class action was filed against Defendants on August 14, 2017 entitled *Matthew Martino, Thomas Wilson, Teresa Garella, Mary Blue, Ryan Brown, Brian Maytum, Leigh Glasband and Nick Panopoulos, on behalf of themselves and all others similarly situated v. Volkswagen Group of America, Inc. and Volkswagen AG*, Civil Action No. 1:17-cv-

1

06035, in the United States District Court for the District of New Jersey (hereinafter, the "Martino Action"), claiming a defect in the suspension system of the Settlement Class Vehicles;

WHEREAS, the Court entered an Order on February 2, 2018, transferring the Martino Action to the United States District Court for the Southern District of Florida for all further proceedings;

WHEREAS, the Court entered an Order on September 26, 2018, granting in part the Defendants' motion to dismiss and dismissing certain of the claims in the Wilson Action;

WHEREAS, Defendants deny Plaintiffs' allegations and claims in the Wilson and Martino Actions.  Defendants maintain, *inter alia*, that the Settlement Class Vehicles and their suspension systems are not defective, that the Settlement Class Vehicles' tires were and are not subject to improper, excessive or premature wear, that no applicable warranties were breached, that no applicable statutes, laws, rules or regulations were violated, that the Settlement Class Vehicles, their tires and all related components and systems were properly designed, manufactured, tested, inspected, distributed, marketed, advertised and sold, that all recommendations, instructions and warnings applicable to maintenance and servicing of the Settlement Class Vehicles, including their tires, were proper and reasonable, and that Defendants have not engaged in any wrongdoing whatsoever;

WHEREAS, the Parties, following certain pretrial proceedings, discovery, investigation and careful analysis of their respective claims and defenses, and with full understanding of the risks, expense and uncertainty of continued litigation, desire to compromise and settle all issues and claims that were or could have been brought in the Wilson Action and the Martino Action by or on behalf of Plaintiffs and members of the Settlement Class;

WHEREAS, the Parties agree that neither this Settlement Agreement, nor the underlying Settlement, shall constitute or be construed as any admission of liability or wrongdoing of any kind on the part of Defendants or any Released Party, which is expressly denied, or that the Defendants deny that Plaintiffs' claims or similar claims are or would be suitable for class treatment if the Wilson Action and/or Martino Action proceeded through litigation and trial;

WHEREAS, this Settlement Agreement is a compromise of vigorously disputed claims, is the result of extensive arm's length negotiations between the Parties, and is fair, adequate and reasonable;

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth below, the Parties hereby agree as follows:

## I.    DEFINITIONS

### A.    "Wilson Action" or "Wilson Lawsuit"

"Wilson Action" or "Wilson Lawsuit" refers to Civil Action No. 1:17-cv-23033, entitled *Lila Wilson et al. v. Volkswagen Group of America, Inc. and Volkswagen AG*, pending in the United States District Court for the Southern District of Florida.

### B.    "Martino Action" or "Martino Lawsuit"

"Martino Action" or "Martino Lawsuit" refers to Civil Action No. 1:17-cv-06035, entitled *Matthew Martino, et al., vs. Volkswagen Group of America, Inc. and Volkswagen AG*, pending in the United States District Court for the Southern District of Florida.  The Wilson Action and Martino Action are also collectively referred to in this Agreement as the "Action."

### C.    "Claim Administrator"

The "Claim Administrator" will be Epiq Global.

**D.     "Claim" or "Claim for Reimbursement"**

"Claim" or "Claim for Reimbursement" shall mean the timely submission of the required fully executed claim form and required accompanying proof in which a Settlement Class Member seeks to claim reimbursement that is available under, and in the manner provided by, the terms of this Settlement Agreement.

**E.     "Claim Form"**

"Claim Form" refers to the form that must be fully completed and executed in order to request reimbursement under the terms of this Settlement Agreement, substantially in the form attached hereto as Exhibit 1.

**F.     "Class Counsel" or "Plaintiffs' Counsel"**

"Class Counsel" or "Plaintiffs' Counsel" shall mean Podhurst Orseck, PA, Kreher & Trapani LLP, and Pogust Millrood.

**G.     "Class Notice Plan"**

"Class Notice Plan" means the plan for disseminating Class Notice to the Settlement Class as set forth in Section IV of this Settlement Agreement.

**H.     "Court"**

"Court" refers to the United States District Court for the Southern District of Florida.

**I.     "Effective Date"**

"Effective Date" means the first date after (1) the Court enters a Final Order and Judgment approving the Settlement Agreement, substantially in the form attached hereto as Exhibit 2, and (2) all appellate rights with respect to said Final Order and Judgment, other than those related solely to any award of attorneys' fees, costs/expenses or incentive payments, have expired or been exhausted in such a manner as to affirm the Final Order and Judgment.

**J.    "Final Order and Judgment"**

The "Final Order and Judgment" means the Final Order and Judgment approving the

Settlement Agreement and dismissing the Wilson Action and Martino Action with prejudice as

to Defendants.

**K.     "Notice Date"**

"Notice Date" means the date by which Notice of this Settlement is to be mailed to the

Settlement Class.  The Notice Date shall be agreed upon by the Parties but in no event more than

one hundred (100) days after the Court enters a Preliminary Approval Order, substantially in the

form attached hereto as Exhibit 3.

**L.    "OE Continental ContiProContact Tire"**

"OE Continental ContiProContact Tire" means a Continental ContiProContact model tire

bearing dimensions 235/45R17 or 235/40R18, 94 load index and H speed rating, that was

original equipment on a Settlement Class Vehicle.

**M.    "Proof of Adherence to the Vehicle's Maintenance Schedule"**

"Proof of Adherence to the Vehicle's Maintenance Schedule" shall mean submission of

documents and records evidencing the Settlement Class Member's adherence to those aspects of

the Settlement Class Vehicle's maintenance schedule set forth in the Warranty and Maintenance

Booklet that are applicable to the vehicle's tires, including rotation of the tires every 10,000

miles of tire use, during the time he/she/it owned and/or leased the vehicle up to the date/mileage

of tire replacement, within a variance of five percent (5%) of the scheduled mileage tire rotation

requirements.

In the event the Settlement Class Member is unable to obtain maintenance documents and

records despite having undertaken a good faith effort to obtain them, the Settlement Class

Member may submit a Declaration under penalty of perjury detailing what efforts were made to

obtain the records and attesting to adherence to the vehicle maintenance schedule, up to the date/mileage of tire replacement, within the five percent (5%) variance set forth above.

Disputes as to the sufficiency of said documentation or declaration shall be submitted to and resolved by the Claims Administrator agreed to by the parties.  In the event the Claims Administrator makes a preliminary determination that the proof or declaration submitted in support of the claim is deficient, the Claims Administrator will send the Settlement Class Member a letter advising of the deficiencies.  The Settlement Class Member will have forty-five (45) days from the date of the Claim Administrator's letter to cure the deficiencies or the claim will be rejected.  This provision does not apply to claims that, based on the proof submitted, do not qualify for reimbursement benefits under the terms of the Settlement.

**N.      "Proof of Tire Replacement Expense"**

"Proof of Tire Replacement Expense" shall take the form of:

 (i) an original or legible copy of an invoice or other record or combination of records that show the following information:

1.      the claimant's name;

2.      the make and model of the Settlement Class Vehicle;

3.      the date of tire replacement;

4.      the name of the authorized Volkswagen dealer that performed the qualifying tire replacement, or if performed by an independent servicing center, the name and address of that independent servicing center; and

5.      the cost of the tire replacement and proof of the Settlement Class Member's payment for the tire replacement; and

(ii) an original or legible copy of an invoice or other record or combination of records that show the following information, or a signed declaration attesting that the Settlement Class

Member was unable to obtain such records despite a good faith effort and providing the following information under penalty of perjury:

1.      the vehicle identification number (VIN) of the Settlement Class Vehicle;

2.      the approximate date the replaced tire was installed on the Settlement Class Vehicle, and the number of miles the replaced tire was driven since the installation of said tire on the Settlement Class Vehicle, approximated within 500 miles;

3.      that the replaced tire was an OE Continental ContiProContact Tire or another tire possessing the Relevant Tire Specifications; and

4.      that the tire was replaced because it had Qualifying Tire Wear as defined below.

Disputes as to the sufficiency of said documentation shall be submitted to and resolved by the Claims Administrator agreed to by the parties.  In the event the Claims Administrator makes a preliminary determination that the documentary proof submitted is deficient, the Claims Administrator will send the Settlement Class Member a letter advising of the deficiencies.  The Settlement Class Member will have forty-five (45) days from the date of the Claim Administrator's letter to cure the deficiencies or the claim will be rejected.  This provision does not apply to claims that, based on the proof submitted, do not qualify for reimbursement benefits under the terms of the Settlement.

O.      **"Proof of Tire Rotation Expense"**

"Proof of Tire Rotation Expense" shall take the form of:

(i) an original or legible copy of an invoice or other record or combination of records showing the following information:

1.      the claimant's name;

2.      the make and model of the Settlement Class Vehicle;

3.      the date of tire rotation;

4. the name of the authorized Volkswagen dealer that performed the qualifying tire rotation, or if performed by an independent servicing center the name and address of that independent servicing center; and

5. the cost of the tire rotation and proof of the Settlement Class Member's payment for the tire rotation; and

(ii) an original or legible copy of an invoice or other record or combination of records that show the following information, or a signed declaration attesting that the Settlement Class Member was unable to obtain such records despite a good faith effort, and providing the following information under penalty of perjury:

1. the vehicle identification number (VIN) of the Settlement Class Vehicle; and

2. the approximate date of the last tire rotation and the number of miles the tires were driven since their last rotation, approximated within 500 miles.

Disputes as to the sufficiency of said documentation shall be submitted to and resolved by the Claims Administrator agreed to by the parties. In the event the Claims Administrator makes a preliminary determination that the documentary proof submitted is deficient, the Claims Administrator will send the Settlement Class Member a letter advising of the deficiencies. The Settlement Class Member will have forty-five (45) days from the date of the Claim Administrator's letter to cure the deficiencies or the claim will be rejected. This provision does not apply to claims that, based on the proof submitted, do not qualify for reimbursement benefits under the terms of the Settlement.

P.      **"Qualifying Tire Wear"**

"Qualifying Tire Wear" means sawtooth, heel-to-toe/heel and toe, cupping (also known as chopping or scalloping) or other excessive uneven tire wear.  Illustrations of the Qualifying Tire Wear are provided in Exhibit 4.

Q.      **"Released Claims" or "Settled Claims"**

"Released Claims" or "Settled Claims" means any and all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, entitlements, losses, actions, rights of action and remedies of any kind, nature and description, whether known or unknown, asserted or unasserted, foreseen or unforeseen, regardless of any legal or equitable theory, existing now or arising in the future, by Plaintiffs and any and all Settlement Class Members (including their successors, heirs, assigns and representatives) which in any way relate to the suspension system and related components of, tire rotation and maintenance recommendations, instructions and warnings concerning, and/or excessive, uneven and/or premature wear of original or replacement tires of, Settlement Class Vehicles, including but not limited to all matters and claims that were or could have been asserted in the Action. Said Released Claims or Settled Claims include all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, entitlements, losses, actions, rights of action and remedies of any kind, nature and description arising under any state, federal or local statute, law, rule and/or regulation, under any federal, state or local consumer protection, consumer fraud, unfair business practices or deceptive trade practices statutes or laws, under common law, and under any legal or equitable theories whatsoever including tort, contract, products liability, negligence, fraud, misrepresentation, concealment, consumer protection, restitution, quasi-contract, unjust enrichment, express and/or implied warranty, Magnuson-Moss Warranty Act, Song-Beverly Consumer Warranty Act, California Commercial Code, Uniform Commercial Code and any federal, state or local derivations thereof,

any Lemon Law, New York General Business Law §349, *et seq*., secret warranty and/or any

other theory of liability and/or recovery, whether in law or in equity, and for any and all injuries,

losses, damages, remedies, recoveries or entitlements of any kind, nature and description, in law

or in equity, under statutory and/or common law, including, but not limited to, compensatory

damages, economic losses or damages, exemplary damages, punitive damages, statutory

damages, statutory penalties or rights, restitution, unjust enrichment, and any other legal or

equitable relief.  This release expressly exempts claims for personal injuries and property

damage (other than damage to the Settlement Class Vehicles and/or their original or replacement

tires).

   **R.**  **"Released Parties"**

  "Released Parties" shall mean Volkswagen Group of America, Inc., Volkswagen AG,

Volkswagen Credit, Inc., Audi of America, Inc., Audi of America, LLC, Audi AG, Volkswagen

Group of America Chattanooga Operations, LLC, Continental Tire the Americas, LLC,

Continental AG, all designers, manufacturers, assemblers, distributors, importers, retailers,

marketers, advertisers, testers, inspectors, sellers, OEM original parts suppliers, component

suppliers, lessors, warrantors, dealers, repairers and servicers of the Settlement Class Vehicles

and each of their component parts and systems including all original and replacement tires and

accessories that are or were installed on Settlement Class Vehicles, all of their past and present

directors, officers, shareholders, principals, partners, employees, agents, servants, assigns and

representatives, and all of the aforementioned persons' and entities' attorneys, insurers, trustees,

vendors, contractors, heirs, executors, administrators, successor companies, parent companies,

subsidiary companies, affiliated companies, divisions, trustees and representatives.

S.      **"Relevant Tire Specifications"**

"Relevant Tire Specifications" means a tire with the same dimensions (235/45R17 or 235/40R18) as the OE Continental ContiProContact Tire, and the same or higher load index (94) and speed rating (H) as the OE Continental ContiProContact Tire.

T.      **"Settlement Class" or "Settlement Class Members"**

"Settlement Class" or "Settlement Class Members" refers to: "All persons and entities who, as of the Notice Date, purchased or leased a Settlement Class Vehicle, as defined in Section I (V) of this Agreement, in the United States of America and Puerto Rico."

Excluded from the Settlement Class are (a) anyone claiming solely personal injury, property damage (other than to the vehicle itself) and/or subrogation; (b) all Judges who have presided over the Wilson Action and Martino Action and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (d) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (e) any used car dealer or person/entity engaged in the business of selling used cars; (f) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendants or any Released Parties from any Released Claims, and (k) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

U.     **"Settlement Class Vehicles"**

"Settlement Class Vehicles" means model year 2009 through 2017 Volkswagen CC vehicles imported and distributed by Defendant Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico.

II.    **SETTLEMENT CONSIDERATION**

In consideration for the full and complete Release of all Released Claims against all Released Parties, and the dismissal of the Wilson Action and Martino Action with prejudice, Defendants agree to provide the following consideration to the Settlement Class:

A.     **Future Tire Rotations.**

Upon the Effective Date of the Settlement, each Settlement Class Vehicle will be issued a certificate of eligibility for current owners and/or lessees to receive up to two (2) free tire rotations—a benefit that will be automatically transferred and will remain with the subject vehicle upon the sale of the vehicle—for said vehicle,[1] to be performed at recommended tire rotation intervals by an authorized Volkswagen dealer, until the Settlement Class Vehicle reaches an original odometer mileage of one hundred ten thousand (110,000) miles.  In order to receive a free tire rotation, current owners and lessees of Settlement Class Vehicles shall present to any authorized Volkswagen dealership in the United States or Puerto Rico, the certificate of eligibility that will be made available for download via the Settlement website or, if the Settlement Class Member so requests, will be made available by the Claim Administrator.  The certificate of eligibility will be limited to two (2) free tire rotations per Settlement Class Vehicle and may be redeemed, at the Settlement Class Member's option, consistent with the

---

[1] The certificate of eligibility will only apply for the particular class vehicle, and cannot be transferred to apply to any other vehicle.

recommended tire rotation interval, at an authorized Volkswagen dealer, until the Settlement

Class Vehicle reaches an original odometer mileage of 110,000 miles.[2]

Owners and lessees of Settlement Class Vehicles should continue to have their tires

rotated in accordance with the intervals recommended by the manufacturer of said tires.

Therefore, they should not redeem a certificate for a free tire rotation at a time prior to reaching

the tire manufacturer's recommended tire rotation mileage interval from the mileage on the

vehicle at the last rotation of said tires.

**B.     Pro Rata Reimbursement for Past Unreimbursed Out-of-Pocket Expenses for Qualifying Tire Wear Replacements That Were Paid For Prior to the Effective Date and Within 35,000 Miles of Tire Usage.**

Settlement Class Members that submit qualifying and timely claims will, upon the

Effective Date of the Settlement, be entitled to a pro rata reimbursement for certain past

unreimbursed out-of-pocket tire replacement expenses that were incurred and paid for prior to

the Effective Date and within 35,000 miles of use of said replaced tire, as follows:

1.     If, prior to the Effective Date, an OE Continental ContiProContact Tire or a

replacement tire having the Relevant Tire Specifications on a Settlement Class Vehicle was

replaced at an authorized Volkswagen dealership or at an independent service center due to

exhibiting Qualifying Tire Wear, and said tire replacement was performed within 35,000 miles

since the date of installation of said tire on the same Settlement Class Vehicle, the Settlement

Class Member will be entitled to receive a pro rata reimbursement of certain out-of-pocket

expenses he/she/it had paid for said tire replacement, in an amount to calculated based upon the

following formula: (1 – (tire mileage/35,000)) x (cost of replacement tire).

---

[2] This means, until the mileage of Settlement Class Vehicle reaches 110,000 miles from the vehicle's first use ever.

13

2.      The Claim Form and Settlement website shall provide the illustrations of types of Qualifying Tire Wear, set forth in Exhibit 4, in order to facilitate identification of the type of Qualifying Tire Wear on a Settlement Class Vehicle that will qualify for pro rata reimbursement under this provision.

3.      Any pro rata reimbursement pursuant to paragraph 1 of this section shall be limited to a maximum of $209.00 for each qualifying 235/45R17 replacement tire, and $254.00 for each qualifying 235/40R18 replacement tire.

4.      As an example, if, prior to the Effective Date of the Settlement, an OE Continental ContiProContact Tire or tire having the Relevant Tire Specifications was replaced due to Qualifying Tire Wear at 21,000 miles of use after the tire was installed on the Settlement Class Vehicle, and the replacement cost paid by the Settlement Class Member was $200.00, and the Settlement Class Member submits the proof and satisfies the terms and conditions set forth in this Agreement, then the Settlement Class Member would receive a pro rata reimbursement in an amount calculated as follows: $(1 - (21{,}000/35{,}000)) \times (\$200.00) = \$80.00$.

5.      <u>Limitations</u>:

a.      To qualify for reimbursement under this section, the tire exhibiting Qualifying Tire Wear must be either (1) an OE Continental ContiProContact Tire or (2) a tire with the same Relevant Tire Specifications as the OE Continental ContiProContact Tire.

b.      If the replaced tire exhibiting Qualifying Tire Wear was installed by an authorized Volkswagen dealership (not by an independent service center), and the Settlement Class Member has been unable, despite having undertaken a good faith effort, to obtain records demonstrating that the tire was an OE Continental ContiProContact Tire or tire with the same

14

Relevant Tire Specifications, then said tire will be presumed to possess the Relevant Tire Specifications unless the Settlement Class Member requested that the dealership install a tire that did not possess the Relevant Tire Specifications.

      c.     Any reimbursement shall be reduced by any warranty, carefree maintenance, goodwill, coupon, reimbursement, refund or other concession for the tire replacement paid or provided by an authorized Volkswagen dealership, tire manufacturer or supplier including but not limited to Continental Tire North America, Inc., their affiliates, and/or any other entity (including insurers and providers of extended warranties or service contracts), up to no reimbursement if the Settlement Class Member received free tire replacement.

      d.     Any tire exhibiting a blowout, puncture, laceration, cut, or similar damage to the tire from an external source (i.e., damage that is not encompassed in Qualifying Tire Wear) does not qualify for reimbursement under this Section.

      e.     Any tire wear caused by accident, crash, road hazard, an external source, racing or improper operation or maintenance, including but not limited to improper inflation, improper load, improper speed, misalignment, improper mounting/demounting, does not qualify for coverage under this Section.

      f.     This Settlement shall not create, and is not to be construed as creating, any warranty by Defendants, express or implied, relating to any original or replacement tires on Settlement Class Vehicles. Nor shall this Settlement displace, modify or in any way affect any warranties, applicable to the tires on Settlement Class Vehicles, that were issued by any tire manufacturer, supplier or seller of said tires, or by any other entities.

6.      The following proof must be submitted, and conditions satisfied, in order for a Settlement Class Member to be eligible for a reimbursement under this section:

a.      The Claim is mailed to the Claim Administrator, post-marked no later than one hundred fifty (150) days after the Notice Date.  If the Effective date of the Settlement occurs on a date that is more than 150-days from the Notice Date, and during the period of time between the end of the 150-day claim period and the Effective Date a Settlement Class Member incurs an out-of-pocket expense that is covered for reimbursement under the terms of this Section (§ II.B.) of the Agreement, said Settlement Class Member may submit a claim to the Claim Administrator within thirty (30) days after the Effective Date;

b.      The Claim contains a properly completed and executed Claim Form;

c.      If the claimant is not a person to whom the Claim Form was addressed, and/or the vehicle with respect to which a Claim is made is not the vehicle identified by VIN number on the mailed Claim Form, the Claim contains proof that the claimant is a Settlement Class Member and that the vehicle is a Settlement Class Vehicle;

d.      The Claim contains the proper Proof of Tire Replacement Expense and Proof of Adherence to the Vehicle's Maintenance Schedule demonstrating the Settlement Class Member's right to reimbursement under the terms of this Settlement Agreement; and

e.      The Settlement Class Member has not previously been reimbursed for his/her/its expenses for which reimbursement is being sought under this Settlement.

7.      The Claim Administrator's denial of any Claim, subject to the Claim Administrator's obligation to inform Settlement Class Members of deficient supporting information and the Settlement Class Member's opportunity to cure such deficiency, as specified in Sections I.M-O, shall be binding and non-appealable, except that Class Counsel and

16

Defendants' counsel may confer and attempt to resolve any disputed denial by the Claim Administrator.

### C.     Pro Rata Reimbursement for Past Unreimbursed Out-of-Pocket Expenses for Qualified Tire Rotations That Were Paid For Prior to the Effective Date and Within 9,000 Miles of Tire Usage from the Last Tire Rotation.

Settlement Class Members that submit qualifying and timely claims will, upon the Effective Date of the Settlement, be entitled to a pro rata reimbursement for certain past unreimbursed out-of-pocket tire rotation expenses that were incurred and paid for prior to the Effective Date of the Settlement and within 9,000 miles of tire usage from the last, most recent tire rotation, as follows:

1.     If, prior to the Effective Date of the Settlement, a tire rotation was performed on a Settlement Class Vehicle at an authorized Volkswagen dealership or at an independent service center, and said tire rotation was performed within 9,000 miles after either the date of the last rotation of the same tires, or, if the tire(s) had not previously been rotated, the date of installation of said tire(s) on the Settlement Class Vehicle, the Settlement Class Member will be entitled to receive a pro rata reimbursement of certain out-of-pocket expenses that he/she/it had paid for said tire rotation, in an amount to be calculated based upon the following formula: $(1 - (\text{tire mileage}/9,000)) \times (\text{cost of tire rotation})$.

2.     Any pro rata reimbursement pursuant to paragraph 1 of this section shall be limited to a maximum of $56.00 for each qualifying tire rotation.

3.     As an example, if, prior to the Effective Date, a Settlement Class Vehicle had a tire rotation performed at 6,000 miles after the last tire rotation of the same tires, at a cost of $45.00, and the Settlement Class Member submits the proof and satisfies the terms and

17

conditions set forth in this Agreement, then the Settlement Class Member would receive a pro rata reimbursement in an amount calculated as follows: $(1 - (6,000/9,000))$ x $(\$45.00)$ = $15.00

4.  <u>Limitations</u>:

a.  Any reimbursement shall be reduced by any warranty, carefree maintenance, goodwill, coupon, reimbursement, refund or other concession paid or provided by an authorized Volkswagen dealership, tire manufacturer or supplier including but not limited to Continental Tire North America, Inc., their affiliates, and/or any other entity (including insurers and providers of extended warranties or service contracts), up to no reimbursement if the Settlement Class Member received free tire rotation.

b.  This Settlement does not create, and is not to be construed as creating, any warranty by Defendants, express or implied, relating to any tire rotations performed on Settlement Class Vehicles.

5.  The following proof must be submitted, and conditions satisfied, in order for a Settlement Class Member to be eligible for a reimbursement under this section:

a.  The Claim is mailed to the Claim Administrator, post-marked no later than one hundred fifty (150) days after the Notice Date.  If the Effective date of the Settlement occurs on a date that is more than 150-days from the Notice Date, and during the period of time between the end of the 150-day claim period and the Effective Date a Settlement Class Member incurs an out-of-pocket expense that is covered for reimbursement under the terms of this Section (S.II.B.) of the Agreement, said Settlement Class Member may submit a claim to the Claim Administrator within thirty (30) days after the Effective Date;

b.  The Claim contains a properly completed and executed Claim Form;

18

      c.     If the claimant is not a person to whom the Claim Form was addressed, and/or the vehicle with respect to which a Claim is made is not the vehicle identified by VIN number on the mailed Claim Form, the Claim contains proof that the claimant is a Settlement Class Member and that the vehicle is a Settlement Class Vehicle;

      d.     The Claim contains the proper Proof of Tire Rotation Expense demonstrating the Settlement Class Member's right to reimbursement under the terms of this Settlement Agreement; and

      e.     The Settlement Class Member has not previously been reimbursed for his/her/its expenses for which reimbursement is being sought under this Settlement.

6.     The Claim Administrator's denial of any Claim, subject to the Claim Administrator's obligation to inform Settlement Class Members of deficient supporting information and the Settlement Class Member's opportunity to cure such deficiency, as specified in Sections I.M-O, shall be binding and non-appealable, except that Class Counsel and Defendants' counsel may confer and attempt to resolve any disputed denial by the Claim Administrator.

## III.   CLAIMS ADMINISTRATION

### A.   Costs of Administration and Notice

Defendants shall be responsible for the costs of class notice and settlement administration.  The Parties retain the right to audit and review the claims handling by the Claim Administrator, and the Claim Administrator shall report to both parties jointly.

### B.   Administration

1.     For each approved reimbursement claim, the Claim Administrator, on behalf of Defendants, shall mail to the Settlement Class Member, at the address listed on the

Claim Form, a reimbursement check to be sent within seventy-five (75) days of the date of receipt of the Claim, or within seventy-five (75) days of the Effective Date, whichever is later.

## IV.    NOTICE

A.    To Attorneys General:  In compliance with the Attorney General notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715, the Claim Administrator shall provide notice of this proposed Settlement to the Attorney General of the United States, and the Attorneys General of each state in which a known Settlement Class Member resides.

B.    To the Settlement Class:  The Claim Administrator shall be responsible for the following Settlement Class Notice Plan:

1.    On an agreed upon date with the Claim Administrator within one hundred (100) days after entry of the Preliminary Approval Order, the Claim Administrator shall cause individual Class Notice, substantially in the form attached hereto as Exhibit 5, together with the Claim Form, substantially in the form attached hereto as Exhibit 1, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members.  Defendants may format the Class Notice in such a way as to minimize the cost of the mailing, so long as Settlement Class Members can reasonably read it and Class Counsel approves all changes and formatting.  The Claim Administrator shall be responsible for dissemination of the Class Notice.

2.    For purposes of identifying Settlement Class Members, the Claim Administrator shall obtain from IHS Markit the names and current or last known addresses of Settlement Class Vehicle owners and lessees that can reasonably be obtained, and the VINs of Settlement Class Vehicles.

3.      Prior to mailing the Class Notice, an address search through the United States Postal Service's National Change of Address database will be conducted to update the address information for Settlement Class Vehicle owners and lessees.  For each individual Class Notice that is returned as undeliverable, the Claim Administrator shall re-mail all Class Notices where a forwarding address has been provided.  For the remaining undeliverable notice packets where no forwarding address is provided, the Claim Administrator shall perform an advanced address search (e.g. a skip trace) and re-mail any undeliverable to the extent any new and current addresses are located.

4.      The Claim Administrator shall diligently, and/or as reasonably requested by Class Counsel or Defendants' counsel, report to Class Counsel and Defendants' counsel the number of individual Class Notices originally mailed to Settlement Class Members, the number of individual Class Notices initially returned as undeliverable, the number of additional individual Class Notices mailed after receipt of a forwarding address, and the number of those additional individual Class Notices returned as undeliverable.

5.      The Claim Administrator shall, upon request, provide Class Counsel and Defendants' counsel with the names and addresses of all Settlement Class Members to whom the Claim Administrator sent a Class Notice pursuant to this section.

6.      The Claim Administrator shall implement a Settlement website containing:

(i)      instructions on when and how to submit a Claim for reimbursement either by mail or online submission;

(ii)     instructions on how to contact the Claim Administrator, Defendants' Counsel and Class Counsel for assistance;

(iii)    a means by which a current owner or lessee of a Settlement Class Vehicle may download or otherwise request a copy of the vehicle's

21

certificate of eligibility for free future tire rotations covered under this Settlement;

(iv)    a copy of the Claim Form, Class Notice and this Settlement Agreement; and

(v)    any other relevant information agreed upon by counsel for the Parties.

7.    No later than ten (10) days after the Notice Date, the Claim Administrator shall provide an affidavit to Class Counsel and Defendants' counsel, attesting that the Class Notice was disseminated in a manner consistent with the terms of this Agreement or those required by the Court.

8.    Notice shall be available in both English and Spanish.

## V.    RESPONSE TO NOTICE

### A.    Objection to Settlement

1.    Any Settlement Class Member who intends to object to the fairness of this Settlement Agreement must, by the date specified in the Preliminary Approval Order and recited in the Class Notice, which date shall be approximately thirty (30) days after the Notice Date ("Objection Deadline"), file any such objection via the Court's electronic filing system, and if not filed via the Court's electronic system, must mail the objection to the Court, and serve by first-class mail copies of the objection upon: Peter Prieto and Matthew P. Weinshall, Podhurst Orseck, P.A., One S.E. 3rd Avenue, Suite 2300, Miami, Florida 33131 on behalf of Class Counsel, and Michael B. Gallub, Herzfeld & Rubin, P.C., 125 Broad Street, New York, New York 10004 on behalf of Defendants.  To be considered timely, an objection must be either filed with the Court via the Court's electronic filing system by the Objection Deadline, or received by the Court, Class Counsel, and Defendants' Counsel by the Objection Deadline.

2.    Any objecting Settlement Class Member must include with his or her objection:

22

(i)      the objector's full name, address, telephone number, and signature;

(ii)      the model, model year and Vehicle Identification Number of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

(iii)      a written statement of all grounds for the objection accompanied by any legal support for such objection;

(iv)      copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection; and

(v)      a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years, including the full case name with jurisdiction in which it was filed and the docket number.  If the Settlement Class Member or his, her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he/she/it shall affirmatively so state in the objection.

3.      Moreover, subject to the approval of the Court, any objecting Settlement Class Member may appear, in person by counsel, at the final fairness hearing to explain why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or Settlement Class Representative incentive awards. The objecting Settlement Class Member must, by the Objection Deadline, file with the Clerk of the Court and serve upon all counsel designated in the Notice a notice of intention to appear at the fairness hearing. The notice of intention to appear must include copies of any papers, exhibits, or other evidence and identity of witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) intends to present to the Court in

connection with the fairness hearing. Any Settlement Class Member who does not provide a notice of intention to appear in accordance with the deadlines and other specifications set forth in the Notice, or who has not filed an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice, may be deemed to have waived any objections to the Settlement and any adjudication or review of the Settlement, by appeal or otherwise.

**B.      Request for Exclusion from the Settlement**

Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion ("Request for Exclusion") to the Claim Administrator at the address specified in the Class Notice by the date specified in the Preliminary Approval Order and recited in the Class Notice.  To be effective, the Request for Exclusion must:

1.      include the Settlement Class Member's full name, address and telephone number;

2.      identify the model, model year and VIN of the Settlement Class Vehicle; and

3.      specifically and unambiguously state his, her or its desire to be excluded from the Settlement Class.

4.      Any request or exclusion must be postmarked on or before the deadline set by the Court, which date shall be approximately thirty (30) days after the Notice Date.  Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper address, shall be subject to and bound by this Settlement Agreement, the Release and every order or judgment entered relating to this Settlement Agreement.

5.      The Claim Administrator will receive purported Requests for Exclusion and will follow guidelines developed jointly by Class Counsel and Defendants' counsel for determining whether they meet the requirements of a Request for Exclusion.  Any communications from

Settlement Class Members (whether styled as an exclusion request, an objection or a comment) as to which it is not readily apparent whether the Settlement Class Member meant to exclude himself, herself or itself from the Settlement Class will be evaluated jointly by counsel for the Parties, who will make a good faith evaluation, if possible.  Any uncertainties about whether a Settlement Class Member is requesting exclusion from the Settlement Class will be submitted to the Court for resolution.  The Claim Administrator will maintain a database of all Requests for Exclusion, and will send the original written communications memorializing those Requests for Exclusion to Class Counsel and Defendants' counsel.  The Claim Administrator shall report the names and addresses of all such persons and entities requesting exclusion to the Court, Class Counsel and Defendants' Counsel within eighteen (18) days prior to the Final Hearing, and the list of persons and entities deemed by the Court to have excluded themselves from the Settlement Class will be attached as an exhibit to the Final Order and Judgment.

## VI.    WITHDRAWAL FROM SETTLEMENT

**1.    Plaintiffs or Defendants shall have the option to withdraw from this Settlement Agreement, and to render it null and void, if any of the following occurs:**

(a)    The preliminary or final approval of this Settlement Agreement is not obtained without modification;

(b)    Any modification required by the Court for approval is not agreed to by both parties, and the withdrawing party deems any required modification in good faith to be material (e.g., because it increases the cost of the Settlement, or deprives the withdrawing party of a benefit of the Settlement; a mere delay of the approval and/or implementation of the Settlement including a delay due to an appeal procedure, if any, shall not be deemed material); or

(c)     Entry of the Final Order and Judgment described in this Agreement is vacated by the Court or vacated, reversed, or substantially modified by an appellate court, except that a reversal or modification of an order awarding reasonable attorneys' fees and costs and expenses, if any, shall not be a basis for withdrawal.

2.     The Defendants shall, in addition, have the option to withdraw from this Settlement Agreement prior to the final fairness hearing, and to render it null and void, if more than five percent (5%) of the persons and entities identified as being members of the Settlement Class exclude themselves from the Settlement Class.

3.     To withdraw from this Settlement Agreement under this paragraph, the withdrawing party must provide written notice to the other party's counsel and to the Court within ten (10) business days of receipt of any order or notice of the Court rejecting, modifying, adding or altering any of the material terms or conditions of this Agreement.  In the event either party withdraws from the Settlement, this Settlement Agreement shall be null and void, shall have no further force and effect with respect to any party in the Wilson Action or Martino Action, and shall not be offered in evidence or used in the Wilson Action or Martino Action or any other litigation for any purpose, including the existence, certification or maintenance of any purported class.  In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be inadmissible as evidence and without prejudice to the Defendants and Plaintiffs, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter or proposition of law, and shall not be used in any manner for any purpose, and all parties to the Wilson Action and Martino Action shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.  In the event of any such

withdrawal, any attorneys' fees and expenses previously paid to Class Counsel, and any service awards previously paid to Class Representatives, shall be returned to Volkswagen within 14 calendar days of such withdrawal.  Upon withdrawal, either party may elect to move the Court to vacate any and all orders entered pursuant to the provisions of this Settlement Agreement.

4.      A change in law, or change of interpretation of present law, that affects this Settlement shall not be grounds for withdrawal from the Settlement.

## VII.   ADMINISTRATIVE OBLIGATIONS

A.      In connection with the administration of the Settlement, the Claim Administrator shall maintain a record of all contacts from Settlement Class Members regarding the Settlement, any reimbursement claims submitted pursuant to the Settlement and any responses thereto.  The Claim Administrator, on a monthly basis, shall provide to Class Counsel and Defendants' counsel summary information concerning the number of reimbursement claims made, number of claims validated, number of returned claims for incompleteness, and total dollar amount of payouts on claims made, the number of claims rejected and the total dollar amount of claims rejected, such that Class Counsel and Defendants' counsel may reasonably inspect and monitor the claims process.

B.      Except as otherwise stated in this Agreement, all expenses incurred in administering this Settlement Agreement, including, without limitation, the cost of the Class Notice, and the cost of distributing and administering the benefits of the Settlement Agreement, shall be paid by Defendants.

## VIII.  SETTLEMENT APPROVAL PROCESS

### A.      Preliminary Approval of Settlement

Promptly after the execution of this Settlement Agreement, Class Counsel shall present this Settlement Agreement to the Court, along with a motion requesting that the Court issue a Preliminary Approval Order substantially in the form attached as Exhibit 3.

**B.      Final Approval of Settlement**

1.      If this Settlement Agreement is preliminarily approved by the Court, Class Counsel shall present a motion requesting that the Court issue a Final Order and Judgment directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b) substantially in the form attached as Exhibit 2.

2.      The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein.  Such best efforts shall include taking all reasonable steps to secure entry of a Final Order and Judgment, as well as supporting the Settlement and the terms of this Settlement Agreement through any appeal.

**C.      Plaintiffs' Application for Attorney Fees and Incentive Awards**

1.      The Parties agree that Class Counsel may, pursuant to Fed. R. Civ. P. 23(h) and *Camden I Condo. Assoc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), apply to the Court for a combined award of reasonable attorneys' fees and expenses (hereinafter, collectively, "Class Counsel Fees and Expenses") in an amount of, and not exceeding, the total sum of $7,700,000 (seven million and seven hundred thousand dollars).  Defendants will not oppose Class Counsel's application for Class Counsel Fees and Expenses in the combined amount of and not

28

exceeding $7,700,000, and Class Counsel shall not be awarded, and shall not accept, any amount of Class Counsel Fees and Expenses exceeding said combined amount.  Each party shall have the right to appeal to the extent the award for Class Counsel Fees and Expenses is inconsistent with this Agreement.

2.      Plaintiffs believe that Defendants should pay service awards to the individual named Plaintiffs in the Action, each of whom have served as putative class representative in the Action.  Upon finalization of this Settlement Agreement, the Parties have agreed that Defendants will not oppose Plaintiffs' request, made as part of the Fee and Expense Application, that Defendants pay service awards of $2,500.00 to each of the following named Plaintiffs who have served as putative class representatives in the Wilson Action only (and not in the Martino Action): Lila Wilson, Matthew Martino, Thomas Wilson, Teresa Garella, Mary Blue, Brian Maytum, Leigh Glasband, Nick Panopoulos, Carissa Macchione, Sydnee Johnson, Debbie Gray, Lorne Spelrem and Ismael Orrantia ("Settlement Class representatives").

3.      The Class Counsel Fees and Expenses and Settlement Class representative service awards shall be paid as directed by the Court by wire transfer, check or other mutually agreeable fashion to Podhurst Orseck, P.A. as follows: Eighty percent (80%) of the amount of the judicially approved Class Counsel Fees and Expenses shall be paid by Defendants within fourteen (14) days after entry of the Final Order and Judgment for Class Counsel Fees and Expenses and service awards (the "Up-Front Payment"), and the remaining twenty percent (20%) of the judicially approved Class Counsel Fees and Expenses shall be paid by Defendants within thirty (30) days after the final resolution of any appeals, if any, relating to the Class Counsel Fees and Expenses awarded, provided that the approved amounts are not reversed or modified as a result of any said appeals.  As a condition for and prior to making the Up-Front Payment, each Class

Counsel shall execute in favor of Defendants, and deliver to Defendants through their counsel Herzfeld & Rubin, P.C., a valid and binding written Guarantee of re-payment to Defendants of the full amount of the Up-Front Payment in the event that the award of Class Counsel Fees and Expenses is reversed or modified as a result of any appeals.  Said Guarantee shall comply with the laws, rules and regulations of all jurisdictions in which Class Counsel are located.  Said payments shall fully satisfy and discharge all obligations of Defendants and the Released Parties with respect to payment of the Class Counsel Fees and Expenses and Settlement Class representative service awards.

4.      The procedure for and the grant or denial or allowance or disallowance by the Court of the Fee and Expense Application are not part of the Settlement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.  Any order or proceedings relating solely to the Class Counsel Fees and Expenses Application, or any appeal from any order related thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the Effective Date of this Agreement.

### D.      Release of Plaintiffs' and Settlement Class Members' Claims

1.      Upon the Effective Date, the Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, completely and forever released, acquitted and discharged the Released Parties from all Released Claims.

2.      Upon the Effective Date, with respect to the Released Claims, the Plaintiffs and Settlement Class Members, as applicable, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know

30

or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

3.      Upon the Effective Date, the Wilson Action and Martino Action will be deemed dismissed with prejudice.

## IX.   MISCELLANEOUS PROVISIONS

### A.   Effect of Exhibits

The exhibits to this Agreement are an integral part of the Settlement and are expressly incorporated and made a part of this Agreement.

### B.   No Admission of Liability

Neither the fact of, nor any provision contained in this Agreement, nor any action taken hereunder, shall constitute, or be construed as, any admission of the validity of any claim or any fact alleged in the Wilson Action or Martino Action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendants and the Released Parties, or any admissions by Defendants and the Released Parties of any claim or allegation made in any action or proceeding against them.  The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be offered or be admissible in evidence against Defendants, the Released Parties, the Plaintiffs or the Settlement Class Members, or cited or referred to in the Wilson Action or Martino Action or any action or proceeding, except in an action or proceeding brought to enforce the terms of this Agreement.

### C.   Entire Agreement

This Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements and understandings relating to the subject matter of this Agreement.  The Parties acknowledge, stipulate and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or

understanding concerning any part or all of the subject matter of this Agreement has been made or relied on except as expressly set forth in this Agreement.  No modification or waiver of any provisions of this Agreement shall in any event be effective unless the same shall be in writing and signed by the person or party against whom enforcement of the Agreement is sought.

### D.    Arm's-Length Negotiations and Good Faith

The Parties have negotiated all of the terms and conditions of this Agreement at arm's length.  All terms, conditions and exhibits in their exact form are material and necessary to this Agreement and have been relied upon by the parties in entering into this Agreement.

### E.    Continuing Jurisdiction

The Parties agree that the Court may retain continuing and exclusive jurisdiction over them, including all Settlement Class Members, for the purpose of the administration and enforcement of this Agreement.

### F.    Binding Effect of Settlement Agreement

This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, attorneys, heirs, successors and assigns.

### G.    Extensions of Time

The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice (subject to Court approval as to Court-scheduled dates).

### H.    Service of Notice

Whenever, under the terms of this Agreement, a person is required to provide service or written notice to Defendants' counsel or Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other parties in writing, of a successor individual or address:

<u>As to Plaintiffs:</u>      Peter Prieto, Esq.
Matthew P. Weinshall, Esq.
Podhurst Orseck, P.A.
One S.E. 3rd Avenue, Suite 2300
Miami, FL 33131

<u>As to Defendants:</u>     Michael B. Gallub, Esq.
Herzfeld & Rubin, P.C.
125 Broad Street
New York, NY 10004

### I.    Authority to Execute Settlement Agreement

Each counsel or other person executing this Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so.

### J.    Return of Confidential Materials

All documents and information designated as "confidential" and produced or exchanged in the Wilson Action and Martino Action, shall be returned or destroyed in accordance with the terms of the Stipulated Protective Order entered by the Court on August 7, 2018.

### K.    No Assignment

The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the litigation or any related action.

### L.    No Third-Party Beneficiaries

This Agreement shall not be construed to create rights in, or to grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party (other than Settlement Class Members themselves) as a beneficiary of this Agreement.

### M.    Construction

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement and,

33

therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**N.**     **Captions**

The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

IN WITNESS HEREOF, the parties have caused this Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.

*ON BEHALF OF PLAINTIFFS:*

Dated:          July 26, 2019

Matthew P. Weinshall
Podhurst Orseck, P.A.
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131

*ON BEHALF OF DEFENDANTS:*

Dated    July 26, 2019

Michael B. Gallub
Herzfeld & Rubin, P.C.
125 Broad Street
New York, New York 10004

# **EXHIBIT 1**

**Claim Forms**

# VW CC TIRE REPLACEMENT CLAIM FORM

You Must Complete And Submit This Form And Provide The Specified Records To Receive Reimbursement For The Cost Of Replacing Tires Under The Settlement Agreement In *Wilson v. Volkswagen Group of America, Inc.*, No. 17-cv-23033 (S.D. Fla.).

## SIX STEPS FOR SUBMITTING A CLAIM FOR REIMBURSEMENT:

**(1)     Verify Your Contact Information:**

If your contact information is incorrect, please correct it on the lines provided below:

*Name:* _____

*Address:* _____

_____

*City* _____

State _____  *Zip-code* _____

*Telephone number* (          ) _____

*Vehicle ID Number (VIN):* _____

**(2)     Provide A Receipt Or Other Records (Original Or Copies) For The Tire Replacement(s):**

The receipt or records must include the following information:

(a)      Your name;

(b)      The make and model of your vehicle that had qualifying tire replacement(s);

(c)      The date of each qualifying tire replacement;

(d)      The number of tire(s) that were replaced;

(e)      The name of the authorized Volkswagen dealership that performed each tire replacement, or if performed by an independent service center, the name and address of that independent service center; and

(f)      Proof of payment, including the amount paid, for each qualifying tire replacement.

**(3)     Provide A Receipt Or Other Records (Original or Copies), Or If You Are Unable To Obtain the Records, Provide Written Answers, Containing The Following Required Information:**

(a)      Required Information: The Vehicle Identification Number (VIN) of your vehicle.

Submit a receipt or other document(s) containing this information.  If you are unable to provide a receipt or document(s), state the required information and describe the good faith efforts you made to obtain the records including who you contacted and when you were told that the documents are not available:

_____

_____

(b)    Required Information: For each tire replacement, if it was performed by an independent service center (not by an authorized Volkswagen dealership), the replaced tire had specifications that met those recommended for your vehicle (either a Continental ContiProContact model tire bearing dimensions 235/45R17 or 235/40R18, 94 load index and H speed rating, or a tire with these same specifications).

    Submit a receipt or other document(s) containing this information.  If you are unable to provide a receipt or document(s), answer the following questions:

- Answer the following "Yes" or "No" - Did the replaced tire(s) have specifications that met those recommended for your vehicle (either a Continental ContiProContact model tire bearing dimensions 235/45R17 or 235/40R18, 94 load index and H speed rating, or a tire with these same specifications)?:

    _____

- If "Yes," please check one of the following boxes and/or, if applicable, fill in the missing information, that reflects your knowledge:

    o   ___ - The replaced tire(s) was/were on the vehicle when I purchased or leased it from an authorized Volkswagen dealer,

    o   ___ - The replaced tire(s) was/were on the vehicle when I purchased it from someone other than an authorized Volkswagen dealer, and the seller told me that said tire(s) met the correct specifications for my vehicle;

    o   ___ - I purchased the replaced tire(s) from an independent service center  or other entity that sells tires (not an authorized Volkswagen dealer), and I was told the following about the specifications of that/those tire(s):

    _____

    _____

- A description of the good faith efforts you made to obtain the requested records including who you contacted and when you were told that the documents were not available:

    _____

    _____

(c)    Required Information: The approximate date each replaced tire was installed on your vehicle, and the number of miles each replaced tire was driven before it was replaced, approximated within 500 miles.

    Submit a receipt or other document(s) containing this information.  If you are unable to provide a receipt or document(s), state the required information and describe the good

faith efforts you made to obtain the records including who you contacted and when you were told that the documents were not available:

_____

_____

(d)      Required Information: Each tire for which reimbursement is sought was replaced because it had Qualifying Tire Wear defined as sawtooth, heel-to-toe/heel and toe, cupping (also known as chopping or scalloping) or other excessive uneven tire wear, as illustrated in the pictures below.

Submit a receipt or other document(s) containing this information.  If you are unable to provide a receipt or document(s), describe the good faith efforts you made to obtain the records including who you contacted and when you were told that the documents were not available, and circle the picture below, if any, that shows the type of wear the tire(s) had:

_____

_____

**HEEL-TO-TOE / HEEL AND TOE WEAR:**





**SAWTOOTH WEAR:**



**OTHER EXCESSIVE UNEVEN TIRE WEAR:**



(e)     Required Information: Tire rotations were performed on your vehicle within every 9,500 miles to 10,500 miles of tire use before the tire(s) was/were replaced.

Submit a receipt or other document(s) containing this information.  If you are unable to provide a receipt or document(s), state whether tire rotations were performed on your vehicle within every 9,500 miles to 10,500 miles of tire use before the tire(s) was/were replaced, and describe the good faith efforts you made to obtain the records including who you contacted and when you were told that the documents are not available.

_____

_____


**(4)     Answer the Following Questions:**

(a)     Was any tire replaced as a result of blowout, puncture, laceration, cut, or similar damage to the tire from an external source?

☐ YES  ☐ NO

If you answered YES, list the number of tires that had such damage: _____

(b)    Was the wear to any tire caused by an accident, crash, road hazard, an external source, racing or improper operation or maintenance, including but not limited to improper inflation, improper load, improper speed, misalignment, or improper mounting/demounting?

☐ YES  ☐ NO

If you answered YES, list the number of tires that had such wear: _____

(c)    For the amount of the tire replacement cost for which you are seeking to be reimbursed, did you receive any payment, credit, coverage, concession or reimbursement for any part of that amount from any other source, including from any warranty, carefree maintenance program, goodwill coupon or reduction, or other full or partial reimbursement or refund (for example, by a Volkswagen dealership, a tire company such as Continental Tire North America, Inc., or any insurance, extended warranty, service contract or other source)?

☐ YES  ☐ NO

If you answered YES, list the total amount of the cost for which you received a payment, reimbursement, coverage, credit, or concession:

$_____

(d)    For each tire replacement that was performed by an authorized Volkswagen dealership (not by an independent service center), did the authorized Volkswagen dealership install the tire, at your request, with specifications **different** than those recommended for the vehicle and tire (235/45R17 or 235/40R18, 94 load index, and H speed rating)?

☐ YES  ☐ NO

If you answered YES, state the number of tires that were installed with these different specifications: _____

## (5)    Sign & Date:

All the information that I (we) supplied in this Tire Replacement Claim Form is true and correct to the best of my (our) knowledge and belief and this document is signed under penalty of perjury.

| | |
|---|---|
| | |
| Signature | Date |

**(6)**     **Mail Claim Form and Paperwork so that it is postmarked by _____ to:**

Settlement Administrator
Epiq Global
[Address]

OR

**Submit The Claim Form and Paperwork Online At [WEBSITE XXXX] by**
**_____**

For more information please view the Class Notice, call the Claims Administrator at 1-XXX-XXX-XXXX
or visit www._____.com

# VOLKSWAGEN CC TIRE ROTATION CLAIM FORM

You Must Complete And Submit This Form And The Specified Records To Receive Reimbursement For The Cost Of Rotating Tires Under The Settlement Agreement In *Wilson v. Volkswagen Group of America, Inc.*, No. 17-cv-23033 (S.D. Fla.).

## SIX STEPS FOR SUBMITTING A CLAIM FOR REIMBURSEMENT:

**(1)      Verify Your Contact Information:**

If your contact information is incorrect, please correct it on the lines provided below:

*Name:* _____

*Address:* _____

_____

*City* _____

State _____ *Zip-code* _____

*Telephone number*     (      ) _____

*Vehicle ID Number (VIN):* _____

**(2)      Provide a Receipt or Other Records (original or copies) For The Tire Rotation(s):**

Your documentation must show:

- Your name;

- The make and model of your vehicle that had the tire rotation(s);

- The date of each tire rotation;

- The name of the authorized Volkswagen dealership that performed the tire rotation(s), or if performed by an independent service center, the name and address of that independent service center; and

- Proof of payment including the amount paid for the tire rotation(s).

**(3)      Provide A Receipt Or Other Records (Original or Copies), Or If You Are Unable To Provide Records, Provide Written Answers, Containing The Following Required Information:**

(a)      Required Information: The Vehicle Identification Number (VIN) of your vehicle.

Submit a receipt or other document(s) containing this information.  If you are unable to provide a receipt or document(s), state the required information and describe the efforts you made to obtain the records including who you contacted and when you were told that the documents are not available:

_____

_____

(b)     Required Information: The approximate date of each tire rotation, and the number of miles the tires were driven before they were rotated, approximated within 500 miles.

Submit a receipt or other document(s) containing this information.  If you are unable to provide a receipt or document(s), state the required information and describe the good faith efforts you made to obtain the records including who you contacted and when you were told that the documents are not available:

_____

_____

**(4)     Answer The Following Question:**

Have you received any payment, credit, or reimbursement for any part of the amount that you paid for the tire rotation(s), from any other source, including from any warranty, carefree maintenance program, goodwill coupon or reduction, or other full or partial reimbursement or refund (for example, by a Volkswagen dealership, a tire company such as Continental Tire North America, Inc., or any insurance, extended warranty or service contract or other source)?

☐ YES  ☐ NO

If you answered YES, list the total amount of the cost for which you received a payment, reimbursement, coverage, concession or credit:

$_____

**(5)     Sign & Date:**

All the information that I (we) supplied in this Tire Rotation Claim Form is true and correct to the best of my (our) knowledge and belief and this document is signed under penalty of perjury.

| | |
|---|---|
| | |
| Signature | Date |

**(6)**     **Mail Claim Form and Paperwork so that it is postmarked by _____ to:**

Settlement Administrator
Epiq Global
[Address]

OR

**Submit The Claim Form and Paperwork Online At [WEBSITE XXXX] by**

**_____**

For more information please view the Class Notice, call the Claims Administrator at 1-XXX-XXX-XXXX
or visit www._____.com

# EXHIBIT 2

**Proposed Final Approval Order & Final Judgment**


**[To Be Submitted With Final Approval Order]**

# **EXHIBIT 3**

**Proposed Preliminary Approval Order**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

S.D. Fla. Case No. 1:17-cv-23033-SCOLA

LILA WILSON, MATTHEW MARTINO,
THOMAS WILSON, TERESA GARELLA,
MARY BLUE, BRIAN MAYTUM, LEIGH
GLASBAND, NICK PANOPOULOS,
CARISSA MACCHIONE, SYDNEE JOHNSON,
DEBBIE GRAY, LORNE SPELREM, and
ISMAEL ORRANTIA, on behalf of themselves
and all others similarly situated,

     **Plaintiffs**

v.

VOLKSWAGEN GROUP OF AMERICA, INC.
and VOLKSWAGEN, AG,

     **Defendants.**

_____/

## ORDER PRELIMINARILY APPROVING CLASS
## SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

The Parties to the above-captioned class action currently pending against Volkswagen

Group of America, Inc. and Volkswagen, AG (collectively "Defendants" or "Volkswagen") have

agreed to a proposed settlement, the terms and conditions of which are set forth in an executed

Settlement Agreement (the "Settlement"). The Parties reached the Settlement through arm's-

length negotiations over several months. Under the Settlement, subject to the terms and

conditions therein and Court approval, Plaintiffs and the proposed Class would fully, finally, and

forever resolve, discharge, and release their economic damages claims against the Released

Parties in exchange for Volkswagen's agreement to provide certain categories of benefits to the

Settlement Class Members ("Class Members"), reimburse eligible Class Members on a pro rata

basis for certain past qualifying expenses incurred purchasing replacement tires and rotating their

tires, and pay for the cost of the Class Notice Plan, Claim Administrator, service awards to the Settlement Class Representatives, and Class Counsel's attorney's fees and expenses, pursuant to the terms, conditions and limitations set forth in the Settlement.[1]

The Settlement has been filed with the Court, and Plaintiffs have filed an Unopposed Motion for Preliminary Approval of Volkswagen Class Settlement, Preliminary Certification of Settlement Class, and Approval of Class Notice (the "Motion"), for settlement purposes only. Upon considering the Motion and exhibits thereto, the Settlement, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and Parties to these proceedings; (2) the proposed Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure[2] and should be preliminarily certified for settlement purposes only; (3) the persons and entities identified below should be appointed class representatives, and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel and is not the result of collusion; (5) the Settlement is fair, reasonable, and adequate and should be preliminarily approved; (6) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class; (7) the proposed Class Notice Plan, proposed forms of notice, and proposed Claim Forms satisfy Rule 23 and Constitutional Due Process requirements, and are reasonably calculated under the circumstances to apprise the Class of the pendency of the Action, preliminary class certification for settlement purposes only, the terms of the Settlement, Class Counsel's forthcoming application for an award of attorneys' fees and expenses ("Fee and

---

[1] Capitalized terms shall have the definitions and meanings accorded to them in the Settlement Agreement.
[2] All citations to the Rules shall refer to the Federal Rules of Civil Procedure.

2

Expense Application") and/or request for service awards for Plaintiffs, their rights to opt-out of the Class and/or object to the Settlement, and the process and timing for submitting a Claim to request pro rata reimbursement for past, qualifying out-of-pocket tire replacement and tire rotation expenses; (8) good cause exists to schedule and conduct a Fairness Hearing, pursuant to Rule 23(e), to assist the Court in determining whether to grant final approval of the Settlement, certify the Class, for settlement purposes only, and issue a Final Order and Final Judgment, and whether to grant Class Counsel's Fee and Expense Application and request for service awards for the Settlement Class Representatives; and (9) the other related matters pertinent to the preliminary approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.       The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331 and 1332.

2.       Venue is proper in this District.

<u>Preliminary Class Certification for Settlement Purposes Only and Appointment of Class Representatives and Class Counsel</u>

3.       It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to preliminarily certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial.  *Id*.; *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

3

4.      The Court finds, for settlement purposes, that the Rule 23 factors are satisfied and that preliminary certification of the proposed Class is appropriate under Rule 23. The Court, therefore, preliminarily certifies the following Class:

> All persons and entities who, as of the Notice Date, purchased or leased a Settlement Class Vehicle in the United States of America and Puerto Rico.

5.      "Settlement Cass Vehicles" are defined as model year 2009 through 2017 Volkswagen CC vehicles imported and distributed by Defendant Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico.

6.      Excluded from the Settlement Class are (a) anyone claiming solely personal injury, property damage (other than to the vehicle itself) and/or subrogation; (b) all Judges who have presided over the Wilson Action and Martino Action and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (d) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (e) any used car dealer or person/entity engaged in the business of selling used cars; (f) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendants or any Released Parties from any Released Claims; and (k) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

7.      Specifically, the Court finds, for settlement purposes, that the Class satisfies the following factors of Rule 23:

(a)      Numerosity: In the Action, approximately 120,000 or more individuals, spread out across the country, are members of the proposed Class. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members "from a wide geographical area").

(b)      Commonality: The threshold for commonality under Rule 23(a)(2) is not high. "[C]ommonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (internal quotation marks omitted); *see also Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 313 (S.D. Fla. 2001) (same). Here, the commonality requirement is satisfied for settlement purposes because there are common questions of law and fact that center on Volkswagen's sale of Settlement Class Vehicles equipped with allegedly defective suspension systems, as alleged in the in the operative First Amended Complaint.

(c)      Typicality: The Plaintiffs' claims are typical of the Class for purposes of this Settlement because they concern the same general alleged conduct, arise from the same legal theories, and allege the same types of harm and entitlement to relief.  Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d)        Adequacy: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the Class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant*, 202 F.R.D. at 314. Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiffs and the absent Class Members, and Plaintiffs have retained competent counsel to represent them and the Class. Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiffs and Class Counsel have vigorously and competently represented the Class Members' interests in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Emps. Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e)        Predominance and Superiority: Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for more than 120,000 Class Members in a single, coordinated proceeding is superior to having numerous individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law ... ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc*., 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and can be resolved for all Class Members in a single

common judgment.

8.    The Court appoints the following persons as class representatives: Lila Wilson, Matthew Martino, Thomas Wilson, Teresa Garella, Mary Blue, Brian Maytum, Leigh Glasbland, Nick Ponopoulos, Carissa Macchione, Sydnee Johnson, Debbie Gray, Lorne Spelrem, and Ismael Orrantia.

9.    The Court appoints the following persons and entities as Settlement Class Counsel:

Peter Prieto, Esq.
Matthew P. Weinshall, Esq.
PODHURST ORSECK, P.A.
Suntrust International Center
One S.E. 3rd Avenue, Suite 2700
Miami, Florida 33131
Phone: (305) 358-2800
Email:  pprieto@podhurst.com
Email: mweinshall@podhurst.com
Lead Settlement Class Counsel

Francesco P. Trapani, Esq.
Peter J. Kreher, Esq.
KREHER & TRAPANI, LLP
1325 Spruce St.
Philadelphia, PA 19107
Phone: (215) 907-7290
Fax: (215) 907-7287
Email: frank@krehertrapani.com

Harris L. Pogust, Esq.
Pogust & Braslow LLC
161 Washington Street, Suite 940
Conshohocken, PA 19428
Phone: (610) 941-4204
Fax: (610) 941-4245
Email: hpogust@pbmattorneys.com

<u>Preliminary Approval of the Settlement</u>

10.     At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 NEWBERG ON CLASS ACTIONS § 11.26 (4th ed. 2010). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646-CIV, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). "Settlement negotiations that involve arm's-length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness." *Almanazar v. Select Portfolio Servicing, Inc.*, No. 14-cv-22586-FAM, 2015 WL 10857401, at *1 (S.D. Fla. Oct. 15, 2015). *See* MANUAL FOR COMPLEX LITIGATION, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

11.     The Court preliminarily approves the Settlement, and the exhibits appended to the Motion, as fair, reasonable and adequate under Rule 23. The Court finds that the Settlement was reached in the absence of collusion, and is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits appended to the Motion, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Class, as set forth below and in the Settlement, and schedule a Fairness Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter Final Judgment.

<u>Approval of Notice and Notice Program and Direction to Effectuate
the Notice and Outreach Programs</u>

12.     The Court approves the form and content of the notices to be provided to the Class, substantially in the forms appended as Exhibit 5 to the Settlement Agreement. The Court further finds that the Notice Plan, described in Section IV of the Settlement, is the best practicable under the circumstances. The Notice Plan is reasonably calculated under the circumstances to apprise the Class of the pendency of the Action, class certification for settlement purposes only, the terms of the Settlement, their rights to opt-out of the Class and object to the Settlement, Class Counsel's Fee and Expense Application, and the request for service awards for Plaintiffs. The notices and Notice Plan constitute sufficient notice to all persons and entities entitled to notice. The notices and Notice Plan satisfy all applicable requirements of law, including, but not limited to, Rule 23 and the constitutional requirement of due process.  The Court finds that the forms of notice are written in simple terminology, are readily understandable by Class Members and comply with the Federal Judicial Center's illustrative class action notices.  The Court orders that the notices be disseminated to the Class as per the Notice Plan.

13.     The Court preliminarily approves and directs that Epiq Global act as the Claim Administrator.

14.     The Claim Administrator shall implement the Notice Plan, as set forth in the Settlement, using substantially the forms of notice appended as Exhibit 5 to the Settlement Agreement and approved by this Order. Notice shall be provided to the Class Members pursuant to the Notice Plan, as specified in section IV of the Settlement and approved by this Order.

<u>Fairness Hearing, Opt-Outs, and Objections</u>

15.     The Court directs that a Fairness Hearing shall be scheduled [**during the week of December 2, 2019 at _____ a.m./p.m.**], to assist the Court in determining whether to grant Final Approval to the Settlement, certify the Settlement Class, and enter the Final Order and Final Judgment, and whether Class Counsel's Fee and Expense Application and request for service awards for the Class Representatives should be granted.

16.     Potential Class members who timely and validly exclude themselves from the Class shall not be bound by the Settlement Agreement, the Settlement, or the Final Order and Final Judgment.  If a potential Class member files a request for exclusion, he/she/it may not assert an objection to the Settlement Agreement.  The Claim Administrator shall provide copies of any requests for exclusion to Class Counsel and Volkswagen's Counsel as provided in the Settlement Agreement.

17.     The Court directs that any person or entity within the Class definition who wishes to be excluded from the Class may exercise his, her, or its right to opt out of the Class by following the opt-out procedures set forth in the Class Notice form at any time during the opt-out period. To be valid and timely, opt-out requests must be postmarked on or before the last day of the Opt-Out Period (the "Opt-Out Deadline"), which is **November 20, 2019**, must be mailed to Wilson v. Volkswagen Claim Administrator, PO Box 3207, Portland, OR 97208-3207; Class Counsel, Peter Prieto, Podhurst Orseck, P.A., One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131; and Defense Counsel, Michael B. Gallub, Herzfeld & Rubin P.C., 125 Broad Street, New York, NY 10004, and must include:

(i)      the full name, telephone number, and address of the person or entity seeking to be excluded from the Class;

(ii)     the model, model year, and vehicle identification number ("VIN") of the

10

person's or entity's vehicle, and the approximate date(s) of purchase or lease;

(iii) an explicit and unambiguous statement that such person or entity wishes to be excluded from the Settlement in *Wilson v. Volkswagen Group of America, Inc.*, 1:17-cv-23003-SCOLA (S.D. Fla.), and

(iv) the signature of the person or entity seeking to be excluded from the Class (if the person or entity seeking to be excluded from the Class is represented by counsel, it must also be signed by such counsel).

18. The Opt-Out Deadline shall be specified in the Class Notice form. All persons and entities within the Class definition who do not timely and validly opt out of the Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the Releases set forth in Section and Section I.Q and Section VIII of the Settlement.

19. The Court further directs that any person or entity in the Class who does not opt out of the Class may object to the Settlement, Class Counsel's Fee and Expense Application, and/or the request for service awards for the Class Representatives. Any such objections must be mailed to the Clerk of the Court, Class Counsel, and counsel for Defendants, at the following addresses:

(a) Clerk of the Court
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Miami, FL 33128

(b) Class Counsel
Peter Prieto
PODHURST ORSECK, P.A.
One S.E. 3rd Avenue, Suite 2300
Miami, FL 33131

(c) Counsel for Defendants
Michael B. Gallub
HERZFELD & RUBIN P.C.
125 Broad Street

11

New York, NY 10004

20.     For an objection to be considered by the Court, the objection must be received by the Court no later than the Opt-Out Deadline of **November 20, 2019**, must be addressed to the addresses listed in the preceding paragraph and in the Class Notice form, and must include the following:

(i)     the case name, *Wilson v. Volkswagen Group of America, Inc.*, Civil Action No. 1:17-cv-23033-SCOLA;

(ii)    the objector's full name, current address, and telephone number;

(iii)   the model year and VIN of your vehicle and proof that you own(ed) or lease(d) the vehicle;

(iv)    a statement of all your factual and legal grounds for objecting;

(v)     any documents and/or briefs supporting your objection;

(vi)    a statement of whether you intend to appear at the Fairness Hearing;

(vii)   a detailed list of any other objections submitted by objector or the objector's counsel to any class action settlements submitted in any court in the previous five (5) years or an affirmative statement that the Settlement Class member and/or his or her counsel has not objected to any other class action settlement in the previous five (5) years;

(viii)  if you intend to appear at the Fairness Hearing through counsel, the identify of all attorneys representing you who will appear at the Fairness Hearing; and

(ix)    the objector's signature.

21.     Any objection that fails to satisfy these requirements and any other requirements found in the Class Notice form shall not be considered by the Court.

## Further Papers in Support of Settlement and Fee and Expense Application

22.     Plaintiffs shall file their Motion for Final Approval of the Settlement and
Incorporated Memorandum of Law, and Class Counsel shall file their request for attorneys' fees,
costs and expenses ("Fee and Expense Application") and request for service awards for
Plaintiffs, no later than **November 1, 2019**.  If Volkswagen chooses to file a memorandum of
law in support of final approval of the Settlement, it also must do so no later than **November 1,
2019**.

23.     Plaintiffs and Class Counsel shall file their responses to timely filed objections to
the Motion for Final Approval of the Settlement and the Fee and Expense Application no later
than **November 27, 2019**. If Volkswagen chooses to file a response to timely filed objections to
the Motion for Final Approval of the Settlement, it also must do so no later than **November 27,
2019**.

## Effect of Failure to Approve the Settlement or Termination

24.     In the event the Settlement is not approved by the Court, or for any reason
the Parties fail to obtain a Final Order and Final Judgment as contemplated in the Settlement, or
the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(i)     All orders and findings entered in connection with the Settlement shall
become null and void and have no further force and effect, shall not be
used or referred to for any purposes whatsoever, and shall not be
admissible or discoverable in any other proceeding;

(ii)     All of the Parties' respective pre-Settlement claims and defenses will be
preserved, including, but not limited to, Plaintiffs' right to seek class
certification and Defendants' right to oppose class certification;

(iii)     Nothing contained in this Order is, or may be construed as, any
admission or concession by or against Defendants or Plaintiffs on any
point of fact or law;

13

(iv)   Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence;

(v)   Neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement, and/or any objections or interventions may be used as evidence;

(vi)   The preliminary certification of the Class pursuant to this Order shall be vacated automatically and the Actions shall proceed as though the Class had never been certified; and

(vii)   The terms in Section VI of the Settlement Agreement shall apply and survive.

<u>Stay/Bar of Other Proceedings</u>

25.   Pending the Fairness Hearing and the Court's decision whether to finally approve the Settlement, no Class Member, either directly, representatively, or in any other capacity (even those Class Members who validly and timely elect to be excluded from the Class, with the validity of the opt out request to be determined by the Court only at the Fairness Hearing), shall commence, continue or prosecute against any of the Released Parties (as that term is defined in the Agreement) any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released in the Agreement. Pursuant to 28 U.S.C. § 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action. Upon final approval of the Settlement, all Class Members who do not timely and validly exclude themselves from the Class shall be forever enjoined and barred from asserting any of the matters, Released Claims or causes of action released pursuant to the Agreement against any of the

Released Parties, and any such Class Member shall be deemed to have forever released any and all such matters, Released Claims, and causes of action against any of the Released Parties as provided for in the Agreement.

General Provisions

26.     The Court reserves the right to continue or adjourn the Fairness Hearing without further notice to the Class, except that any such continuation or adjournment shall be announced on the Settlement website.

27.     Class Counsel and Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, agreed minor changes to the Agreement, to the form or content of the Class Notice or to any other exhibits that the Parties jointly agree are reasonable or necessary.

28.     The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Agreement.

29.     Any information received by the Claim Administrator or any other person in connection with the Settlement Agreement that pertains to personal information regarding a particular Class Member (other than objections or requests for exclusion) shall not be disclosed to any other person or entity other than Class Counsel, Defendants, Defendants' Counsel, the Court and as otherwise provided in the Settlement Agreement.

30.     This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

31.     Based on the foregoing, the Court sets the following schedule for the Fairness Hearing and the actions which must precede it:

(i)     Notice shall be provided in accordance with the Notice Plan and this

Order;

(ii)    Plaintiffs shall file their Motion for Final Approval of the Settlement and Incorporated Memorandum of Law, and Class Counsel shall file their Fee and Expense Application and request for service awards for Plaintiffs, no later than **November 1, 2019**;

(iii)    If Defendants choose to file a memorandum of law in support of final approval of the Settlement, they also must do so no later than **November 1, 2019**.

(iv)    Class Members must file any objections to the Settlement, the Motion for Final Approval of the Settlement, Class Counsel's Fee and Expense Application and/or the request for service awards no later than **November 20, 2019**;

(v)    Class Members must submit requests for exclusion from the Settlement no later than **November 20, 2019**;

(vi)    The Claim Administrator must file with the Court, no later than **November 27, 2019**, (a) a list of those persons or entities who or which have opted out or excluded themselves from the Settlement; and (b) the details outlining the scope, method and results of the notice program;

(vii)    Plaintiffs and Class Counsel shall file their responses to timely filed objections to the Settlement and Fee and Expense Application no later than **November 27, 2019**;

16

(viii)   If Defendants choose to file a response to timely filed objections to the Settlement, they shall do so no later than **November 27, 2019**; and

(ix)   The Fairness Hearing will be held [**during the week of December 2, 2019 at _____ a.m./p.m.**], at the United States Courthouse, Wilkie D. Ferguson, Jr. Building, Courtroom 12-3, 400 North Miami Avenue, Miami, Florida 33128.

**DONE AND ORDERED** in Chambers at Miami, Florida this _____ day of _____ 2019.

_____
ROBERT N. SCOLA
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record

17

## EXHIBIT 4

### Illustrations of Qualifying Tire Wear

**HEEL-TO-TOE / HEEL AND TOE WEAR:**





**SAWTOOTH WEAR:**



**OTHER EXCESSIVE UNEVEN TIRE WEAR:**



# **EXHIBIT 5**

**Proposed Notice**

## CLASS NOTICE

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

<u>UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA</u>

If you have owned or leased a Volkswagen CC vehicle in the United States or Puerto Rico, you may be entitled to benefits from a class action settlement. This notice is being mailed to you because you have been identified as owning or leasing such a vehicle.

- **This is a proposed class action in which Plaintiffs have claimed that an alleged defect, and/or incorrect recommended tire rotation intervals, might potentially result in certain types of excessive uneven tire wear in certain model year Volkswagen CC vehicles.  The class action, pending in the United States District Court for the Southern District of Florida, is entitled *Wilson v. Volkswagen Group of America, Inc.*, Civil Action No. 17-cv-23033-SCOLA (the "Action" or "Lawsuit").**

- **The parties have agreed to settle the Action. This Notice explains the Action, the Settlement, your legal rights, available benefits, who is eligible for them, and how to obtain them if you are eligible. As a Settlement Class Member, you have various options that you may exercise before the Court decides whether to approve the Settlement. Additional information is available online at www._____.com.**

- **Your legal rights are affected whether you act or don't act. Read this Notice carefully.**

- **The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and after appeals, if any, are resolved.**

**Questions? Call _____ or visit www._____.com**

1

## BASIC INFORMATION

**1.   Why you received this notice.**

According to Volkswagen Group of America, Inc.'s ("VWGoA") records, you are a current or past owner or lessee of a 2009 through 2017 Volkswagen CC vehicle (hereinafter, collectively, "Settlement Class Vehicles"). As a current or past owner or lessee of a Settlement Class Vehicle, you are considered a "Settlement Class Member." A class action lawsuit was filed claiming that certain alleged defects and recommended tire rotation intervals might result in certain types of excessive uneven tire wear in the Settlement Class Vehicles, sometimes requiring early replacement of tires. Volkswagen has denied the claims and maintains there is no defect or issue with respect to the vehicles or the recommended tire rotation intervals.

The Lawsuit has been resolved through a Settlement under which the following benefits will be provided:

> **I.      Pro Rata Reimbursement for Past Unreimbursed Out-of-Pocket Expenses for Qualifying Tire Wear Replacements That Were Paid For Prior to the Effective Date and Within 35,000 Miles of Tire Usage.**

Settlement Class Members that submit qualifying and timely claims will be entitled to a pro rata reimbursement for certain past unreimbursed out-of-pocket tire replacement expenses that were incurred within 35,000 miles of use of the replaced tire, and prior to the Effective Date of the Settlement, as follows:

- **Qualifying for a tire-replacement reimbursement:** If an original equipment Continental ContiProContact Tire that was on the Settlement Class Vehicle at the time of original purchase or lease, or a replacement tire on said vehicle having the same specifications as the original, was replaced at an authorized Volkswagen dealership or at an independent service center due to exhibiting sawtooth, heel-to-toe/heel-and-toe cupping (also known as chopping or scalloping) or other excessive uneven tire wear ("Qualifying Tire Wear"), as shown on the Claim Form, and the tire replacement was performed within 35,000 miles from the date of the installation of the replaced tire on the same Settlement Class Vehicle, the Settlement Class Member will be entitled to receive a pro rata reimbursement of certain out-of-pocket expenses that he/she/it had paid for the tire replacement prior to the Effective Date.

- **Deadline for submitting a claim:** If you qualify for pro rata reimbursement under the Settlement, you must submit a valid claim to the Claim Administrator to receive a payment from the Settlement.  The deadline for submitting a claim form depends on when you incurred qualifying expenses and when the Effective Date of the Settlement occurs.  Your fully completed and signed Claim Form, and supporting documentation, must be mailed to the Claim Administrator post-marked, no later than _____, 2019 (150 days after the Notice Date).  However, there is one exception to this deadline - If the Effective Date of the Settlement occurs on a date that is more than 150-days from the Notice Date, and during the period of time between the end of the 150-day claim

**Questions? Call _____ or visit www._____.com**

2

period and the Effective Date, you incur an out-of-pocket expense that is covered for pro rata reimbursement, you may submit a claim to the Claim Administrator by mail post-marked no later than thirty (30) days after the Effective Date.

- The above relief is subject to certain limitations and proof requirements, including submission of documents and attestation of information under penalty of perjury, which are set forth in the accompanying Claim Form, and detailed in the Settlement Agreement, which can be found on the settlement website at www._____.com.

## II.   <u>Pro Rata Reimbursement for Past Unreimbursed Out-of-Pocket Expenses for Qualifying Tire Rotations That Were Paid For Prior to the Effective Date and Within 9,000 Miles of Tire Usage From the Last Tire Rotation.</u>

Settlement Class Members that submit qualifying and timely claims will be entitled to a pro rata reimbursement for certain past unreimbursed out-of-pocket tire rotation expenses that were incurred and paid for within 9,000 miles of tire usage from the last, most recent tire rotation, and prior to the Effective Date of the Settlement, as follows:

- **<u>Qualifying for a tire-rotation reimbursement</u>**: If a tire rotation was performed on a Settlement Class Vehicle at an authorized Volkswagen dealership or at an independent service center, and the tire rotation was performed within 9,000 miles after either the date of the last rotation of the same tires, or, if the tire(s) had not previously been rotated, the date of installation of the tire(s) on the Settlement Class Vehicle, the Settlement Class Member will be entitled to receive a pro rata reimbursement of certain out-of-pocket expenses that he/she/it had paid for said tire rotation prior to the Effective Date.

- **<u>Deadline for submitting a claim</u>**: If you qualify for pro rata reimbursement under the Settlement, you must submit a valid claim to the Claim Administrator to receive a payment from the Settlement.  The deadline for submitting a claim form depends on when you incurred qualifying expenses and when the Effective Date of the Settlement occurs.  Your fully completed and signed Claim Form, and supporting documentation, must be mailed to the Claim Administrator post-marked, no later than _____, 2019 (150 days after the Notice Date).  However, there is one exception to this deadline - If the Effective Date of the Settlement occurs on a date that is more than 150-days from the Notice Date, and during the period of time between the end of the 150-day claim period and the Effective Date, you incur an out-of-pocket expense that is covered for reimbursement, you may submit a claim to the Claim Administrator by mail post-marked no later than thirty (30) days after the Effective Date.

- The above relief is subject to certain limitations and proof requirements, including submission of documents and attestation of information under penalty of perjury, which are set forth in the accompanying Claim Form, and detailed in the Settlement Agreement, which can be found on the settlement website at <u>www._____.com</u>.

## III.   **Future Tire Rotations**

**Questions? Call _____ or visit www._____.com**

Settlement Class Vehicles will be issued a Certificate of Eligibility for current owners and/or lessees to receive up to two (2) free tire rotations for said vehicle to be performed at recommended tire rotation intervals by an authorized Volkswagen dealer, until the Settlement Class Vehicle reaches an original odometer mileage of 110,000 miles.  The Certificate of Eligibility will take effect on the Effective Date of the Settlement, which will occur if and when the Settlement is finally approved by the court and all appeals, if any, of the final approval order are finally resolved or dismissed, or thirty (30) days from the date of the final approval order if no appeals are filed.  When the Effective Date occurs, in order to receive a free tire rotation, current owners and lessees of Settlement Class Vehicles shall present to any authorized Volkswagen dealership in the United States or Puerto Rico, the Certificate of Eligibility that will be available for download at the settlement website, _____.com, or from the Claim Administrator.  When the Effective Date occurs, it will be stated on the settlement website.

Owners and lessees of Settlement Class Vehicles should continue to have their tires rotated in accordance with the intervals recommended by the tire manufacturers.  Therefore, they should not redeem a Certificate of Eligibility for a free tire rotation at a time prior to reaching the tire manufacturer's recommended tire rotation mileage interval from the mileage on the vehicle at the last rotation of the tires.

The Certificate of Eligibility will be transferrable to future owners, if any, to the extent not already used in full for the subject Settlement Class Vehicle, and subject to the mileage limitation for the vehicle.  The Certificate of Eligibility allows up to two (2) free tire rotations per each Settlement Class Vehicle unless and until that vehicle reaches an original mileage of 110,000 miles.  Thus, for example, if a current owner or lessee of a Settlement Class Vehicle uses one of the free tire rotations and then sells or transfers ownership of the vehicle, the new owner would be entitled to the remaining one free tire rotation unless and until that vehicle reaches an original mileage of 110,000 miles.

**2.   Why is this a class action settlement?**

In a class action lawsuit, one or more persons, called Class Representatives, sue on behalf of other people who have similar claims. All of these people are Class Members. The Class Representatives and all Settlement Class Members are called the Plaintiffs and the companies they sued are called the Defendants. One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Class. U.S. District Judge Robert N. Scola, Jr. is in charge of this class action.

The Court has not decided in favor of Plaintiffs or Defendants. Instead, both sides agreed to a Settlement with no decision or admission of who is right or wrong. That way, all parties avoid the risks and cost of a trial, and the people affected (the Settlement Class Members) will get compensation quickly. The Class Representatives and the attorneys think the Settlement is best for the Settlement Class.

### WHO IS PART OF THE SETTLEMENT?

**3.   Am I in this Settlement Class?**

**Questions? Call _____ or visit www._____.com**

4

The court has conditionally approved the following definition of a Settlement Class Member: All persons or entities who purchased or leased a Settlement Class Vehicle imported and distributed by Volkswagen Group of America, Inc. for sale or lease in the United States of America and Puerto Rico.

Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage, and/or subrogation; (b) all Judges who have presided over the Action, and their spouses; (c) all current employees, officers, directors, agents, and representatives of Volkswagen Group Companies, and their family members; (d) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (h) any owners or lessees of Settlement Class Vehicles that were not manufactured for export specifically into the United States of America or Puerto Rico and were not imported or distributed by VWGoA; and (i) any Settlement Class Member that files a timely and proper request for exclusion from the Settlement Class.

**4.   I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get more information. You can call 1-_____ or visit www._____.com for more information.

### SETTLEMENT BENEFITS – WHAT YOU GET

**5.   What does the Settlement provide?**

The benefits afforded by the Settlement are described in Question 1. More details are provided in the next three sections.

**6.   Who can send in a claim for reimbursement?**

Any United States or Puerto Rico resident who purchased or leased a Settlement Class Vehicle can send in a timely claim for reimbursement for money spent within the parameters and within the time period described in Question 1.

**7.   How do I send in a claim for reimbursement?**

To submit a claim for reimbursement, you must do the following within the required deadline:

> A.   Complete, sign under penalty of perjury, and date a Claim Form (there is one enclosed with this Class Notice and you can also download one at www._____.com).  It is recommended that you keep a copy of the completed Claim Form; and

> B.   Mail the completed, signed and dated Claim Form and your supporting documentation (i.e., repair record[s], receipts, proof of payment, and proof

**Questions? Call _____ or visit www._____.com**

5

of compliance with maintenance requirements) by First-Class mail, to the address provided on the Claim Form. The information that must be reflected in your records is described on the Claim Form. It is recommended that you keep a copy of your records and receipts.

If you are eligible for pro rata reimbursement benefits under the Settlement but fail to submit the completed Claim Form and supporting documents by the required deadline, you will not receive receive a reimbursement.

**8.   When do I get my reimbursement or learn whether I will receive a payment?**

If the Claims Administrator determines your claim is valid, your reimbursement will be mailed to you after the Settlement becomes final, which is called the "Effective Date." The Court will hold a Fairness Hearing on _____, 2019, to decide whether to approve the Settlement as fair, reasonable, and adequate. Information about the progress of the case will be available at www._____.com.

If the Claims Administrator determines your claim should not be paid, you will be mailed a letter telling you this. If the reason for rejecting your claim is due to a deficiency in your Claim Form and/or supporting proof, the letter will notify you of the deficiency in your claim and what needs to be submitted and by when, to correct the deficiency. To check on the status of your claim, you can call 1-_____.

**9.   What am I giving up to participate in the Settlement and stay in the Class?**

Unless you exclude yourself by taking the steps described in Question 10 below, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit about the same matters, claims and legal issues that were or could have been asserted in this case (except for claims of personal injury or property damage other than damage to the Settlement Class Vehicles and/or their original or replacement tires). It also means that all of the Court's orders will apply to you and legally bind you.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

**10. How do I get out of this Settlement?**

To exclude yourself from the Settlement, you must send a written request for exclusion by U.S. mail to the three addresses below so that it is **postmarked no later than _____, 2019**, stating clearly that you want to be excluded from the Settlement. Be sure to include in the request for exclusion your full name, address, telephone number, signature, model year, VIN of your vehicle, and the approximate date(s) of purchase or lease. You must mail your exclusion request such that it is **postmarked no later than _____, 2019**, to each of the following:

| Claim Administrator | Class Counsel | Defense Counsel |
|---|---|---|
| | Peter Prieto PODHURST ORSECK, P.A. One S.E. 3rd Avenue, Suite 2300 | Michael B. Gallub HERZFELD & RUBIN P.C. |

**Questions? Call _____ or visit www._____.com**

| | Miami, FL  33131 | 125 Broad Street<br>New York, NY  10004 |
|---|---|---|

You cannot exclude yourself on the phone or by email. If you submit your request to be excluded by U.S. mail or express mail, you will not get any benefits of the Settlement and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Lawsuit.

**11. If I don't exclude myself, can I sue later?**

No, not for the same matters and legal claims that were or could have been asserted in the Action, unless your claim is for personal injury or property damage (other than damage to the Settlement Class Vehicles and/or their original or replacement tires).

**12. If I exclude myself, can I get the benefits of this Settlement?**

No, if you exclude yourself from the Settlement Class, you won't get any money or benefits from this Settlement, and you should not submit a Claim Form. You cannot do both.

**13. Do I have a lawyer in this case?**

The Court has appointed the law firms of Podhurst Orseck, P.A., Kreher & Trapani, LLP, and Pogust Braslow & Millrood, LLC to represent Settlement Class Members. Together these law firms are called "Class Counsel."

**14. Should I get my own lawyer?**

You do not need to hire your own lawyer to participate in the Settlement.  But, if you want your own lawyer, you may hire one at your own cost.

**15. How will the lawyers be paid, and will the Plaintiff Settlement Class Representatives receive incentive awards?**

Class Counsel have prosecuted this case on a contingency basis. They have not received any fees or reimbursement for costs and expenses associated with this case. Class Counsel may apply to the Court for, and Defendants have agreed to not oppose, a combined award of reasonable attorneys' fees and expenses in an amount up to the total sum of $7,700,000.

Class Counsel will also apply to the Court for incentive awards to the named Plaintiffs, who have conditionally been approved as Settlement Class Representatives, in the amount of $2,500.00 each, for their efforts in pursuing this litigation for the benefit of the Settlement Class. Any award for Class Counsel Fees and Expenses and any incentive awards will be paid by Defendants and will not reduce any benefits available to you under the Settlement.

Class Counsel's motion for fees and expenses and Settlement Class Representative incentive awards will be filed by _____, 2019, and will be made available for review at www._____.com.

**Questions? Call _____ or visit www._____.com**

## SUPPORTING OR OBJECTING TO THE SETTLEMENT

**16. How do I tell the Court that I like or dislike the Settlement?**

If you are a member of the Settlement Class and do not request to be excluded, you can tell the Court you like the Settlement and it should be approved, or that you object to the Settlement, Class Counsel's requests for fees and expenses, or Settlement Class Representative incentive awards, if you do not like a part of it. You are not required to submit anything to the Court unless you are objecting or wish to be excluded from the Settlement.

To object, you must send a letter to the Court, with copies to Class Counsel and defense counsel listed below, saying that you are objecting to the Settlement in *Wilson v. Volkswagen Group of America, Inc.*, Civil Action No. 17-cv-23033-SCOLA, and your objection must include your full name, current address and telephone number, the model year and VIN of your vehicle and proof that you own(ed) or lease(d) it, a statement of all your factual and legal grounds for objecting, any documents and/or briefs supporting your objection, a statement of whether you intend to appear at the Fairness Hearing, and your signature. Any Settlement Class Member objecting to the Settlement must also provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action Settlements submitted in any court in the previous five (5) years, or affirmatively state that the Settlement Class Member or his or her counsel has not objected to any other class action Settlement in the previous five (5) years, in the written materials provided with the objection. If you intend to appear at the Fairness Hearing through counsel, your comment must also state the identity of all attorneys representing you who will appear at the Fairness Hearing. Be sure to send your objection to the three different places set forth below such that it is **received no later than _____, 2019**.

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court, United States District Court for the Southern District of Florida Wilkie D. Ferguson, Jr. United States Courthouse 400 North Miami Avenue Miami, FL 33128 | Peter Prieto PODHURST ORSECK, P.A. One S.E. 3rd Avenue, Suite 2300 Miami, FL  33131 | Michael B. Gallub HERZFELD & RUBIN P.C. 125 Broad Street New York, NY  10004 |

If you do not submit a written comment on or objection to the proposed Settlement or the application of Class Counsel for incentive awards or attorney fees and expenses in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the Fairness Hearing and to appeal from any order or judgment of the Court concerning the matter.

**17. What is the difference between objecting and excluding myself?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that

**Questions? Call _____ or visit www._____.com**

you do not want to be part of the Settlement Class and the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

## FAIRNESS HEARING

**18. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at _____ a.m. on _____, 2019, before Judge Scola at the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, Courtroom ___ ,400 North Miami Avenue, Miami, FL 33128, to determine whether the Settlement should be finally approved. At this Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also consider Class Counsel's application for Fees and Expenses and incentive awards to Class Representatives.

**19. Do I have to come to the Fairness Hearing?**

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. You may also pay your own lawyer to attend, but it is not necessary for your objection to be considered by the Court.

**20. May I speak at the Fairness Hearing?**

If you do not exclude yourself, you may ask the Court's permission to speak at the Fairness Hearing concerning the proposed Settlement or the application of Class Counsel for attorneys' Fees and Expenses and Settlement Class Representative incentive awards. To do so, you must send in a letter saying that it is your intention to appear at the Fairness Hearing in *Wilson v. Volkswagen Group of America, Inc.*, Civil Action No. 17-cv-23033-SCOLA. The letter must state the position you intend to present at the Fairness Hearing, state the identities of all attorneys who will represent you (if any), and must include your full name, current address, telephone number, model year and VIN of your vehicle(s), and your signature. You must send your letter to the Clerk of the Court, Class Counsel, and defense counsel at the three addresses listed under Question 16 above, such that it is **postmarked no later than _____, 2019**. You may combine this letter and your comment (described under Question 16) in a single document. You cannot speak at the Fairness Hearing if you excluded yourself from the Settlement.

## IF YOU DO NOTHING

**21. What happens if I do nothing at all?**

If you do nothing, you will be bound by the Settlement if the Court approves it.

## MORE INFORMATION

**Questions? Call _____ or visit www._____.com**

**22. Where can I get more information?**

Visit the website at www._____.com where you can find extra Claim Forms and more information on this litigation and Settlement. Updates regarding the case will be available at www._____.com. You may also call the Claims Administrator at 1-_____ or email _____@_____.com.

**Questions? Call _____ or visit www._____.com**