United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lila Wilson and others, Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 17-23033-Civ-Scola |
| | ) |
| Volkswagen Group of America, Inc. and Volkswagen AG, Defendants. | ) |

**Order Preliminarily Approving Class
Settlement and Certifying Settlement Class**

The Parties to the above-captioned class action currently pending against Volkswagen Group of America, Inc. and Volkswagen, AG (collectively "Defendants" or "Volkswagen") have agreed to a proposed settlement, the terms and conditions of which are set forth in an executed Settlement Agreement (the "Settlement"). The Parties reached the Settlement through arm's-length negotiations over several months. Under the Settlement, subject to the terms and conditions therein and Court approval, Plaintiffs and the proposed Class would fully, finally, and forever resolve, discharge, and release their economic damages claims against the Released Parties in exchange for Volkswagen's agreement to provide certain categories of benefits to the Settlement Class Members ("Class Members"), reimburse eligible Class Members on a pro rata basis for certain past qualifying expenses incurred purchasing replacement tires and rotating their tires, and pay for the cost of the Class Notice Plan, Claim Administrator, service awards to the Settlement Class Representatives, and Class Counsel's attorney's fees and expenses, pursuant to the terms, conditions and limitations set forth in the Settlement.[1]

The Settlement has been filed with the Court, and Plaintiffs have filed an Unopposed Motion for Preliminary Approval of Volkswagen Class Settlement, Preliminary Certification of Settlement Class, and Approval of Class Notice (the "Motion"), for settlement purposes only. Upon considering the Motion and exhibits thereto, the Settlement, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and Parties to these proceedings; (2) the proposed Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure[2] and should be preliminarily

---

[1] Capitalized terms shall have the definitions and meanings accorded to them in the Settlement Agreement.
[2] All citations to the Rules shall refer to the Federal Rules of Civil Procedure.

certified for settlement purposes only; (3) the persons and entities identified below should be appointed class representatives, and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel and is not the result of collusion; (5) the Settlement is fair, reasonable, and adequate and should be preliminarily approved; (6) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class; (7) the proposed Class Notice Plan, proposed forms of notice, and proposed Claim Forms satisfy Rule 23 and Constitutional Due Process requirements, and are reasonably calculated under the circumstances to apprise the Class of the pendency of the Action, preliminary class certification for settlement purposes only, the terms of the Settlement, Class Counsel's forthcoming application for an award of attorneys' fees and expenses ("Fee and Expense Application") and/or request for service awards for Plaintiffs, their rights to opt-out of the Class and/or object to the Settlement, and the process and timing for submitting a Claim to request pro rata reimbursement for past, qualifying out-of-pocket tire replacement and tire rotation expenses; (8) good cause exists to schedule and conduct a Fairness Hearing, pursuant to Rule 23(e), to assist the Court in determining whether to grant final approval of the Settlement, certify the Class, for settlement purposes only, and issue a Final Order and Final Judgment, and whether to grant Class Counsel's Fee and Expense Application and request for service awards for the Settlement Class Representatives; and (9) the other related matters pertinent to the preliminary approval of the Settlement should also be approved.

Based on the foregoing, **it is hereby ordered and adjudged** as follows:

1. The Court **grants** the Plaintiffs' unopposed motion for preliminary approval of the class settlement, preliminary certification of the class, and approval of the class notice (**ECF No. 103**).

2. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331 and 1332.

3. Venue is proper in this District.

<u>Preliminary Class Certification for Settlement Purposes Only and Appointment of Class Representatives and Class Counsel</u>

4. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding

whether to preliminarily certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5. The Court finds, for settlement purposes, that the Rule 23 factors are satisfied and that preliminary certification of the proposed Class is appropriate under Rule 23. The Court, therefore, preliminarily certifies the following Class:

> All persons and entities who, as of the Notice Date, purchased or leased a Settlement Class Vehicle in the United States of America and Puerto Rico.

6. "Settlement Cass Vehicles" are defined as model year 2009 through 2017 Volkswagen CC vehicles imported and distributed by Defendant Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico.

7. Excluded from the Settlement Class are (a) anyone claiming solely personal injury, property damage (other than to the vehicle itself) and/or subrogation; (b) all Judges who have presided over the Wilson Action and Martino Action and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (d) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (e) any used car dealer or person/entity engaged in the business of selling used cars; (f) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendants or any Released Parties from any Released Claims; and (k) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

8. Specifically, the Court finds, for settlement purposes, that the Class satisfies the following factors of Rule 23:

> (a) <u>Numerosity:</u> In the Action, approximately 120,000 or

more individuals, spread out across the country, are members of the proposed Class. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members "from a wide geographical area").

(b)    Commonality: The threshold for commonality under Rule 23(a)(2) is not high. "[C]ommonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (internal quotation marks omitted); *see also Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 313 (S.D. Fla. 2001) (same). Here, the commonality requirement is satisfied for settlement purposes because there are common questions of law and fact that center on Volkswagen's sale of Settlement Class Vehicles equipped with allegedly defective suspension systems, as alleged in the in the operative First Amended Complaint.

(c)    Typicality: The Plaintiffs' claims are typical of the Class for purposes of this Settlement because they concern the same general alleged conduct, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d)    Adequacy: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the Class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant*, 202 F.R.D. at 314. Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiffs and the absent Class Members, and Plaintiffs have retained competent counsel to represent them and the Class. Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiffs and Class Counsel have vigorously and competently represented the Class Members' interests in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Emps. Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e) <u>Predominance and Superiority:</u> Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for more than 120,000 Class Members in a single, coordinated proceeding is superior to having numerous individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law … ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and can be resolved for all Class Members in a single common judgment.

9. The Court appoints the following persons as class representatives: Lila Wilson, Matthew Martino, Thomas Wilson, Teresa Garella, Mary Blue, Brian Maytum, Leigh Glasbland, Nick Ponopoulos, Carissa Macchione, Sydnee Johnson, Debbie Gray, Lorne Spelrem, and Ismael Orrantia.

10. The Court appoints the following persons and entities as Settlement Class Counsel:

Peter Prieto, Esq.
Matthew P. Weinshall, Esq.
PODHURST ORSECK, P.A.
Suntrust International Center
One S.E. 3rd Avenue, Suite 2700
Miami, Florida 33131
Phone: (305) 358-2800
Email: pprieto@podhurst.com
Email: mweinshall@podhurst.com
Lead Settlement Class Counsel

Francesco P. Trapani, Esq.
Peter J. Kreher, Esq.
KREHER & TRAPANI, LLP
1325 Spruce St.
Philadelphia, PA 19107
Phone: (215) 907-7290
Fax: (215) 907-7287
Email: frank@krehertrapani.com

>Harris L. Pogust, Esq.
>Pogust & Braslow LLC
>161 Washington Street, Suite 940
>Conshohocken, PA 19428
>Phone: (610) 941-4204
>Fax: (610) 941-4245
>Email: hpogust@pbmattorneys.com

Preliminary Approval of the Settlement

11. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 NEWBERG ON CLASS ACTIONS § 11.26 (4th ed. 2010). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646-CIV, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). "Settlement negotiations that involve arm's-length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness." *Almanazar v. Select Portfolio Servicing, Inc.*, No. 14-cv-22586-FAM, 2015 WL 10857401, at *1 (S.D. Fla. Oct. 15, 2015). *See* MANUAL FOR COMPLEX LITIGATION, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

12. The Court preliminarily approves the Settlement, and the exhibits appended to the Motion, as fair, reasonable and adequate under Rule 23. The Court finds that the Settlement was reached in the absence of collusion, and is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits appended to the Motion, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Class, as set forth below and in the Settlement, and schedule a Fairness Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter Final Judgment.

### Approval of Notice and Notice Program and Direction to Effectuate the Notice and Outreach Programs

13. The Court approves the form and content of the notices to be provided to the Class, substantially in the forms appended as Exhibit 5 to the Settlement Agreement. The Court further finds that the Notice Plan, described in Section IV of the Settlement, is the best practicable under the circumstances. The Notice Plan is reasonably calculated under the circumstances to apprise the Class of the pendency of the Action, class certification for settlement purposes only, the terms of the Settlement, their rights to opt-out of the Class and object to the Settlement, Class Counsel's Fee and Expense Application, and the request for service awards for Plaintiffs. The notices and Notice Plan constitute sufficient notice to all persons and entities entitled to notice. The notices and Notice Plan satisfy all applicable requirements of law, including, but not limited to, Rule 23 and the constitutional requirement of due process. The Court finds that the forms of notice are written in simple terminology, are readily understandable by Class Members and comply with the Federal Judicial Center's illustrative class action notices. The Court orders that the notices be disseminated to the Class as per the Notice Plan.

14. The Court preliminarily approves and directs that Epiq Global act as the Claim Administrator.

15. The Claim Administrator shall implement the Notice Plan, as set forth in the Settlement, using substantially the forms of notice appended as Exhibit 5 to the Settlement Agreement and approved by this Order. Notice shall be provided to the Class Members pursuant to the Notice Plan, as specified in section IV of the Settlement and approved by this Order.

### Fairness Hearing, Opt-Outs, and Objections

16. The Court **sets** a Fairness Hearing for **December 9, 2019, at 8:30 a.m.**, to assist the Court in determining whether to grant Final Approval to the Settlement, certify the Settlement Class, and enter the Final Order and Final Judgment, and whether Class Counsel's Fee and Expense Application and request for service awards for the Class Representatives should be granted.

17. Potential Class members who timely and validly exclude themselves from the Class shall not be bound by the Settlement Agreement, the Settlement, or the Final Order and Final Judgment. If a potential Class member files a request for exclusion, he/she/it may not assert an objection to the Settlement Agreement. The Claim Administrator shall provide copies of any requests for

exclusion to Class Counsel and Volkswagen's Counsel as provided in the Settlement Agreement.

18. The Court directs that any person or entity within the Class definition who wishes to be excluded from the Class may exercise his, her, or its right to opt out of the Class by following the opt-out procedures set forth in the Class Notice form at any time during the opt-out period. To be valid and timely, opt-out requests must be postmarked on or before the last day of the Opt-Out Period (the "Opt-Out Deadline"), which is **November 27, 2019**, must be mailed to Wilson v. Volkswagen Claim Administrator, PO Box 3207, Portland, OR 97208-3207; Class Counsel, Peter Prieto, Podhurst Orseck, P.A., One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131; and Defense Counsel, Michael B. Gallub, Herzfeld & Rubin P.C., 125 Broad Street, New York, NY 10004, and must include:

(i) the full name, telephone number, and address of the person or entity seeking to be excluded from the Class;

(ii) the model, model year, and vehicle identification number ("VIN") of the person's or entity's vehicle, and the approximate date(s) of purchase or lease;

(iii) an explicit and unambiguous statement that such person or entity wishes to be excluded from the Settlement in *Wilson v. Volkswagen Group of America, Inc.*, 1:17-cv-23003-SCOLA (S.D. Fla.), and

(iv) the signature of the person or entity seeking to be excluded from the Class (if the person or entity seeking to be excluded from the Class is represented by counsel, it must also be signed by such counsel).

19. The Opt-Out Deadline shall be specified in the Class Notice form. All persons and entities within the Class definition who do not timely and validly opt out of the Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the Releases set forth in Section and Section I.Q and Section VIII of the Settlement.

20. The Court further directs that any person or entity in the Class who does not opt out of the Class may object to the Settlement, Class Counsel's Fee and Expense Application, and/or the request for service awards for the Class Representatives. Any such objections must be mailed to the Clerk of the Court, Class Counsel, and counsel for Defendants, at the following addresses:

(a) Clerk of the Court
   Wilkie D. Ferguson, Jr. U.S. Courthouse
   400 North Miami Avenue
   Miami, FL 33128

(b) Class Counsel
   Peter Prieto
   PODHURST ORSECK, P.A.
   One S.E. 3rd Avenue, Suite 2300
   Miami, FL 33131

(c) Counsel for Defendants
   Michael B. Gallub
   HERZFELD & RUBIN P.C.
   125 Broad Street
   New York, NY 10004

21. For an objection to be considered by the Court, the objection must be received by the Court no later than the Opt-Out Deadline of **November 27, 2019**, must be addressed to the addresses listed in the preceding paragraph and in the Class Notice form, and must include the following:

(i) the case name, *Wilson v. Volkswagen Group of America, Inc.*, Civil Action No. 1:17-cv-23033-SCOLA;

(ii) the objector's full name, current address, and telephone number;

(iii) the model year and VIN of your vehicle and proof that you own(ed) or lease(d) the vehicle;

(iv) a statement of all your factual and legal grounds for objecting;

(v) any documents and/or briefs supporting your objection;

(vi) a statement of whether you intend to appear at the Fairness Hearing;

(vii) a detailed list of any other objections submitted by objector or the objector's counsel to any class action settlements submitted in any court in the previous five (5) years or an affirmative statement that the Settlement Class member and/or his or her counsel has not objected to any other class action settlement in the previous five (5) years;

    (viii)    if you intend to appear at the Fairness Hearing through counsel, the identify of all attorneys representing you who will appear at the Fairness Hearing; and

    (ix)    the objector's signature.

22.    Any objection that fails to satisfy these requirements and any other requirements found in the Class Notice form shall not be considered by the Court.

<u>Further Papers in Support of Settlement and Fee and Expense Application</u>

23.    Plaintiffs shall file their Motion for Final Approval of the Settlement and Incorporated Memorandum of Law, and Class Counsel shall file their request for attorneys' fees, costs and expenses ("Fee and Expense Application") and request for service awards for Plaintiffs, no later than **November 8, 2019**. If Volkswagen chooses to file a memorandum of law in support of final approval of the Settlement, it also must do so no later than **November 8, 2019**.

24.    Plaintiffs and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement and the Fee and Expense Application no later than **December 5, 2019**. If Volkswagen chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it also must do so no later than **December 5, 2019**.

<u>Effect of Failure to Approve the Settlement or Termination</u>

25.    In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Order and Final Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

    (i)    All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

    (ii)    All of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Plaintiffs' right to seek class certification and Defendants' right to oppose class certification;

    (iii)    Nothing contained in this Order is, or may be construed as,

                any admission or concession by or against Defendants or Plaintiffs on any point of fact or law;

(iv)    Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence;

(v)    Neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement, and/or any objections or interventions may be used as evidence;

(vi)    The preliminary certification of the Class pursuant to this Order shall be vacated automatically and the Actions shall proceed as though the Class had never been certified; and

(vii)    The terms in Section VI of the Settlement Agreement shall apply and survive.

<u>Stay/Bar of Other Proceedings</u>

26.    Pending the Fairness Hearing and the Court's decision whether to finally approve the Settlement, no Class Member, either directly, representatively, or in any other capacity (even those Class Members who validly and timely elect to be excluded from the Class, with the validity of the opt out request to be determined by the Court only at the Fairness Hearing), shall commence, continue or prosecute against any of the Released Parties (as that term is defined in the Agreement) any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released in the Agreement. Pursuant to 28 U.S.C. § 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action. Upon final approval of the Settlement, all Class Members who do not timely and validly exclude themselves from the Class shall be forever enjoined and barred from asserting any of the matters, Released Claims or causes of action released pursuant to the Agreement against any of the Released Parties, and any such Class Member shall be deemed to have forever released any and all such matters, Released Claims, and causes of action against any of the Released Parties as provided for in the Agreement.

General Provisions

27. The Court reserves the right to continue or adjourn the Fairness Hearing without further notice to the Class, except that any such continuation or adjournment shall be announced on the Settlement website.

28. Class Counsel and Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, agreed minor changes to the Agreement, to the form or content of the Class Notice or to any other exhibits that the Parties jointly agree are reasonable or necessary.

29. The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Agreement.

30. Any information received by the Claim Administrator or any other person in connection with the Settlement Agreement that pertains to personal information regarding a particular Class Member (other than objections or requests for exclusion) shall not be disclosed to any other person or entity other than Class Counsel, Defendants, Defendants' Counsel, the Court and as otherwise provided in the Settlement Agreement.

31. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

32. Based on the foregoing, the Court sets the following schedule for the Fairness Hearing and the actions which must precede it:

(i) Notice shall be provided in accordance with the Notice Plan and this Order;

(ii) Plaintiffs shall file their Motion for Final Approval of the Settlement and Incorporated Memorandum of Law, and Class Counsel shall file their Fee and Expense Application and request for service awards for Plaintiffs, no later than **November 8, 2019**;

(iii) If Defendants choose to file a memorandum of law in support of final approval of the Settlement, they also must do so no later than **November 8, 2019**.

(iv) Class Members must file any objections to the Settlement,

the Motion for Final Approval of the Settlement, Class Counsel's Fee and Expense Application and/or the request for service awards no later than **November 27, 2019**;

(v) Class Members must submit requests for exclusion from the Settlement no later than **November 27, 2019**;

(vi) The Claim Administrator must file with the Court, no later than **December 5, 2019**, (a) a list of those persons or entities who or which have opted out or excluded themselves from the Settlement; and (b) the details outlining the scope, method and results of the notice program;

(vii) Plaintiffs and Class Counsel shall file their responses to timely filed objections to the Settlement and Fee and Expense Application no later than **December 5, 2019**;

(viii) If Defendants choose to file a response to timely filed objections to the Settlement, they shall do so no later than **December 5, 2019**; and

(ix) The Fairness Hearing is **set** for **December 9, 2019, at 8:30 a.m.**, at the United States Courthouse, Wilkie D. Ferguson, Jr. Building, Courtroom 12-3, 400 North Miami Avenue, Miami, Florida 33128.

**Done and ordered** in Chambers at Miami, Florida on August 22, 2019.

Robert N. Scola, Jr.
United States District Judge