United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lila Wilson and others, Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-23033-Civ-Scola |
| | ) |
| Volkswagen Group of America, Inc. | ) |
| and Volkswagen AG, Defendants. | ) |

### Order Granting Final Approval of Class Settlement, Certifying Settlement Class, and Approving Class Representative Service Awards and Class Counsel's Attorneys' Fees

In this putative class action, the Plaintiffs and Defendants Volkswagen Group of America, Inc. and Volkswagen, AG (collectively the "Defendants" or "Volkswagen") have agreed to a proposed class settlement, the terms and conditions of which are set forth in an executed Settlement Agreement which has been submitted to this Court for final approval (the "Settlement" or Settlement Agreement"). The Parties reached the Settlement through arm's-length negotiations over several months, including a mediation. Under the Settlement, subject to the terms and conditions therein and Court approval, Plaintiffs and the Settlement Class ("Settlement Class" or "Class") as defined below, would fully, finally, and forever resolve, discharge, and release all Released Claims against the Released Parties in exchange for Volkswagen's agreement to provide certain categories of benefits to eligible Settlement Class Members ("Class Members"), and pay for the cost of the Class Notice Plan and Claim Administration, as well as Court-awarded attorneys' fees and service awards, pursuant to the terms and conditions and limitations of the Settlement Agreement.[1]

The Settlement Agreement, with its exhibits including the proposed Class Notice and Claim Forms, was filed with Class Counsel's motion for preliminary approval (ECF No. No. 103). The Court, after due and careful consideration, granted preliminary approval of the Settlement and the Parties' plan for disseminating the Class Notice by order dated August 22, 2019 (ECF No. No. 109; the "Preliminary Approval Order"). The Court further preliminarily approved: the certification of the Settlement Class as defined in the Settlement Agreement, and appointment of the named Plaintiffs in the Wilson Action as

---

[1] Capitalized terms shall have the definitions and meanings accorded to them in the Settlement Agreement.

Settlement Class Representatives, Plaintiffs' counsel as Settlement Class Counsel, and Epiq Class Action & Claims Solutions, Inc. as the Settlement Claim Administrator ("Settlement Claim Administrator" or "Claim Administrator") (*Id.*). Due to unavoidable delays in acquiring data necessary to implement the Notice Plan, the Court extended the Settlement-related deadlines in the Preliminary Approval Order (ECF No. No. 111).

Plaintiffs submitted their Motion for Final Approval of Class Settlement and Certification of Settlement Class, and Application for Class Representative Service Awards and Class Counsel's Attorneys' Fees, and Incorporated Memorandum of Law, on December 4, 2019 (ECF No. No. 112) (the "Motion for Final Approval"). The Defendants submitted their Memorandum of Law in Further Support of Final Settlement Approval, on January 13, 2020 (ECF No. No. 118). The Plaintiffs submitted, on behalf of the Claim Administrator, the Declaration of Cameron R. Azari, Esq. on the Settlement Notice Plan and its implementation, on January 14, 2020 (ECF No. No. 120).

Class Notice of the Settlement was properly disseminated in accordance with the Notice Plan approved by the Court. Of the approximate 370,000 members of the Class, the Court has received only one purported objection to the Settlement (ECF No. No. 118). There were also only 51 requests for exclusion from the Settlement, 18 of which did not comply with the Court ordered requirements for a valid and timely request for exclusion.

On January 27, 2020, the Court conducted the Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate, whether the Settlement should be granted final approval by this Court and whether, for settlement purposes only: the Settlement Class should be certified; the Plaintiffs in the *Wilson* Action—Lila Wilson, Matthew Martino, Thomas Wilson, Teresa Garella, Mary Blue, Brian Maytum, Leigh Glasband, Nick Panopoulos, Carissa Macchione, Sydnee Johnson, Debbie Gray, Lome Spelrem and Ismael Orrantia (collectively, the "Plaintiffs")—should be approved as Settlement Class representatives; the law firms of Podhurst Orseck, P.A., Kreher & Trapani, LLP and Pogust & Braslow LLC should be approved as Settlement Class Counsel ("Class Counsel"); Epiq Class Action & Claims Solutions, Inc. should be approved as the Settlement Claim Administrator; the purported objection should be overruled; the purported opt out requests should be granted or denied; Class Counsel's request for reasonable attorneys' fees and reimbursement of expenses in the total combined amount of $7,700,000.00 should be awarded; the request for a service award of $2,500.00 to each of the aforesaid Settlement Class Representatives should be approved; the Release contained in the Settlement Agreement should be deemed effective; the *Wilson*

and *Martino* Actions dismissed with prejudice; and judgment should be entered accordingly.

Upon due and careful consideration of the Settlement, all related submissions filed with the Court, all arguments of the Parties and the purported objector, the record in these proceedings, the requirements of law, and the arguments made and proceedings conducted during the Final Approval Hearing, and for good cause appearing therefor, the Court hereby grants final approval of the Settlement and finds that: (1) this Court has jurisdiction over the subject matter and Parties to these proceedings; (2) the proposed Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure[2] and is certified for settlement purposes only; (3) the persons and firms identified below have adequately and effectively represented the interests of the Class and are appointed Settlement Class Representatives and Class Counsel, respectively; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel with regard to disputed claims, and is not the result of collusion; (5) the Settlement provides substantial benefits to the Class and is fair, reasonable, and adequate; (6) the Court-approved Class Notice Plan and Claim Forms, as proposed and effectuated, satisfy Rule 23 and Constitutional Due Process requirements, and reasonably apprised the Class of the Action, the terms of the proposed Settlement, Class Counsel's application for reasonable attorneys' fees and expenses ("Fee and Expense Application") and request for service awards for the aforesaid Plaintiffs, the Settlement Class Members' rights including the right to opt-out of the Class, object to the Settlement and/or appear at the final approval hearing and the deadlines and procedures for doing so, the deadlines and procedures for submitting a Claim under the Settlement, and how and to whom to address any questions about the Settlement; (7) the Court-appointed Claims Administrator, Epiq Class Action & Claims Solutions, Inc. effectuated due and adequate notice to the Class in accordance with the Preliminary Approval Order, the subsequent Order Granting the Parties' Joint Motion to Modify Deadlines Concerning the Proposed Class Action Settlement dated November 8, 2019 (ECF No. No. 111), Rule 23 and the requirements of due process; (8) Notice of the Settlement was timely disseminated pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715; (9) Class Counsel's requests for reasonable attorneys' fees and expenses in the combined total amount of $7,700,000.00, and service awards for the Settlement Class Representative Plaintiffs in the amount of $2,500 each, are approved; and (10) the other related matters pertinent to the final approval of the Settlement are also approved as specified herein.

---

[2] All citations to the Rules shall refer to the Federal Rules of Civil Procedure.

Based on the foregoing, **it is hereby ordered and adjudged** as follows:

1.      The Court has personal jurisdiction over all Class Members and Defendants, and the Court has subject matter jurisdiction to approve the Settlement, pursuant to 28 U.S.C. §§ 1331, 1332 and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

2.      Venue is proper in this District.

3.      The Court finds, for settlement purposes, that the Rule 23 factors are satisfied and that certification of the Class, for settlement purposes only, is appropriate under Rule 23. The Court, therefore, certifies the following Class:

> All persons and entities who, as of the Notice Date, purchased or leased a Settlement Class Vehicle in the United States of America and Puerto Rico (hereinafter, "Class" or "Settlement Class").

4.      "Settlement Class Vehicles" are defined as model year 2009 through 2017 Volkswagen CC vehicles imported and distributed by Defendant Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico.

5.      Excluded from the Settlement Class are (a) anyone claiming solely personal injury, property damage (other than to the vehicle itself) and/or subrogation; (b) all Judges who have presided over the *Wilson* Action and *Martino* Action and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (d) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (e) any used car dealer or person/entity engaged in the business of selling used cars; (f) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendants or any Released Parties from any Released Claims; and (k) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

6.      The Settlement satisfies the requirements of Rule 23. It provides substantial benefits to the Settlement Class and is fair, reasonable and adequate. Accordingly, the Settlement is hereby approved in all respects, and all terms and provisions of the Settlement Agreement are hereby incorporated by reference into this Final Approval Order. In addition, the terms used herein shall have the same

4

meaning as the definitions of such terms as set forth in the Settlement Agreement.

7.    The Settlement was reached in the absence of collusion, and is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, having adequate knowledge of the strengths and weaknesses of their claims and defenses and the risks of proceeding with the litigation through a motion for class certification, trial and appeal.

8.    The Court finds that in negotiating, entering into, and implementing the Settlement, the Plaintiffs and Class Counsel have adequately represented and protected the interests of the Class.

9.    The Court has received only one purported objection to the Settlement from Victoria Babun. The Court has considered that objection, and finds that it is without merit and does not support a denial of final approval of the Settlement. The objection is hereby overruled.

10.    The Court notes that the existence of only one objection out of the approximate 370,000 Settlement Class Members strongly indicates that the Class favors the Settlement.

11.    Specifically, the Court finds, for settlement purposes, that the Class satisfies the following factors of Rule 23:

(a)    <u>Numerosity</u>: In the Action, approximately 370,000 individuals throughout the United States and Puerto Rico are members of the Class. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members "from a wide geographical area").

(b)    <u>Commonality</u>: Commonality under Rule 23(a)(2) is satisfied for settlement purposes because there are common questions of law and fact with regard to the allegations concerning the Settlement Class Vehicles at issue. *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (internal quotation marks omitted); *see also Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 313 (S.D. Fla. 2001) (same).

(c)    <u>Typicality</u>: The Plaintiffs/Settlement Class Representatives' claims are typical of the Class for purposes of this Settlement because they involve the same or similar factual and legal issues, and allege the same types of damages. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001).

(d)    <u>Adequacy</u>: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the

Class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant*, 202 F.R.D. at 314. Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiffs and the absent Class Members, and the Plaintiffs have retained competent counsel to represent them and the Class. Moreover, the Plaintiffs and Class Counsel have vigorously and competently represented the Class Members' interests in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Emps. Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e)   <u>Predominance and Superiority:</u> Rule 23(b)(3) is satisfied for settlement purposes because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for the Class in a single, coordinated proceeding is superior to having numerous individual lawsuits addressing the same or similar legal and factual issues. *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted).

12.   The Court appoints, as Settlement Class Representatives, the following named Plaintiffs in the *Wilson* Action that have fairly and adequately protected and represented the interests of the Settlement Class: Lila Wilson, Matthew Martino, Thomas Wilson, Teresa Garella, Mary Blue, Brian Maytum, Leigh Glasbland, Nick Ponopoulos, Carissa Macchione, Sydnee Johnson, Debbie Gray, Lorne Spelrem, and Ismael Orrantia. The Court further finds that the interests of the Settlement Class Representatives are not antagonistic to those of the Settlement Class.

13.   The Settlement Class and Class Representatives have been represented by counsel who are experienced and competent in the prosecution of complex class action litigation, and have acted in the interests of the Class. Accordingly, the following counsel are hereby appointed as Settlement Class Counsel:

Peter Prieto, Esq.
Matthew P. Weinshall, Esq.
PODHURST ORSECK, P.A.
Suntrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800
Email: pprieto@podhurst.com
Email: mweinshall@podhurst.com
Lead Settlement Class Counsel

Francesco P. Trapani, Esq.
Peter Kreher, Esq.

KREHER & TRAPANI, LLP
1325 Spruce St.
Philadelphia, PA 19107
Phone: (215) 907-7290
Email: frank@krehertrapani.com

Harris L. Pogust, Esq.
POGUST & BRASLOW LLC
161 Washington Street, Suite 940
Conshohocken, PA 19428
Phone: (610) 941-4204
Email: hpogust@pbmattorneys.com

14.    The Court hereby appoints Epiq Class Action & Claims Solutions, Inc. as the Settlement Claim Administrator to carry out its duties as set forth in the Settlement Agreement.

15.    The Court finds that the Class Notice, in the form approved by the Court, was properly disseminated to the Settlement Class pursuant to the Notice Plan and constituted the best practicable notice under the circumstances. The forms and methods of the Notice Plan approved by the Court met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

16.    The Court further finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

17.    The Court has received requests for exclusion from 51 Class Members. The Court accepts the requests for exclusion of those Class Members contained on the list annexed hereto as Exhibit 1. The remaining requests for exclusion are hereby rejected and denied for the reasons stated in counsel's submissions.

18.    The terms of the Settlement Agreement and this Final Approval Order are binding on the Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, who are all hereby permanently barred and enjoined from asserting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, any Released Claim or Settled Claim against any one of the Released Parties in any forum, with the exception of those Settlement Class Members whom this Court has determined to have duly and timely excluded themselves from the Settlement and are listed for purposes of identification on Exhibit 1 annexed hereto.

19.    The Court hereby approves a service award of $2,500.00 to each of following Plaintiffs who have served as Class Representatives in the *Wilson* Action only (and not in the *Martino* Action which has been consolidated with the *Wilson* Action): Lila Wilson, Matthew Martino, Thomas Wilson, Teresa Garella, Mary Blue, Brian Maytum, Leigh Glasband, Nick Panopoulos, Carissa Macchione, Sydnee Johnson, Debbie Gray, Lome Spelrem and Ismael Orrantia. Said service awards shall be paid in accordance with the terms of the Settlement Agreement. Such service awards are appropriate because the Class Representatives devoted considerable time and resources to this Action.

20.    Class Counsel have filed an application for attorneys' fees and expenses of seven million seven hundred thousand dollars ($7,700,000.00) ("Fee and Expense Award"). As explained in Class Counsel's declaration submitted in support of their application, with which the Court agrees, the requested Fee and Expense Award is reasonable under the benchmark and factors specified by the Eleventh Circuit in *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 771, 772 n.3 (11th Cir. 1991). Accordingly, the Court approves the application for attorneys' fees and expenses in the total combined amount of $7,700,000, to be paid in accordance with the terms of the Settlement. No other counsel shall receive any payment of attorney fees, reimbursement of costs and expenses, or any other payment or remuneration in connection with the Action and/or the Settlement.

21.    Allocation of the Fee and Expense Award among the Settlement Class Counsel shall be at their discretion and/or in accordance with any agreement existing among them. The Defendants' payment of the Fee and Expense Award in accordance with the terms of the Settlement Agreement shall (a) fully and forever satisfy their obligations in this regard, and (b) serve and operate as a full and final release and discharge of any and all claims or potential claims against the Defendants and/or their counsel which in any way relate to the Fee and Expense Award.

22.    This Court shall maintain continuing jurisdiction over the administration and consummation of the Settlement to assure the effectuation thereof, without affecting the finality of this Final Approval Order and the accompanying Final Judgment. The Court retains exclusive jurisdiction of, and the Parties and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court for, any suit, action, proceeding or dispute arising out of or relating to this Final Approval Order and the accompanying Final Judgment, the Settlement Agreement and its terms, or the applicability of the Settlement Agreement.

23.    The *Wilson* Action and *Martino* Action are hereby dismissed with prejudice and without costs except as provided herein.

24.    This Final Approval Order has been entered without any admission by any party as to the merit or lack of merit of any allegation in the *Wilson* Action or *Martino* Action, and shall not constitute a finding of either fact or law as to the merits of any claim or defense that was or could have been asserted in the *Wilson* Action or *Martino* Action. Nothing in this Final Approval Order, the accompanying Final Judgment, the Settlement, the Settlement Agreement, the proceedings, or any documents, filings or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statutory or common law, any breach of duty or obligation in law or in equity, or of any liability or wrongdoing on the part of the Defendants, all of which are expressly denied by Defendants.

25.    The parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

26.    The Release set forth in the Settlement Agreement is incorporated by reference herein, and accordingly, all Released Claims by Plaintiffs and the Class, including their executors, administrators, heirs, assigns and representatives, are hereby fully, finally and forever released and discharged as against all Released Parties.

Done and ordered in Chambers at Miami, Florida on January 27, 2020.

Robert N. Scola, Jr.
United States District Judge